IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UD TECHNOLOGY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-842-GMS |
| | ) | |
| PHENOMENEX, INC., and | ) | |
| RESEARCH CORPORATION | ) | |
| TECHNOLOGIES | ) | |
| Defendants. | ) | |

**DEFENDANT PHENOMENEX, INC.'S MOTION
FOR AN EXTENSION OF TIME TO ANSWER COMPLAINT**

Defendant Phenomenex, Inc. ("Phenomenex") hereby moves pursuant to Federal Rule of Civil Procedure 6(b) for a three week extension of time to answer, move, or otherwise respond to the complaint filed by plaintiff UD Technology Corporation. Counsel hereby certifies that the requested extension is not being sought for the purpose of delay, but rather to afford newly-retained counsel a reasonable opportunity to investigate plaintiff's claims. Counsel further certifies that they have made reasonable efforts under Local Rule 7.1.1 to resolve this motion. Phenomenex waives its opening brief and, for its motion, states as follows:

1. Phenomenex is a California corporation.

2. The complaint alleges breach of contract and misuse of trade secrets which allegedly occurred back in the late 1990's and infringement of a patent issued in 1997. Plaintiff filed the complaint on December 5, 2005, D.I. 1, waited 9 days, until December 14, 2005, to serve the Delaware Secretary of State under the Delaware Long-Arm Statute, D.I.

__, and mailed the complaint and summons to Phenomenex on December 15, 2005, D.I. __. Phenomenex received the registered mail package December 20, 2005. D.I. __ Exh. A. Under 10 Del. C. § 3104(h), Phenomenex's Rule 12 response was due to be filed on or before January 4, 2006 – just 15 days after Phenomenex received the complaint sent by registered mail.

3. Phenomenex asked for and received a two and one-half week extension of the time to respond to the complaint under Rule 12 through and including January 23, 2006.

4. On January 19, 2006, at the close of business, Phenomenex retained new counsel to defend this action. Counsel immediately commenced its factual investigation, but as of the time of this Motion, counsel has not yet received the complete file and has not had a reasonable opportunity to investigate the claims or to prepare a response consistent with its obligations under the Federal Rules of Civil Procedure.

5. New counsel also immediately asked, on the morning of Friday, January 20, 2006, for a three-week extension to respond to the complaint.

6. Plaintiff refused to agree to any such extension unless Phenomenex agrees to waive filing any motion under the Federal Rules of Civil Procedure, including such fundamental motions as motions to dismiss for lack personal jurisdiction or transfer.

7. In making its demand, plaintiff did not articulate any prejudice that would result from the requested extension.

8. In fact, it is not at all clear what prejudice could exist from a further extension due to the fact that the alleged breaches of contract and trade secret misappropriation occurred in the early 1990s and that the alleged patent infringement has occurred (if it has occurred at all) for several years.

9.  If the requested extension is granted, Phenomenex will have received approximately one week more of an extension than is normally consented to as a matter of course, subject to court approval, under Delaware practice.

A. **Granting Phenomenex An Additional Three Weeks to Respond to the Complaint Will Promote the <u>Interests of Fairness, Justice and Judicial Economy</u>.**

10.  Federal Rule of Civil Procedure 6(b)(1) provides that:

> When by these rules . . . or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

11.  Under Rule 6(b)(1), "the district court is granted broad discretion to expand filing deadlines," <u>Hetzel v. Bethlehem Steel Corp.</u>, 50 F.3d 360, 367 (5th Cir. 1995), and the courts generally grant Rule 6(b)(1) requests to extend time in the absence of bad faith or prejudice to the adverse party. <u>See</u> <u>Kuczynski v. United States</u>, 1996 U.S. Dist. LEXIS 8219, at *4 (E.D. Pa. June 14, 1996) (granting Rule 6(b)(1) motion after finding "no unfair[] harm [to] either party" and "no showing of bad faith on the part of plaintiff in making this request [to extend]") (citing 4A Wright & Miller, <u>Federal Practice & Procedure</u> § 1165 at 475 (1987 ed.)); <u>see generally</u> 2 <u>Moore's Federal Practice</u> ¶ 6.08 at 6-83 (2d ed., rel. 110) ("Ordinarily . . . the court should be liberal in granting extensions of time before the period to act has elapsed, so long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions is not abused.").

