IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UD TECHNOLOGY CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-842 (GMS) |
| | ) |
| PHENOMENEX, INC., and RESEARCH | ) |
| CORPORATION TECHNOLOGIES, | ) |
| | ) |
| Defendant. | ) |

**ANSWER OF DEFENDANT**
**RESEARCH CORPORATION TECHNOLOGIES**

For its answer, Defendant Research Corporation Technologies ("RCT") admits, denies and alleges as follows:

1. In answer to paragraphs 1, 2, 3, 4 and 5 of the Complaint, RCT alleges that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

2. In answer to paragraph 6, RCT denies the characterization of RCT contained in the first sentence of that paragraph as being inaccurate and incomplete, and therefore denies the allegations of this sentence. RCT admits the allegations in the second sentence of paragraph 6 of the Complaint and denies the allegations in the third sentence of paragraph 6 of the Complaint.

3. RCT denies the allegations contained in paragraph 7 of the Complaint, and affirmatively alleges that the depiction of the Agreement referenced in this paragraph is inaccurate and incomplete, and the Agreement referenced therein speaks for itself with regard the parties' respective rights and obligations.

4.      In answer to paragraph 8 of the Complaint, RCT alleges that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

5.      RCT denies the allegations in paragraphs 9 and 10 of the Complaint as to RCT.

6.      In answer to paragraph 11 of the Complaint, RCT admits that UDTC has pled the various causes of actions set forth in the first three sentences but denies that Plaintiff is entitled to the relief requested against RCT. The fourth sentence is denied as to RCT.

7.      In answer to paragraphs 12, 13, and 14 of the Complaint, RCT alleges that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

8.      RCT denies paragraphs 15, 16 and 17 of the Complaint, and affirmatively alleges that the depictions of the Agreement referenced in those paragraphs are inaccurate and incomplete and that the Agreement speaks for itself as to the respective rights and obligations of the parties thereto.

9.      RCT admits generally the allegations contained in paragraph 18 of the Complaint, but on best information and belief posits that RCT initiated the contact with Phenomenex.

10.     In answer to paragraph 19 of the Complaint, RCT alleges that the Agreement referenced therein speaks for itself and that the specific synopsis contained in that paragraph is incomplete and inaccurate, and to the extent inconsistent with the Agreement, the allegations are denied.

11.     In answer to Paragraphs 20, 21, 22, 23 and 24 of the Complaint, RCT alleges that the Agreement referenced therein speaks for itself that Plaintiff's depiction of it is incomplete, and to the extent inconsistent with the Agreement the allegations are denied.

12. In answer to paragraph 25 of the Complaint, RCT alleges that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

13. RCT denies the allegations contained in paragraph 26 of the Complaint.

14. RCT admits the first sentence of paragraph 27 of the Complaint, as to the second sentence in that paragraph, RCT alleges that the patent speaks for itself.

15. In answer to paragraphs 28 and 29 of the Complaint, RCT alleges that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

16. RCT admits the allegations contained in paragraph 30 of the Complaint.

17. In answer to paragraphs 31 and 32 of the Complaint, RCT alleges that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

18. RCT denies the allegations contained in paragraphs 33 and 34 of the Complaint.

19. Paragraph 35 of the Complaint states a conclusion to which no response is required.

20. In answer to paragraph 36 of the Complaint, RCT hereby repeats, repleads and incorporates herein by reference as if fully set forth herein its answers to paragraphs 1 through 35 of the Complaint.

21. In answer to paragraphs 37, 38, 39, 40 and 41 of the Complaint, RCT alleges that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

22. In answer to paragraph 42 of the Complaint, RCT hereby repeats, repleads and incorporates herein by reference as if fully set forth herein its answers to paragraphs 1 through 41 of the Complaint.

23. In answer to paragraph 43 of the Complaint, RCT alleges that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

24. RCT admits the allegations contained in paragraphs 44 and 45.

25. In answer to paragraphs 46, 47, 48 and 49 of the Complaint, RCT alleges that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

26. In answer to paragraph 50 of the Complaint, RCT hereby repeats, repleads and incorporates herein by reference as if fully set forth herein its answers to paragraphs 1 through 49 of the Complaint.

27. In answer to paragraphs 51, 52, 53, 54 and 55 of the Complaint, RCT alleges that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

28. In answer to paragraph 56 of the Complaint, RCT hereby repeats, repleads and incorporates herein by reference as if fully set forth herein its answers to paragraphs 1 through 55 of the Complaint.

29. In answer to paragraphs 57, 58, 59, 60, 61, 62 and 63 of the Complaint, RCT alleges that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

30.     In answer to paragraph 64 of the Complaint, RCT hereby repeats, repleads and incorporates herein by reference as if fully set forth herein its answers to paragraphs 1 through 63 of the Complaint.

31.     In answer to paragraphs 65, 66, 67, 68, 69, 70 and 71 of the Complaint, RCT alleges that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

32.     In answer to paragraph 72 of the Complaint, RCT hereby repeats, repleads and incorporates herein by reference as if fully set forth herein its answers to paragraphs 1 through 71 of the Complaint.

33.     In answer to paragraphs 73, 74, 75, 76 and 77 of the Complaint, RCT alleges that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

34.     In answer to paragraph 78 of the Complaint, RCT hereby repeats, repleads and incorporates herein by reference as if fully set forth herein its answers to paragraphs 1 through 77 of the Complaint.

