IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UD TECHNOLOGY CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PHENOMENEX, INC., and RESEARCH )<br>CORPORATION TECHNOLOGIES, )<br>)<br>Defendant. ) | C.A. No. 05-842 (GMS) |

**RESEARCH CORPORATION TECHNOLOGIES' MOTION TO STAY
DISCOVERY PENDING DISPOSITION OF ITS MOTION TO DISMISS**

Defendant Research Corporation Technologies ("RCT") respectfully moves for an Order staying discovery as to it pending disposition of its motion to dismiss, which is filed concurrently herewith. As grounds for its motion to stay, RCT states as follows:

Plaintiff University of Delaware Technology Corporation ("UD Tech") filed this action on December 5, 2005 against defendants Phenomenex, Inc. ("Phenomenex") and RCT. (D.I. 1). UD Tech primarily alleges that Phenomenex has infringed its patents and misappropriated its trade secrets. There are no patent infringement or trade secret misappropriation allegations against RCT. Rather, RCT was brought into this suit because it had a contract with the University of Delaware to patent and commercialize inventions on behalf of the University of Delaware (the "Commercialization Agreement"). As the Complaint acknowledges, however, that contract was terminated years ago and the relevant patents were reassigned to UD Tech. (D.I. 1 at ¶30).

The Complaint contains 12 counts: eight against only Phenomenex, two against only RCT, and two against both Phenomenex and RCT. The eight counts against Phenomenex include patent infringement, misappropriation of trade secrets, breach of a Materials Agreement

and an Evaluation Agreement, violations of the covenant of good faith and fair dealing, violations of the Uniform Deceptive Trade Practices Act, unjust enrichment, and conversion. (*Id*. at ¶¶36-88). All of these allegations relate to the alleged infringement of U.S. Patent No. 5,599,626 and/or Phenomenex's alleged misappropriation of UD Tech's trade secrets. The four counts against RCT all relate to the Commercialization Agreement, and UD Tech's efforts to impose a resulting trust on RCT for amounts UD Tech contends RCT should have collected pursuant to its contractual duty. (*Id*. at ¶¶89-111).

Because the Complaint fails to state a claim on numerous grounds, including that any claim is time barred, and because the Commercialization Agreement, even when in force, imposed no duty on RCT to police the market, RCT has filed a motion to dismiss. RCT's pending motion to dismiss is case dispositive as to RCT.[1]

RCT should not be required to undertake the burden and cost of discovery under these circumstances, especially since no additional discovery is needed to aid the Court in deciding RCT's motion to dismiss and the primary issue in this case is patent infringement, which does not involve RCT.

ARGUMENT

It is within the sound discretion of the Court to postpone merits discovery pending resolution of potentially dispositive motions. *Costal States Gas Corp. v. Dept. of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979) (staying discovery pending dispositive motion is "an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most

---

[1] UD Tech's breach of contract and violation of the covenant of good faith claims are directly based on an alleged breach of the Commercialization Agreement. The demand for an accounting and the imposition of a resulting trust are equitable remedies which UD Tech seeks as relief for the alleged breach.

2

efficient use of judicial resources"); Fed. R. Civ. P. 26.  Indeed, "[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Anderson v. U.S. Attorney's Office*, 1992 WL 159186, at *1 (D.D.C. June 19, 1992).  This is especially true where, as here, no discovery is needed to address the issues raised by the motion to dismiss.  *Jarvis v. Regan*, 833 F.2d 149, 154 (9th Cir. 1987) (granting stay because discovery was "not required to address the issues raised in defendants' motion to dismiss"); *Klien v. Lionel Corp.*, 18 F.R.D. 186, 187 (D. Del. 1955) ("No reason is shown to put the defendants to a present expenditure of time and effort which will have no effect upon motions now pending . . . when such disclosure may not be necessary.").

       The harm to RCT in proceeding with unnecessary discovery is great.  It would be unfair and inequitable to draw RCT into expensive and time consuming discovery in a patent infringement case where the Complaint itself establishes that the subsidiary contractual claims against RCT fail as a matter of law.

       In contrast, the harm to UD Tech from a stay of discovery would be minimal.  This case is primarily a patent infringement case.  Thus, the stay of discovery would not affect UD Tech's primary causes of action – the patent infringement and trade secret claims against Phenomenex.  UD Tech can continue to prosecute these claims against Phenomenex.  Moreover, RCT has already informally complied with UD Tech's requests for information and will continue to do so.

       Accordingly, this Court should stay all discovery relating to UD Tech's claims against RCT until the pending motion to dismiss is decided.

                            MORRIS, NICHOLS, ARSHT & TUNNELL

                            */s/ Benjamin Schladweiler*
                            Karen Jacobs Louden (#2881)
                            Benjamin Schladweiler (#4601)
                            1201 N. Market St.
                            P.O. Box 1347
                            Wilmington, DE  19899
                            (302) 658-9200
                            *Attorneys for defendant Research Corporation Technologies*

OF COUNSEL:

Michael J. Rusing
RUSING & LOPEZ, PLLC
6262 North Swan Road, Suite 200
Tucson, Arizona  85718
(520) 792-4800

Donna M. Tanguay
Ronald Pabis
MCDERMOTT WILL & EMERY
600 13th Street, N.W.
Washington, DC 20005
(202) 756-8000

January 23, 2006

500581

## CERTIFICATE PURSUANT TO D. DEL. LR 7.1.1

I hereby certify, pursuant to D. Del. LR 7.1.1, that in an effort to reach agreement on the matters set forth in this motion, counsel for defendant Research Corporation Technologies discussed the subject matter of this motion with counsel for plaintiff UD Technology Corporation, and the parties agreed to confer further after plaintiff has had an opportunity to review the motion.

/s/ *Karen Jacobs Louden*
Karen Jacobs Louden

DATED: January 23, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to Michael P. Kelly and John W. Shaw.

I further certify that true and correct copies of the foregoing were caused to be served on January 23, 2006 upon the following individuals in the manner indicated:

**BY HAND**

Michael P. Kelly
MCCARTER & ENGLISH, LLP
919 North Market Street
Suite 1800
Wilmington, DE  19899

John W. Shaw
Young, Conaway, Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899

*/s/ Benjamin Schladweiler*
Benjamin Schladweiler (#4601)
bschladweiler@mnat.com