IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UD TECHNOLOGY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-842-GMS |
| | ) | |
| PHENOMENEX, INC., and | ) | |
| RESEARCH CORPORATION | ) | |
| TECHNOLOGIES | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT PHENOMENEX, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR AN EXTENSION OF TIME TO ANSWER COMPLAINT**

Defendant Phenomenex, Inc. ("Phenomenex") hereby files its reply in support of its motion for an extension of time to respond to the complaint, D.I. 12.

1. Plaintiff cites "years" of alleged infringement as its reason for refusing to consent, subject to the Court's approval, to a three week extension for new counsel to investigate and respond to the complaint. Plaintiff fails to explain, however, why it did not bring suit earlier if there is true prejudice from consenting to a three week extension. In fact, plaintiff's answering paper is devoid of any facts that justify its refusal to stipulate to the requested relief and to avoid the necessity for motion practice.

2. Plaintiff states that it served a courtesy copy of the complaint on Phenomenex the day plaintiff filed the complaint, but this statement is irrelevant. The key fact for this motion is plaintiff's delay in formal service for 10 days after filing the complaint. This delay demonstrates that plaintiff did not view this case as urgent just one month ago and it casts doubt on assertions that a three week extension would cause plaintiff any prejudice.

3. Plaintiff's offer of a two week extension for "professional courtesy," D.I. 13 ¶8, was coupled with a demand that Phenomenex forfeits its right to make any motions as provided by the Federal Rules of Civil Procedure. (Exh. A). We respectfully submit that it is unfair and prejudicial under these facts to couple an extension with a demand that Phenomenex give up substantive rights afforded to all litigants under the Federal Rules of Civil Procedure. Again, had plaintiff not insisted that Phenomenex give up substantive rights, this motion would not have been required.

WHEREFORE, defendant Phenomenex, Inc. respectfully requests that the Court enter an Order in the form attached to its motion (D.I. 12) granting an extension of three weeks, through and including February 13, 2006, to answer, move, or otherwise respond to the complaint in this action.

Respectfully submitted,

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP

_____
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19810
(302) 571-6600
  *Attorneys for Defendant Phenomenex*

Dated: January 24, 2006

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire, hereby certify that on January 24, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

| | |
|---|---|
| Michael P. Kelly, Esquire | Benjamin J. Schladweiler, Esquire |
| McCarter & English, LLP | Morris, Nichols, Arsht & Tunnell |
| 919 N. Market Street, Suite 1800 | 1201 N. Market Street |
| P.O. Box 111 | P.O. Box 1347 |
| Wilmington, DE 19899 | Wilmington, DE 19899 |

I further certify that I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ John W. Shaw

John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
*jshaw@ycst.com*