IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UD TECHNOLOGY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-842-GMS |
| | ) | |
| PHENOMENEX, INC., and | ) | |
| RESEARCH CORPORATION | ) | |
| TECHNOLOGIES | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT PHENOMENEX, INC.

Defendant, Phenomenex, Inc. ("Phenomenex") hereby demands a trial by jury on all issues so triable and for its answer to Count I of the complaint, responds as follows. Phenomenex has moved to dismiss the other counts of the complaint directed to Phenomenex, and therefore is not responding to those counts. The numbered paragraphs correspond to the numbered paragraphs of the Complaint.

1.   Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 1 and thus denies those allegations.

2.   Phenomenex admits that it is a California corporation having its corporate headquarters located at 411 Madrid Avenue, Torrence, California, 90501-1430. Phenomenex further denies the remaining allegations of Paragraph 2.

3.   Phenomenex admits the allegations of Paragraph 3.

4.   Phenomenex admits that it maintains a leading position in the North Eastern United States market for HPLC columns specifically designed for the analysis of basic drugs,

polymers, carbohydrates, enantiomers, proteins and environmental pollutants. The remaining allegations of Paragraph 4 are denied.

5.  Phenomenex admits the allegations of Paragraph 5.

6.  Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 6 and thus denies those allegations.

7.  Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 7 and thus denies those allegations.

8.  Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 8 and thus denies those allegations.

9.  Phenomenex admits that jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a)-(b) as to subject matter jurisdiction over the patent infringement. Phenomenex denies the remaining allegations of Paragraph 9.

10. Phenomenex admits, for purposes of this action only, that venue is proper pursuant to 28 U.S.C. § 1400(b) for the patent infringement allegations. Phenomenex denies the remaining allegations of Paragraph 10.

11. Phenomenex admits that the Complaint purports to state a cause of action under the patent laws of the United States, Title 35, United States Code. Phenomenex further admits that Complaint purports to state various other causes of action under state law pursuant to 6 Del. C. § 2001 *et seq.*, 6 Del. C. § 2531 *et seq.*, and Ariz. Rev. Stat. § 44-401, *et. seq.* Phenomenex further admits that UDTC prays for various other legal and equitable relief pursuant to both Federal statute, Federal common law and the common law of the State of Delaware. Phenomenex denies the remaining allegations of Paragraph 11.

12. Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 12 and thus denies those allegations.

13. Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 13 and thus denies those allegations.

14. Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 14 and thus denies those allegations.

15. Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 15 and thus denies those allegations.

16. Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 16 and thus denies those allegations.

17. Phenomenex lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 17 and thus denies those allegations.

18. Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of the first sentence of Paragraph 18 and thus denies those allegations. Phenomenex admits it and RCT entered a Materials Treatment Agreement ("Materials Agreement") on August 28, 1992, the provisions of which speak for themselves. Phenomenex denies the remaining allegations of Paragraph 18.

19. Phenomenex denies the allegations of Paragraph 19 and respectfully refers the Court to the Materials Agreement for a complete and accurate statement of its contents.

20. Phenomenex admits that on March 29, 1993 RCT and Phenomenex entered into an Evaluation License Agreement as licensor and licensee respectfully, the provisions of which speak for themselves. Phenomenex denies the remaining allegations of Paragraph 20.

DB02:5165294.1

064951.10

21.     Phenomenex admits that Section 2.1 of the Evaluation License Agreement states that "The Evaluation License does not give LICENSEE the right to sell LICENSED PRODUCTS or to use LICENSED PRODUCTS or LICENSED PROCESSES for any purpose other than evaluation of the INVENTION" but denies the remaining allegations of Paragraph 21 and respectfully refers the Court to the Evaluation License Agreement for a complete and accurate statement of Section 2.1 and the other contents of the Evaluation License Agreement.

22.     Phenomenex admits that Section 4.1 of the Evaluation License Agreement states that "LICENSEE acknowledges that certain PROPRIETARY INFORMATION belonging to LICENSOR will be disclosed to LICENSEE pursuant to this Agreement" but denies the remaining allegations of Paragraph 22 and respectfully refers the Court to the Evaluation License Agreement for a complete and accurate statement of Section 4.1 and the other contents of the Evaluation License Agreement.