12.  The requirements for an extension under Rule 6(b)(1) are clearly satisfied. Plaintiff's apparent attempt to use Phenomenex' request for a three week extension of time to

answer the Complaint as leverage to force Phenomenex to waive its rights under the Federal Rules is inappropriate, and not in the interest of fairness, justice, or judicial economy.

13. Moreover, the equities favor the grant of an extension. Litigation counsel for Phenomenex were engaged yesterday, on January 19, 2006. The extension is needed to adequately and reasonably investigate 10 year old breach of contract and trade secret misappropriation allegations, the patent at issue, the prosecution history, and potential defenses that must be pleaded under the patent statute, 35 U.S.C. § 282.

B. **Granting the Extension Will Not Prejudice UD Technology Corporation.**

14. During our meet and confer with plaintiff, plaintiff articulated no basis to suggest that the requested three week extension will cause any prejudice. Plaintiff's state law allegations appear to have occurred years ago.

15. Indeed, plaintiff waited ten days after filing the complaint to serve it. This delay that – while minor – does confirm that there is no great urgency in the case and that no prejudice would result from the requested extension.

C. **The Relief Sought Is in Accord with Typical Extensions Given by Consent and By Order of the Court.**

16. Thirty day and even longer extensions of time to respond to a complaint are typically consented to in Delaware, so as to accord defendants a reasonable period to investigate and respond to the allegations made in the complaint. And, thirty day extensions are usually granted when sought by motion to the Court. Thus, the court in Green Isle Partners, Ltd. v. The Ritz-Carlton Hotel Company, LLC, C.A. No. 01-202 JJF (D. Del. May 11, 2001) (Exhibit A hereto), rebuffed a plaintiff who would only agree to an extension of time to respond to a complaint on conditions and granted in full defendants' motion for 30 day extension of time. Id. at 2 (finding "no merit" in plaintiff's proposed conditions).

17. If the requested extension is granted, Phenomenex will have just one and one-half weeks more time to investigate the allegations of the complaint than are normally received with a thirty day extension – i.e. the same amount of time plaintiff delayed between filing and serving the complaint. And, if the original answer date were calculated from the date the complaint was actually received by Phenomenex (December 20) instead of the artificial notice date set by the long-arm statute, then the requested extension, if granted, would give Phenomenex a total extension of 33 days.

WHEREFORE, defendant Phenomenex, Inc. respectfully requests that the Court enter an Order in the form attached granting an extension of three weeks, through and including February 13, 2006, to answer, move, or otherwise respond to the complaint in this action.

Respectfully submitted,

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

_____
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19810
(302) 571-6600
Attorneys for Defendant Phenomenex, Inc.

Dated: January 20, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UD TECHNOLOGY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-842-GMS |
| | ) | |
| PHENOMENEX, INC., and | ) | |
| RESEARCH CORPORATION | ) | |
| TECHNOLOGIES | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

AND NOW, this _____ day of _____, 2006, upon consideration of Defendants' Motion for Extension of Time to Respond to Plaintiff's Complaint, and any response thereto, it is hereby ORDERED that said motion is GRANTED. It is further ORDERED that Defendants shall have until February 13, 2006, to answer, plead, or otherwise move in response to the complaint.

                                                                                                                  _____
                                                                                                                   United States District Judge

## **CERTIFICATE OF SERVICE**

I, John W. Shaw, Esquire, hereby certify that on January 20, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Michael P. Kelly
>McCarter & English, LLP
>919 N. Market Street, Suite 1800
>P.O. Box 111
>Wilmington, DE 19899
>(302) 984-6301
>mkelly@mccarter.com
>
>Benjamin J. Schladweiler
>Morris, Nichols, Arsht & Tunnell
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200
>bschladweiler@mnat.com

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>_/s/ John W. Shaw_____
>John W. Shaw (No. 3362)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE  19801
>(302) 571-6600
>jshaw@ycst.com