35.     In answer to paragraphs 79 and 80 of the Complaint, RCT alleges that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

36.     In answer to paragraph 81 of the Complaint, RCT hereby repeats, repleads and incorporates herein by reference as if fully set forth herein its answers to paragraphs 1 through 80 of the Complaint.

37.    In answer to paragraphs 82, 83 and 84 of the Complaint, RCT alleges that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

38.    RCT denies the allegations contained in paragraph 85. The Complaint specifically and accurately alleges that the University did relinquish rights to the Licensed Technologies and the '625 Patent as referenced in the various Agreements referred to in the Complaint.

39.    In answer to paragraphs 86, 87 and 88 of the Complaint, RCT alleges that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

40.    In answer to paragraph 89 of the Complaint, RCT hereby repeats, repleads and incorporates herein by reference as if fully set forth herein its answers to paragraphs 1 through 88.

41.    RCT denies the allegations contained in paragraphs 90, 91, 92 and 93 of the Complaint.

42.    In answer to paragraph 94 of the Complaint, RCT hereby repeats, repleads and incorporates herein by reference as if fully set forth herein its answers to paragraphs 1 through 93.

43.    RCT admits the allegations contained in paragraph 95 of the Complaint, but affirmatively denies that RCT breached any such obligations.

44.    RCT denies the allegations contained in paragraphs 96, 97, 98 and 99.

45.    In answer to paragraph 100 of the Complaint, RCT hereby repeats, repleads and incorporates herein by reference as if fully set forth herein its answers to paragraphs 1 through 99.

46. RCT denies the allegations contained in paragraphs 101, 102, 103 and 104.

47. In answer to paragraph 105 of the Complaint, RCT hereby repeats, repleads and incorporates herein by reference as if fully set forth herein its answers to paragraphs 1 through 104.

48. In answer to paragraph 106 of the Complaint, RCT alleges that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

49. RCT denies the allegations contained in paragraph 107 of the Complaint.

50. In answer to paragraph 108 of the Complaint, RCT alleges that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies same.

51. RCT denies the allegations contained in paragraphs 109, 110 and 111 of the Complaint.

52. RCT denies each and every allegation not expressly admitted herein.

## DEFENSES

53. RCT alleges the defenses of statute of limitations, laches, contributory negligence and failure of consideration.

54. RCT alleges that the Complaint fails to state a claim as to which relief can be granted as to this Defendant.

55. RCT alleges that the Plaintiff lacks standing to assert the claims in the Complaint against RCT.

56. RCT alleges that Plaintiff has an adequate remedy at law; and therefore, its equitable claims fail.

57. RCT alleges that the operative agreement between RCT and the University of Delaware contains an arbitration provision which provides: "Any controversy or claim arising out of or relating to this Agreement or the breach of this Agreement shall be settled by arbitration, in accordance with the rules of the American Arbitration Association." Assuming that Plaintiff was assigned the rights to such Agreement, Plaintiff is bound by that provision. In filing this answer, Answering Defendant is not waiving any of its rights to compel arbitration in front of the American Arbitration Association, per that agreement.

58. This action arises out of a contract. As a result of it being filed, RCT has had to retain counsel to defend it. When RCT prevails, it will be entitled to its attorneys' fees, pursuant to the provisions of A.R.S. §12-341.01(A), and it may also be entitled to its attorneys' fees under A.R.S. §12-341.01(C) and A.R.S. §12-349.

WHEREFORE, having fully answered, Defendant Research Corporation Technologies respectfully requests:

A) Plaintiff takes nothing by its Complaint, and that same be dismissed;

B) If judgment is entered in Plaintiff's favor and against Defendant Phenomenex to the extent that it infringed the United States Patent that was the subject of the Commercialization Agreement[1] during the time frame of the Commercialization Agreement, that Research Corporation Technologies be awarded 42½ percent of such sums;

C) Defendant Research Corporation Technologies be awarded its costs and attorneys' fees pursuant to A.R.S. § 12-341.01(A), § 12-341.01(C) and/or A.R.S. § 12-349; and

---

[1] Inaccurately referred to as the "Marketing Agreement" in Plaintiff's Complaint.

D)     For costs, interest and such other and further relief as this Court deems appropriate.

                       MORRIS, NICHOLS, ARSHT & TUNNELL, LLP

                       */s/ Karen Jacobs Louden*
                       Karen Jacobs Louden (#2881)
                       Benjamin Schladweiler (#4601)
                       1201 N. Market St.
                       P.O. Box 1347
                       Wilmington, DE  19899
                       (302) 658-9200
                       Attorneys for defendant Research Corporation Technologies

OF COUNSEL:

Michael J. Rusing
RUSING & LOPEZ, PLLC
6262 North Swan Road, Suite 200
Tucson, Arizona  85718
(520) 792-4800

Donna M. Tanguay
Ronald Pabis
MCDERMOTT WILL & EMERY
600 13th Street, N.W.
Washington, DC 20005
(202) 756-8000

January 23, 2006

502629

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to Michael P. Kelly and John W. Shaw.

I further certify that true and correct copies of the foregoing were caused to be served on January 23, 2006 upon the following individuals in the manner indicated:

**BY HAND**

Michael P. Kelly
MCCARTER & ENGLISH, LLP
919 North Market Street
Suite 1800
Wilmington, DE  19899

John W. Shaw
Young, Conaway, Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899

*/s/ Karen Jacobs Louden*
Karen Jacobs Louden
klouden@mnat.com