23.     Phenomenex denies the allegations of Paragraph 23 and respectfully refers the Court to the Evaluation License Agreement for a complete and accurate statement of its contents.

24.     Phenomenex denies the allegations of Paragraph 24 and respectfully refers the Court to the Evaluation License Agreement for a complete and accurate statement of its contents.

25.     Phenomenex admits that Dr. Fatunmbi spent time at Phenomenex and denies the remaining allegations of Paragraph 25.

26. Phenomenex admits that it declined to enter into a commercialization agreement and that the Evaluation License Agreement expired on Sept. 29, 1993. Phenomenex denies the remaining allegations of Paragraph 26.

27. Phenomenex admits that on February 4, 1997, U.S. Patent No. 5,599,625 (the "'625 Patent"), entitled "Products Having Multiple-Substituted Polysiloxane Monolayer," issued in the names of Mary J. Wirth and Hafeez O. Fatunmbi, and that the patent is a continuation-in-part of Application No. 07/900,215 which adds and claims information not present in Application No. 07/900,215. Phenomenex lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 27 and thus denies those allegations.

28. Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 28 regarding the investigations by University of Delaware and UDTC, and denies those allegations on that basis, and further denies the remaining allegations of Paragraph 28.

29. Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of the first sentence of Paragraph 29 and thus denies those allegations. Phenomenex admits that the Jupiter is identified on Phenomenex's web site, but denies the remaining allegations of Paragraph 29.

30. Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 30 and thus denies those allegations.

31. Phenomenex admits that UDTC sent Phenomenex a letter dated June 1, 2005 and that Phenomenex has not sent a response. Phenomenex denies the remaining allegations of Paragraph 31.

32. Phenomenex denies the allegations of Paragraph 32.

33. Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 33 and thus denies those allegations.

34. Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 34 and thus denies those allegations.

35. To the extent a substantive response is required, Phenomenex denies the definition is appropriate or is used appropriately and denies the remaining allegations of Paragraph 35.

36. Phenomenex hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every allegation contained in paragraphs 1-35, inclusive, of this Answer.

37. Phenomenex denies the allegations of Paragraph 37.

38. Phenomenex denies the allegations of Paragraph 38.

39. Phenomenex denies the allegations of Paragraph 39.

40. Phenomenex denies the allegations of Paragraph 40.

41. Phenomenex denies the allegations of Paragraph 41.

Phenomenex denies the remaining allegations as to the prayers for relief of sub-paragraphs A-J to the extent a response is required by law.

42. Phenomenex has moved to dismiss this count and no response is required at this time.

43. Phenomenex has moved to dismiss this count and no response is required at this time.

44. Phenomenex has moved to dismiss this count and no response is required at this time.

45. Phenomenex has moved to dismiss this count and no response is required at this time.

46. Phenomenex has moved to dismiss this count and no response is required at this time.

47. Phenomenex has moved to dismiss this count and no response is required at this time.

48. Phenomenex has moved to dismiss this count and no response is required at this time.

49. Phenomenex has moved to dismiss this count and no response is required at this time

50. Phenomenex has moved to dismiss this count and no response is required at this time.

51. Phenomenex has moved to dismiss this count and no response is required at this time.

52. Phenomenex has moved to dismiss this count and no response is required at this time.

53. Phenomenex has moved to dismiss this count and no response is required at this time.

54. Phenomenex has moved to dismiss this count and no response is required at this time.

DB02:5165294.1

064951.10

55. Phenomenex has moved to dismiss this count and no response is required at this time.

56. Phenomenex has moved to dismiss this count and no response is required at this time.

57. Phenomenex has moved to dismiss this count and no response is required at this time.

58. Phenomenex has moved to dismiss this count and no response is required at this time.

59. Phenomenex has moved to dismiss this count and no response is required at this time.

60. Phenomenex has moved to dismiss this count and no response is required at this time.

61. Phenomenex has moved to dismiss this count and no response is required at this time.

62. Phenomenex has moved to dismiss this count and no response is required at this time.

63. Phenomenex has moved to dismiss this count and no response is required at this time.

64. Phenomenex has moved to dismiss this count and no response is required at this time.

65. Phenomenex has moved to dismiss this count and no response is required at this time.

DB02:5165294.1

064951.10

66. Phenomenex has moved to dismiss this count and no response is required at this time.

67. Phenomenex has moved to dismiss this count and no response is required at this time.

68. Phenomenex has moved to dismiss this count and no response is required at this time.

69. Phenomenex has moved to dismiss this count and no response is required at this time.

70. Phenomenex has moved to dismiss this count and no response is required at this time.

71. Phenomenex has moved to dismiss this count and no response is required at this time.

72. Phenomenex has moved to dismiss this count and no response is required at this time.

73. Phenomenex has moved to dismiss this count and no response is required at this time.

74. Phenomenex has moved to dismiss this count and no response is required at this time.

75. Phenomenex has moved to dismiss this count and no response is required at this time.

76. Phenomenex has moved to dismiss this count and no response is required at this time.

77. Phenomenex has moved to dismiss this count and no response is required at this time.

78. Phenomenex has moved to dismiss this count and no response is required at this time.

79. Phenomenex has moved to dismiss this count and no response is required at this time.

80. Phenomenex has moved to dismiss this count and no response is required at this time.

81. Phenomenex has moved to dismiss this count and no response is required at this time.

82. Phenomenex has moved to dismiss this count and no response is required at this time.

83. Phenomenex has moved to dismiss this count and no response is required at this time.

84. Phenomenex has moved to dismiss this count and no response is required at this time.

85. Phenomenex has moved to dismiss this count and no response is required at this time.

86. Phenomenex has moved to dismiss this count and no response is required at this time.

87. Phenomenex has moved to dismiss this count and no response is required at this time.

88. Phenomenex has moved to dismiss this count and no response is required at this time.

89. Phenomenex hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every allegation contained in paragraphs 1-88, inclusive, of this Answer.

90. Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 90 and thus denies those allegations.

91. Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 91 and its sub-paragraphs and thus denies those allegations.

92. Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 92 and thus denies those allegations.

93. Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 93 and thus denies those allegations.

Phenomenex lacks sufficient information to form a belief as to the truth of the allegations in the un-numbered sub-paragraph and therefore denies those allegations to the extent a response is required by law.

94. Phenomenex hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every allegation contained in paragraphs 1-93, inclusive, of this Answer.

95. Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 95 and thus denies those allegations.

96. Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 96 and its sub-paragraphs and thus denies those allegations.

97. Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 97 and thus denies those allegations.

98. Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 98 and thus denies those allegations.

99. Phenomenex lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 99 and thus denies those allegations.

Phenomenex lacks sufficient information to form a belief as to the truth of the allegations in the un-numbered sub-paragraph and therefore denies those allegations to the extent a response is required by law.

100. Phenomenex has moved to dismiss this count and no response is required at this time.

101. Phenomenex has moved to dismiss this count and no response is required at this time.

102. Phenomenex has moved to dismiss this count and no response is required at this time.

103. Phenomenex has moved to dismiss this count and no response is required at this time.

104. Phenomenex has moved to dismiss this count and no response is required at this time.

105. Phenomenex has moved to dismiss this count and no response is required at this time.

106. Phenomenex has moved to dismiss this count and no response is required at this time.

107. Phenomenex has moved to dismiss this count and no response is required at this time.

108. Phenomenex has moved to dismiss this count and no response is required at this time.

109. Phenomenex has moved to dismiss this count and no response is required at this time.

110. Phenomenex has moved to dismiss this count and no response is required at this time.

111. Phenomenex has moved to dismiss this count and no response is required at this time.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint, Phenomenex asserts the following defenses. Phenomenex reserves the right to amend its answer with additional defenses as further information is obtained.

### First Defense: Failure to State a Claim

UDTC's purported claims, individually and as a whole, are barred because they fail to state a claim on which relief can be granted.

### Second Defense: Lack of Personal Jurisdiction

UDTC lacks personal jurisdiction over Phenomenex.

### Third Defense: Laches

Plaintiff's claims and requested relief barred by laches.

### Fourth Defense: Equitable Estoppel

Plaintiff's claims and requested relief barred by estoppel.

### Fifth Defense: Lack of Ownership

Plaintiff does not own the rights asserted.

### Sixth Defense: Lack of Standing

Plaintiff lacks standing to assert the rights on which relief is requested.

### Seventh Defense: Non-infringement

Phenomenex has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of U.S. Patent 5,599,625 and is not liable for infringement thereof.

### Eighth Defense: Invalidity

On information and belief, the claims of U.S. patent 5,599,625 are invalid for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

### Ninth Defense: Inequitable Conduct

On information and belief, the claims of U.S. Patent 5,599,625 are unenforceable for inequitable conduct including those acts and failure to act set forth below:

To the extent now known, the inventors and/or their agents made a number of misrepresentations or omission of material fact to the Patent Office, including but not limited to, false statements and omissions regarding prior art. In particular, and without limitation, the following intentional and material false statements or omissions were made by the inventors and/or their agents, including:

(a) the failure by applicants to disclose to the Examiner one of the inventors' own material art publications and drafts thereof, entitled "$^{29}$Si and $^{13}$C NMR Characterization of Mixed Horizontally Polymerized Monolayers on Silica Gel," *Anal. Chem.*, 1993, 65, 2048-2054, authored by Hafeez O. Fatunmbi, Martha D. Bruch and Mary J. Wirth. On information and belief this August 1, 1993 article contains information inconsistent with a position taken before the patent examiner and was withheld from the Examiner during prosecution of the '625 patent.

(b) the failure by applicants to disclose to the Examiner the Doctoral Thesis of Robert Fairbank and drafts thereof which was in progress from 1992-1997 and was being written under the supervision and approval of one of the inventors, Wirth, and prepared with the assistance of another inventor, Fatunmbi. On information and belief this 1997 Doctoral Thesis contains information inconsistent with a position taken before the patent examiner and was withheld from the Examiner during prosecution of the '625 patent.

(c) the failure by applicants to disclose to the Examiner one of the inventor's own material art publications and drafts thereof, entitled "Use of Methyl Spacers in a Mixed Horizontally Polymerized Stationary Phase," *Anal. Chem.* 1995, 67, 3879-3885 and authored by R. W. Fairbank, Yang Xiang, and Mary J. Wirth. On information and belief this 1995 article contains information inconsistent with a position taken before the patent

examiner and was withheld from the Examiner during prosecution of the '625 patent.

(d)  the failure by applicants to disclose to the Examiner the unsuccessful results obtained while demonstrating the invention to researchers at defendant, Phenomenex, in July 1993. On information and belief these results demonstrated an inconsistent position than one taken before the patent examiner and were withheld from the Examiner during prosecution of the '625 patent.

(e)  the failure by applicants to disclose to the Examiner one of the inventor's own material art publications and drafts thereof, entitled "Orientational Dynamics of a Hydrophobic Guest in a Chromatographic Stationary Phase: Effect of Wetting by Alcohol," *Anal. Chem.* 1992, 64, 1170-1175, authored by Malcolm E. Montgomery, Jr., M. Anthony Green and Mary J. Wirth. On information and belief this 1992 article contains information material to patentability and was withheld from the Examiner during prosecution of the '625 patent.

(f)  the failure by applicants to disclose to the Examiner one of the inventors' own material art publications and drafts thereof, entitled "Mixed Self-Assembled Monolayers in Chemical Separations," *Science* 3, January 1997, Vol. 275 no. 5296, 44-47, authored by Mary J. Wirth, R. W. Peter Fairbank and Hafeez O. Fatunmbi. On information and belief this 1997 article contains information inconsistent with a position taken before the

DB02:5165294.1

064951.10

patent examiner and was withheld from the Examiner during prosecution of the '625 patent.

(g) the failure by applicants to disclose to the Examiner the Master's Thesis of Yang Xiang dated Spring 1995 which was being written under the supervision and approval of one of the inventors, Wirth, and prepared with the assistance of another inventor, Fatunmbi. On information and belief this 1995 Master's Thesis contains information inconsistent with a position taken before the patent examiner and was withheld from the Examiner during prosecution of the '625 patent.

(h) the failure by applicants to disclose to the Examiner one of the inventors' own material art publications and drafts thereof, entitled "Horizontal Polymerization of Mixed Trifunctional Silanes on Silica: A Potential Chromatographic Stationary Phase," *Anal. Chem.* 1992, 64, 2783-2786, authored by Mary J. Wirth and Hafeez O. Fatunmbi. On information and belief this 1992 article contains information inconsistent with a position taken before the patent examiner and was withheld from the Examiner during prosecution of the '625 patent.

(i) the failure by applicants to disclose to the Examiner one of the inventors' own material art publications and presentations thereof, including drafts, entitled "Spectroscopic and Chromatographic Characterization of a Self-Assembled Monolayer as a Stationary Phase," Proceedings of a Symposium on Chemically Modified Surfaces held in Malvern, Pennsylvania on June 16-18, 1993 and published by the *Royal Chem. Society* 1994, Special

Publication No. 139, 203-209, authored by Mary J. Wirth and H. O. Fatunmbi. On information and belief this 1994 publication and 1993 presentation contains information inconsistent with a position taken before the patent examiner and was withheld from the Examiner during prosecution of the '625 patent.

The omitted references described above would have been considered by a reasonable examiner to be material to a determination of allowability of the patent claims, and on information and belief, said omissions were made with intent to deceive the Patent Office. Had the inventors and/or their agents made accurate representations to the Patent Office, the '625 patent would not have issued therefore the '625 patent is unenforceable for inequitable conduct.

## Tenth Defense: Prosecution History Estoppel

UDTC's alleged causes of action for patent infringement are barred under the doctrine of prosecution history estoppel, and UDTC is estopped from claiming that the '625 Patent covers or includes any accused Phenomenex method, system, apparatus and/or product.

## Prayer for Relief

**WHEREFORE**, Phenomenex prays that this Court enter a judgment as follows:

a. Declare that Phenomenex does not infringe U.S. Patent 5,599,625;

b. Declare that the claims of U.S. Patent 5,599,625 be declared invalid and/or unenforceable;

c. Declare that UDTC has no trade secrets regarding the subject matter on which its claims are based;

  d.  Order that all of UDTC's claims are dismissed with prejudice;

  e.  Order UDTC pay Phenomenex's attorney fees and the costs and expenses of this action;

  f.  Declare that this case is exceptional and award double/treble damages to Phenomenex as set forth in the Patent Laws and state statutes referenced in the complaint; and

  g.  Order such other and further relief be granted as the court may deem just and proper.

             YOUNG CONAWAY STARGATT &
             TAYLOR, LLP

             /s/ John W. Shaw
             _____
             John W. Shaw (No. 3362)
             *jshaw@ycst.com*
             Elena C. Norman (No. 4780)
             *enorman@ycst.com*
             Monté T. Squire (No. 4764)
             *msquire@ycst.com*
             The Brandywine Building
             1000 West Street, 17th Floor
             Wilmington, DE 19801
             (302) 571-6600

             *Attorneys for Defendant Phenomenex, Inc.*

Dated: February 6, 2006

## **CERTIFICATE OF SERVICE**

I, Monté T. Squire, Esquire, hereby certify that on February 6, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

| | |
|---|---|
| Michael P. Kelly, Esquire | Benjamin J. Schladweiler, Esquire |
| McCarter & English, LLP | Morris, Nichols, Arsht & Tunnell |
| 919 N. Market Street, Suite 1800 | 1201 N. Market Street |
| P.O. Box 111 | P.O. Box 1347 |
| Wilmington, DE 19899 | Wilmington, DE 19899 |

I further certify that I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Monté T. Squire

John W. Shaw (No. 3362)
*jshaw@ycst.com*
Elena C. Norman (No. 4780)
*enorman@ycst.com*
Monté T. Squire (No. 4764)
*msquire@ycst.com*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600