IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UD TECHNOLOGY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-842 (GMS) |
| | ) | |
| PHENOMENEX, INC., and RESEARCH | ) | |
| CORPORATION TECHNOLOGIES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT RESEARCH CORPORATION TECHNOLOGIES, INC.'S
REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs Louden (#2881)
Benjamin Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  Attorneys for defendant Research Corporation
  Technologies

OF COUNSEL:
Donna M. Tanguay
Ronald J. Pabis
MCDERMOTT, WILL & EMERY
600 13th Street, N.W.
Washington, DC  20005-3096
(202) 756-8000

Michael J. Rusing
RUSING & LOPEZ, P.L.L.C.
6262 N. Swan Rd., Ste. 200
Tucson, AZ  85718
520-792-4800

March 3, 2006

i.

## TABLE OF CONTENTS

Page

TABLE OF CITATIONS                                                                              ii

INTRODUCTION                                                                                     1

SUMMARY OF THE ARGUMENT                                                              4

ARGUMENT                                                                                          5

I.      RULE 19 DOES NOT APPLY AND DOES NOT PROVIDE A
        DEFENSE TO A MOTION TO DISMISS.                                          5

II.     UD TECH'S LEGAL AND EQUITABLE CLAIMS ARE TIME-
        BARRED.                                                                                  7

        A.      The Inherently Unknowable Exception Does Not Apply.         7

        B.      UD Tech's Equitable Claims Are Also Barred.                       9

III.    UD TECH'S BREACH OF CONTRACT CLAIM FAILS AS A
        MATTER OF LAW.                                                                     11

IV.     UD TECH'S CLAIM FOR BREACH OF THE IMPLIED
        COVENANT OF GOOD FAITH AND FAIR DEALING IS
        LEGALLY DEFICIENT.                                                             15

        A.      UD Tech's Claim Cannot Create A Contractual Obligation
                That Does Not Exist And Is Duplicative Of Its Breach Of
                Contract Claim.                                                              15

        B.      No Special Relationship Exists Between UD Tech And
                RCT.                                                                            16

V.      UD TECH'S    EQUITABLE   CLAIMS   ARE   LEGALLY
        DEFICIENT.                                                                           18

CONCLUSION                                                                                     20

ii.

TABLE OF CITATIONS

Page(s)

Cases

*Adams v. Jankouskas,*
    452 A.2d 148 (Del. Supr. Ct. 1982)    4, 10

*Adkins v. Rumsfeld,*
    389 F. Supp. 2d 579 (D. Del. 2005)    2

*ALA, Inc. v. CCAIR, Inc.,*
    29 F.3d 855 (3d Cir. 1994)    3

*Artesian Water Co. v. Lynch*,
    283 A.2d 690 (Del. Ch. 1971)    10

*Burch & Cracchiolo, P.A. v. Publiani,*
    697 P.2d 674 (Ariz. 1985)    19

*Burkons v. Ticor Title Ins. Co.,*
    813 P.2d 710 (Ariz. 1991)    15

*Fike v. Ruger,*
    754 A.2d 254 (Del. Ch. 1999)    7

*In re Dean Witter P'ship Litig.,*
    1998 WL 442456 (Del. Ch. 1998)    7, 8, 10

*Layton v. Allen*,
    246 A.2d 794 (Del. Supr. Ct. 1968)    8

*Nava v. Truly Nolen Exterminating,*
    638 P.2d 296 (Ariz. Ct. App. 1984)    17

*Oldenburger v. Del E. Webb Dev. Co.,*
    765 P.2d 531 (Ariz. Ct. App 1988)    18

*Pension Benefit Guar. Corp. v. White Consol. Indus.,*
    998 F. 2d 1192 (3d Cir. 1993)    2

*Pioneer Annuity Life Ins. Co. by Childers v. Nat'l Equity Life Ins.*
    *Co.,*
    765 P.2d 550 (Ariz. Ct. App. 1988)    19

*Rawlings v. Apodaca,*
    726 P.2d 565 (Ariz. 1986)    16

*Rodgers v. Roulette Records, Inc.,*
    677 F. Supp. 731 (S.D.N.Y. 1988)     18

*Salt River Valley Water Users' Ass'n v. Giglio,*
    549 P.2d 162 (Ariz. 1976)     16

*Southwest Savings and Loan Assoc. v. SunAmp Sys., Inc.,*
    838 P.2d 1314 (Ariz. Ct. App. 1992)     16

*State v. Pettinaro Enter.,*
    870 A.2d 513 (Del. Ch. 2005)     7

*U.S. Cellular Inv. Co. of Allentowen v. Bell Atlantic Mobile Sys., Inc.,*
    677 A.2d 497 (Del. Supr. Ct. 1996)     8, 10

*Urias v. PCS Health Sys., Inc.,*
    118 P.3d 29 (Ariz. Ct. App. 2005)     17, 18

Statutes And Other Authorities

10 *Del. C.* § 8106     9

Restatement (Second) of Agency, § 1 (1958)     16

<u>INTRODUCTION</u>

In its opening brief, Research Corporation Technologies, Inc. ("RCT") demonstrated that, even accepting all of the allegations of the Complaint as true, as one must on a motion to dismiss, the Complaint fails to state a claim because: (1) all of the claims of UD Technology Corporation ("UD Tech") are plainly time-barred; (2) UD Tech alleges breaches of contractual duties that do not exist; and (3) the claim of breach of the covenant of good faith and fair dealing cannot be used to create a contractual objection where there is none, is duplicative of the breach of contract claim and does not allege a fiduciary relationship between the parties as required by Arizona law; (4) there are adequate legal remedies barring UD Tech's equitable claims and those claims are deficient on their face.

In an effort to save its Complaint from dismissal, UD Tech first attempts to *add* numerous allegations outside the Complaint and documents integral thereto in its "counter statements of fact." Not only is this improper, but even if these allegations were considered, they could not remedy the legal deficiencies in UD Tech's Complaint.

For example, UD Tech asserts that it permitted its inventors to travel to Phenomenex "based on RCT's assurances that RCT had made the requisite legal arrangements to secure the confidentiality and protection for the Process," that "RCT failed to secure the timely return of samples and confidential information delivered to Phenomenex during the Evaluation" and "failed to assure that Phenomenex destroyed all confidential information regarding the process as required under the Evaluation Agreement. " D.I. 29 at 3. None of this is alleged in the Complaint, or supported by reference to any exhibit. Likewise, UD Tech further asserts that "Phenomenex

meanwhile used the stolen process to make millions of dollars selling unlicensed product," that "RCT did nothing to stop this theft," and that UD Tech did not know of the alleged theft until 2003 when it reverse engineered Phenomenex's Jupiter product. *See id.* at 3. UD Tech further asserts that it was unaware of defendants' purported actions until one of its inventors discovered the alleged theft in 2003 based "on a rumor circulating through the industry." *Id.* Likewise, none of this is alleged in the Complaint or supported by reference to any exhibit. UD Tech also repeatedly asserts in its brief that RCT acted as a fiduciary, in an attempt to avoid the clear statute of limitations and the provisions of the Commercialization Agreement. Not only is such an assertion factually unsupportable, but there are no such allegations in the Complaint.

These extraneous allegations must be disregarded. Instead, the Court may only consider the well pleaded allegations of the Complaint, and any documents integral to or explicitly relied on in the Complaint. *Adkins v. Rumsfeld,* 389 F. Supp. 2d 579, 584 (D. Del. 2005). The Court may also consider an undisputedly authentic document that a defendant attaches to a motion to dismiss, if the plaintiff's claims are based on the document. *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F. 2d 1192, 1196 (3d Cir. 1993) .

Even if the Court were to consider such extraneous matters, they would not help UD Tech. That is because the agreements between the parties, referenced in the Complaint and integral thereto, control their duties and obligations. The documents speak for themselves, and UD Tech's attempts to expand upon them must fail. It is well-established that if there is a disparity between the written instrument annexed to a

pleading and an allegation in a pleading based thereon, the written instrument controls. *ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 859 (3d Cir. 1994).

For example, UD Tech alleges that it is one and the same as the University of Delaware and that RCT acted as a "marketing manager" or "technology manager" of UD Tech's technology. *See, e.g.,* D.I. 29 at 1, 2, 5, 11, 17, 19, 20. The Commercialization Agreement was entered into between RCT and the University of Delaware, however, not UD Tech. *See* D.I. 15, Ex. A. The Commercialization Agreement also did not, as UD Tech inaccurately asserts, "require RCT to manage UD Tech's intellectual property" or "require[ ] RCT to market and secure any and all revenues from third party use of the Process." *See* D.I. 29 at 2. Rather, the Commercialization Agreement provided that RCT would file U.S. and foreign patent applications as RCT *deemed appropriate* and *commercialize* the inventions and secure revenue *from such commercialization* as RCT *deemed appropriate*. *See* D.I. 15, Ex. A, ¶¶ 2.2 and 3.1. UD Tech cannot create duties under the Commercialization Agreement to police and monitor for patent infringement that simply do not exist. Nor can UD Tech complain that RCT purportedly disclosed information to Phenomenex where the Commercialization Agreement explicitly permitted (and encouraged) such disclosure.

Because the well-pled allegations of the Complaint and documents cited therein establish that all of UD Tech's claims are time-barred and legally deficient, the Complaint should be dismissed for failure to state a claim.

4.

## SUMMARY OF THE ARGUMENT

1.     RCT is not a necessary party to this action.  Moreover, Fed. R. Civ. P. 19 is not a defense to a motion to dismiss a complaint, and cannot resurrect UD Tech's stale and legally deficient claims.

2.     UD Tech's claims for breach of contract and breach of the implied covenant of good faith and fair dealing are time-barred.  Under Delaware law, which governs procedural issues, the statute of limitations for a breach of contract and breach of the implied covenant of good faith and fair dealing is three years and begins to run at the time of the breach, regardless of when the plaintiff learns of it.  UD Tech does not satisfy the requirements for the narrow inherently unknowable tolling exception, which is reserved only for cases where the injury is not observable and the plaintiff is blamelessly ignorant. UD Tech cannot satisfy that standard as a matter of law because there is no dispute that Phenomenex introduced its Jupiter product in 1997 and that it was possible to detect infringement at that time, just as UD Tech allegedly did later in 2003 by reverse engineering.  *See* D.I. 29 at 3.  Moreover, UD Tech has pled facts that defeat its statute of limitations claim.  Because UD Tech repeatedly alleges that RCT could and should have discovered the alleged wrongdoing, UD Tech cannot at the same time allege that the wrong was inherently unknowable.

3.     UD Tech's claims for an equitable accounting and resulting trust are also barred by the statute of limitations. Where a statute of limitations exists for an analogous action at law, the statutory period creates a presumptive time period for application of laches to bar a claim. *Adams v. Jankouskas,* 452 A.2d 148, 157 (Del. Supr. Ct. 1982).  Absent unusual circumstances, a plaintiff may not obtain equitable relief when suit is brought after the analogous statutory period. No unusual circumstances exist here.

4.    UD Tech fails to state a claim for breach of contract because RCT could not have breached contractual duties that do not exist.  RCT simply had no duties under the Commercialization Agreement to police or monitor the market for infringement or not to disclose the technology to third parties.  Furthermore, if UD Tech is correct that Phenomenex's alleged wrongdoing was inherently unknowable (as UD Tech alleges in its statute of limitations argument), then it was unknowable as to RCT as well, and RCT could not have been in breach of any alleged duty.

5.    UD Tech fails to state a claim for breach of the implied covenant of good faith and fair dealing against RCT.  First, the covenant cannot be used to create duties that do not exist and the claim is duplicative of the breach of contract claim. Second, the Complaint does not allege any special relationship or fiduciary duty existed between the parties.  Moreover, RCT is not an agent of UD Tech, and under the terms of the Commercialization Agreement, owed no fiduciary duty to UD Tech.

6.    UD Tech's claims for an equitable accounting and resulting trust also fail as a matter of law because both require that a fiduciary relationship exist between the parties and none is alleged in the Complaint or supported by the Commercialization Agreement. Furthermore, UD Tech has an adequate legal remedy, specifically the contractual right to an accounting.  Therefore, it is not entitled to equitable relief.

## ARGUMENT

I.    RULE 19 DOES NOT APPLY AND DOES NOT PROVIDE A DEFENSE TO A MOTION TO DISMISS.

UD Tech asserts that its claims should not be dismissed because RCT is a mandatory party that must be joined in the action under Rule 19 of the Federal Rules of

Civil Procedure. Rule 19 does not require joinder of RCT in this action, however. Mandatory joinder is only required where (1) in the person's absence, complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the disposition of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Rule 19(a)(1) does not apply because complete relief can be afforded to UD Tech without RCT. UD Tech has only the rights that is has. If it is not a party to a contract, then it cannot assert rights to that contract. If it does not have patent rights prior to a certain date, then it cannot assert patent rights before that date. But complete relief can be granted to UD Tech as to whatever rights it has without RCT. Rule 19(b)(2) also does not apply because, as UD Tech notes, RCT has asserted no right to relief other than as a defense to this action. If RCT is dismissed, then its defense will be moot.

Moreover, UD Tech cannot rely upon Rule 19 to avoid dismissal of its legally insufficient claims. RCT's Motion to Dismiss is based on the fact that UD Tech has failed to state a claim for which relief may be granted against RCT because the claims are barred by the statute of limitations as a matter of law, and alternatively, because the claims are legally deficient on their face. Thus, even if RCT was a mandatory party, which it is not, Rule 19 does not provide a basis to allow UD Tech to resurrect stale and legally deficient claims against RCT. One has nothing to do with the other.

II.    UD TECH'S LEGAL AND EQUITABLE CLAIMS ARE
       TIME-BARRED.

In its Complaint, UD Tech alleged four claims against RCT: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) demand for an equitable accounting, and (4) demand for a constructive trust. UD Tech does not dispute that its claims against RCT are each governed by Delaware's three year statute of limitations, or that absent a tolling exception, the claims are time-barred.

A.    The Inherently Unknowable Exception Does Not
      Apply.

In an attempt to keep its claims alive, UD Tech argues for a very broad application of what it calls a "time of discovery" exception to Delaware's accrual rule. This argument is unavailing.  Under Delaware law, the general rule is that a cause of action accrues at the moment of the wrongful act, even if the plaintiff is ignorant of the wrong.  *Fike v. Ruger,* 754 A.2d 254, 260 (Del. Ch. 1999).  There is no general "time of discovery" rule, as UD Tech contends, but rather only a very narrow exception to the otherwise generally applicable rule that a claim for breach of contract accrues at the time of the breach, regardless of when the plaintiff learns of it.  It provides that the accrual period can be tolled if "the facts underlying the claim were so hidden that a reasonable plaintiff could not timely discover them."  *In re Dean Witter P'ship Litig.,* 1998 WL 442456 at *5 (Del. Ch. 1998). (Ex. A).  For the limitations period to be tolled, the wrongdoing must be inherently unknowable and the plaintiff must be blamelessly ignorant.  "[T]here must have been *no observable or objective factors to put a party on notice of an injury*, and plaintiffs must show that they were blamelessly ignorant of the act or omission or injury."  *Id. (emphasis added); see also State v. Pettinaro Enter.,* 870 A.2d 513, 531 (Del. Ch. 2005).  For example, *Layton v. Allen*, 246 A.2d 794, 797-98

8.

(Del. Supr. Ct. 1968), which UD Tech cites in its brief, involved a situation where a surgeon had left a medical instrument inside the patient.

A party asserting that the tolling exception applies bears the burden of pleading specific facts to demonstrate that the statute of limitations was tolled. *Dean Witter*, 1998 WL 4424176 at *6; *U.S. Cellular Inv. Co. of Allentowen v. Bell Atlantic Mobile Sys., Inc.,* 677 A.2d 497, 504 (Del. Supr. Ct. 1996) (stating plaintiffs bear the burden of proving availability of tolling). Contrary to UD Tech's bold assertions that it "has pled both fraud and time of discovery rule," UD Tech did not plead the applicability of any tolling exception against RCT. D.I. 29 at 13. Indeed, the Complaint is completely barren of facts that would operate to toll the statute of limitations.

Even assuming *arguendo* that UD Tech did plead the inherently unknowable exception, which it did not, it cannot satisfy that exception here. UD Tech acknowledges that the Jupiter product was available as early as 1997. D.I. 29 at 3, 5. Thus, infringement could have been detected in 1997, in the same manner that UD Tech now contends it detected infringement in 2003. *Id.* at 11. Because there were observable or objective factors to put UD Tech on notice – the product itself – the inherently unknowable exception does not apply. *See Dean Witter*, 1998 WL 442456 at *5.

Amazingly, UD Tech asserts that RCT "does not deny that [UD Tech] first became aware of the theft in 2003, nor does it assert that UD Tech could have discovered the theft earlier through reasonable diligence." D.I. 29 at 11. There was no reason for RCT to deny this allegation because it was never made in the Complaint. Important for this motion, however, is that UD Tech concedes that discovery of the infringement was possible from review of the product – a fact that was equally true in 1997 when the

Jupiter product was introduced.   UD Tech's assertion that the alleged theft was unknowable is also belied by its statement that its inventors' suspicion was based on "rumors in the industry."   *Id.* at 3.   UD Tech further asserts that it was possible to determine that the Jupiter product allegedly could only be produced by using UD Tech's process.   *Id.* at 10.   UD Tech's admission that it was readily able to determine infringement based on publicly available information when it finally chose to do so totally belies its argument that the injury was unknowable.   Further, UD Tech's own pleadings disprove its argument. If UD Tech is correct that RCT could have detected Phenomenex's alleged wrongdoing by a cursory review, then it could not have been inherently unknowable.   Simply put, the "inherently unknowable" exception cannot apply.

UD Tech's new assertion that it was lulled away from protecting its rights (again, not pled) also does not help it.   D.I. 29 at 11-12.   First, UD Tech could not have been lulled away because RCT plainly had no obligation in the first place to monitor the market for infringement.   *See* Section III below.   Second, UD Tech's new claim is legally deficient.   There is no "lulling away" exception to toll the statute of limitations.   Rather, for the inherently unknowable exception to apply, the wrongdoing must not be observable by objective factors.   That plainly is not the case here.

Because the "inherently unknowable" exception to the statue of limitations plainly does not apply, UD Tech's claims for breach of contract and breach of the covenant of good faith and fair dealing are time-barred.

B.     UD Tech's Equitable Claims Are Also Barred.

UD Tech does not, and cannot, deny that the analogous statute of limitations is presumptively applicable to its equitable claims.   *See* D.I. 29 at 12, *citing*

*U.S. Cellular Co,* 677 A.2d at 502.   Nor does it deny that the analogous statute of limitations for its claims for accounting and imposition of a constructive trust would be a "demand in the nature of debit and credit between parties arising out of contractual or fiduciary relations" as set forth in 10 *Del. C.* § 8106.   *See Artesian Water Co. v. Lynch*, 283 A.2d 690, 691-92 (Del. Ch. 1971) (demand for accounting governed by three year limitations under 10 *Del. C.* § 8106); *Adams v. Jankouskas*, 452 A.2d 148, 157 (Del. Supr. Ct. 1982) (three year statute of limitations under 10 *Del. C.* § 8106 applies to demand for resulting or constructive trust).

Instead, UD Tech's sole argument is that the Court should not apply the presumptive three year limitation period because "unusual circumstances" exist. D.I. 29 at 12.  The "unusual circumstances" that UD Tech cites is that the injury was inherently unknowable – the same argument it makes with respect to its legal claims – or that it was fraudulently concealed.  As noted above, neither exception was pled in the Complaint. Even if they had been, neither could apply based on the undisputed facts.

As described in Section II(A) above, the injury cannot be inherently unknowable because the Jupiter product was publicly available as of 1997 and thus UD Tech was capable of detecting the alleged infringement as of that time.   Because there were observable or objective factors to put UD Tech on notice of its injury, the "inherently unknowable" exception is inapplicable.  *See Dean Witter,* 1998 WL 442456 at *5.  Nor can UD Tech rely on the fraudulent concealment exception.  UD Tech only makes passing reference to this exception in its brief without explaining how it would apply to its claims against RCT.  Nonetheless, it is clear that this exception cannot apply to Phenomenex's actions since its product was publicly available as of 1997.  It also

cannot apply as to RCT's actions because, as described in Section III below, RCT had no duty to monitor for infringement. Therefore, there was nothing at all for RCT to conceal, fraudulently or otherwise. Moreover, UD Tech's fraudulent concealment allegation is totally inconsistent with its allegation that its injury was inherently unknowable. If Phenomenex's use of the invention was truly undetectable and "kept secret," D.I. 29 at 10, then it would have been undetectable for RCT as well and RCT could not have fraudulently concealed it.

Finally, this motion is not premature. UD Tech agrees that the three year statute of limitations presumptively applies to all of UD Tech's claims. Applying that limitations period, UD Tech does not dispute that all of its claims are time barred. UD Tech claims that discovery is needed to be able "to specifically allege all the reckless and intentional acts that RCT must have done to allow Phenomenex to steal the Process," and that "it is presently unable to specifically state the exact nature of the malfeasance because (1) Phenomenex acted secretly, and (2) it was RCT's duty, not [UD Tech's], to monitor the Process." D.I. 29 at 14. The facts alleged in the Complaint and the documents cited therein, however, are inconsistent with any allegation that the "inherently unknowable" or "fraudulent concealment" exceptions apply. Discovery will not help UD Tech, because UD Tech cannot create a contractual duty to monitor for infringement where there is none. Nor can it avoid the fact that these exceptions cannot apply because there was nothing unknowable or concealed about Phenomenex's product.

### III.     UD TECH'S BREACH OF CONTRACT CLAIM FAILS AS A MATTER OF LAW.

As RCT explained in its opening brief, the Complaint fails to state a claim for breach of contract because RCT did not breach any duty under the Commercialization

12.

Agreement.  D.I. 15 at 14-19.  UD Tech responds by arguing that RCT had a duty to act "reasonably" and as a "reasonable technology manager."  D.I. 29 at 17, 19, 20.  The dispute does not concern, however, whether RCT was required to perform the contractual duties it had reasonably.  Rather, the dispute centers on the fact that RCT could not have breached contractual duties that it never had in the first place.  RCT simply had no duty to police or monitor the market for infringement or not to disclose the inventions to third parties.

The Commercialization Agreement, on its face, is very specific as to the contractual undertakings of each party, and imposes no generalized duties on RCT to act as a "technology manager."   While the parties undoubtedly could have contracted for such services, that was not the agreement they entered.  Indeed, the title of the agreement itself describes its subject matter: "Agreement between Research Corporation Technologies, Inc. ("RCT") and University of Delaware ("Institution") for *Disclosure, Evaluation and Commercialization of Inventions.*"  D.I. 15, Ex. A (emphasis added).  The Commercialization Agreement is four pages long and is limited to three substantive sections entitled: (I) the "Disclosure, Evaluation and Acceptance of Inventions"; (II) "Patents"; and (III) "Commercialization".  (*Id.*).

RCT's confidentiality obligations under the Commercialization Agreement are straightforward.  Section 1.2 (which both parties agree is the applicable provision) provides that:

> RCT shall treat any ***Invention*** disclosed to it under 1.1 above, that has not been published or which is not the subject of an issued ***Patent*** or a pending ***Patent Application,*** as proprietary and with the requisite degree of confidentiality necessary to preclude jeopardizing the patentability of such ***Invention.***  If ***RCT*** discloses any

> *Invention* to any third party, ***RCT*** shall require such third party to exercise its best efforts to hold the same confidential.

UD Tech tries to read the second sentence in isolation, arguing that it protects "'any' entrusted invention regardless of patent position." D.I. 29 at 19. Because RCT's confidentiality obligations only extended to inventions that were not published or not the subject of a patent or patent application, it would make no sense to require RCT to impose confidentiality obligations on third parties as to inventions that RCT itself had no duty to hold confidential. Rather, the second sentence must be read together with the first to refer to inventions that had not been published or were not the subject of a patent or patent application.

It is undisputed that, at the time RCT and Phenomenex entered into the Materials Treatment Agreement and Evaluation Agreement, a patent application had been filed on the invention. *See* D.I. 1 at ¶¶ 15, 18. Thus, this confidentiality provision of the Commercialization Agreement did not apply to RCT's disclosure of information to Phenomenex. Nevertheless, as RCT explained in its opening brief, UD Tech acknowledges in its Complaint that these agreements did in fact contain provisions to protect the confidentiality of the technology disclosed. *See* D.I. 15 at 16-17. Thus, RCT did take reasonable steps to preserve confidentiality even though not contractually required to do so. *Id.* at 17-18. Nor can UD Tech ignore the fact that not only did it not object to the disclosures, but that its own inventors were the ones that made the disclosures to Phenomenex. *Id.* Indeed, the parties were expected to make such disclosures to commercialize the inventions.

RCT's duties to commercialize the inventions are also straightforward. Section 3.1 of the Commercialization Agreement (which both parties agree is the applicable provision) states in full that:

> **RCT** shall expend reasonable efforts to commercialize each accepted ***Invention*** and corresponding ***Patent Applications*** and ***Patents*** and secure reasonable revenue from such commercialization in the manner ***RCT*** deems appropriate.

In other words, the reasonable efforts that RCT agreed to expend were to "***commercialize*** each accepted Invention" and "to secure reasonable revenue ***from such commercialization***" in the manner ***RCT deems appropriate***. (UD Tech repeatedly ignores the words "commercialize" and "commercialization", instead arguing that RCT had to make "reasonable efforts" to "secure reasonable revenue" for the Process. *See* D.I. 29 at 1, 11, 16. As can be seen, its assertions are not borne out by the plain language of section 3.1). The allegations of the Complaint are not directed to RCT's commercialization efforts, but rather to UD Tech's disappointment that RCT did not discover and prosecute Phenomenex's alleged infringement. RCT, however, undertook no obligation to police or monitor the market for patent infringement or to institute patent infringement litigation to collect revenue on UD Tech's behalf.[1]  And UD Tech's erroneous claim that RCT was a fiduciary (*See* Section IV(B) below) cannot create contractual duties where there were none.

---

[1]     Ironically, UD Tech asserts that Phenomenex's alleged use of the inventions was "inherently unknowable" when arguing the statute of limitations, yet when arguing that RCT breached the Commercialization Agreement, UD Tech asserts that RCT allowed the technology "to be stolen out from under RCT's nose," engaged in "asleep-at-the-wheel course of conduct" and "had a duty to at least cursorily monitor" companies such as Phenomenex. *Compare* D.I. 29 at 8-11 with 16, 18. UD Tech cannot have it both ways. If Phenomenex's conduct was inherently unknowable, then RCT could not have been in breach of any purported duty for failing to discover it.

In sum, because RCT did not breach any contractual obligations under the Commercialization Agreement, the Complaint must be dismissed for failure to state a claim upon which relief can be granted.

IV.     UD TECH'S CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IS LEGALLY DEFICIENT.

A.     UD Tech's Claim Cannot Create A Contractual Obligation That Does Not Exist And Is Duplicative Of Its Breach Of Contract Claim.

UD Tech's claim for breach of the implied covenant of good faith and fair dealing should be dismissed because it is duplicative of the breach of contract claim and seeks to recover for duties not imposed by the Commercialization Agreement.  While it is true that Arizona law implies in every contract a covenant of good faith and fair dealing, the duty to act in good faith does not alter the specific obligations of the parties under the contract.  *Burkons v. Ticor Title Ins. Co.,* 813 P.2d 710, 720 (Ariz. 1991). The remedy for that breach is ordinarily an action on the contract.  *Id.*

In its Complaint, UD Tech alleges that RCT breached the covenant of good faith and fair dealing by acting to evade the letter and spirit of the bargain by failing to faithfully monitor and police usage of the technology.  *See* D.I. 1 at ¶ 96.  This is the same conduct that UD Tech alleges to support its breach of contract claim.  *Id.* at ¶ 91.  (RCT breached by failing to expend reasonable efforts to secure revenues from third parties employing commercially or otherwise employing the technology).  Not only are these claims duplicative, but, as discussed in section III, *supra*, the plain terms of the Commercialization Agreement did not impose an obligation on RCT to police or monitor the market.  The duty to act in good faith does not alter the specific obligations of the

parties to the contract or create obligations where there are none. *Southwest Savings and Loan Assoc. v. SunAmp Sys., Inc.,* 838 P.2d 1314, 1319 (Ariz. Ct. App. 1992). UD Tech cannot rely on the covenant of good faith and fair dealing to imply a duty that never existed under the Commercialization Agreement. Its claim for breach of the covenant is also duplicative because it also seeks to recover for the same conduct alleged in its breach of contract claim. Therefore, it must be dismissed.

> B.    No Special Relationship Exists Between UD Tech And RCT.

UD Tech's tort claim for breach of the implied covenant of good faith and fair dealing must be dismissed as legally deficient as well. Under Arizona law, there can be no tort claim for the implied covenant of good faith and fair dealing absent a special relationship between the parties. *Rawlings v. Apodaca,* 726 P.2d 565 (Ariz. 1986). A special relationship is characterized by elements of public interest, adhesion, and fiduciary responsibility. *Id.* at 574. The Complaint does not allege that a special relationship existed between RCT and UD Tech. Therefore, UD Tech's claim is legally deficient and must be dismissed.

In an attempt to overcome this deficiency, UD Tech argues, for the first time in its answering brief, that RCT was its "marketing agent" and owed it fiduciary duties. *See* D.I. 29 at 1-2, 18, 22. Under Arizona law, the party asserting an agency relationship has the burden of proving it. *Salt River Valley Water Users' Ass'n v. Giglio,* 549 P.2d 162 167 (Ariz. 1976). However, such a relationship is not alleged in the Complaint and the plain language of Commercialization Agreement prevents such a conclusion.

Under Arizona law, for an agency relationship to exist between two parties, a court must find that the principal had the right to control the agent's conduct for the transaction at issue. *Urias v. PCS Health Sys., Inc.,* 118 P.3d 29, 36 (Ariz. Ct. App. 2005); *Nava v. Truly Nolen Exterminating,* 638 P.2d 296, 299 (Ariz. Ct. App. 1984); *see also* Restatement (Second) of Agency, § 1 (1958) (defining agency as "the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to this control"). Under the express terms of the Commercialization Agreement, UD Tech had no right to control the acts of RCT.

Instead, the Commercialization Agreement granted RCT all right, title and interest in the technology and its corresponding patent rights until RCT assigned the technology back to the University of Delaware in 2001. *See* D.I. 15, Exs. A and B. RCT acted as the licensor of the technology, not the University's agent (nor the agent of UD Tech which was not a party to the agreement). Furthermore, the Commercialization Agreement did not allow the University to dictate how RCT commercialized the technology. Instead, this was left to RCT's discretion. *See id.* § 2.1, providing that RCT would file U.S. and foreign patent applications as RCT *deemed appropriate,* and § 3.1, providing that RCT "expend reasonable efforts to commercialize each accepted invention and corresponding patent application and patents and secure reasonable revenue for such commercialization *in the manner RCT deems appropriate*." Further, the only rights that the University had for so long as RCT owned the patents was to receive a portion of royalties that third parties paid and to ask for an audit. This does not constitute the substance of a fiduciary relationship.

In fact, the Commercialization Agreement was nothing more than a purely commercial, arms length transaction between two sophisticated parties. Under Arizona law, purely commercial transactions do not give rise to a fiduciary relationship. *Urias,* 118 P.3d at 35; *see also Oldenburger v. Del E. Webb Dev. Co.,* 765 P.2d 531, 535 (Ariz. Ct. App. 1988) (parties to a contract are not fiduciaries). If the University of Delaware and RCT intended to create a fiduciary relationship, they could have negotiated for specific language to that effect. The Agreement does not contain such language. And, the mere fact that funds are collected on behalf of another party does not create a fiduciary relationship. *Urias*, 118 P.3d at 35, citing *Rodgers v. Roulette Records, Inc.,* 677 F. Supp. 731, 739 (S.D. N.Y. 1988) (the fact that a recording company collected royalties or fees that it was obligated to pass on to the recording artist did not make the recording company the artist's fiduciary). Based on the foregoing, UD Tech fails to state a tort claim for breach of the implied covenant of good faith and fair dealing and its claim must be dismissed.

## V.    UD TECH'S  EQUITABLE  CLAIMS  ARE  LEGALLY DEFICIENT.

UD Tech's claims for the equitable remedies of an accounting and constructive trust fail for the same reason – no fiduciary relationship existed between the parties. UD Tech's request for equitable relief is premised entirely on its assertion, first raised in its answering brief, that such a relationship existed between the parties. As discussed above, the Commercialization Agreement does not support this contention and, more importantly, such a relationship is not alleged in the Complaint.

Furthermore, UD Tech's request for equitable relief must be denied because RCT had no duty to account after all rights were reassigned in 2001. D.I. 15, Ex.

19.

B.  Prior to that date, UD Tech had an adequate legal remedy – the contractual right to audit RCT's books.  *See*  D.I. 15, Ex. A, § 3.2.  UD Tech seeks to avoid this plain bar to the relief it seeks by making unsupported and conclusory accusations regarding the adequacy of RCT's books and records.  The Court should ignore these as they were not alleged in the Complaint and are not supported by reference to any exhibit.  Moreover, UD Tech concedes that its real purpose is not to seek an accounting, but to require RCT to "make active inquiries about the Process."  D.I. 29 at 27.  As set forth in Section III above, UD Tech cannot rely on a purported duty to account to create an obligation to monitor the market where there  plainly is none.

UD Tech's claim for imposition of a constructive trust also fails because the Complaint does not allege that a fiduciary relationship existed between the parties, and no such relationship existed under the plain terms of the Commercialization Agreement. As UD Tech acknowledges, a fiduciary relationship is a prerequisite to the imposition of a constructive trust.  *See* D.I. 29 at 28, citing *Pioneer Annuity Life Ins. Co. by Childers v. Nat'l Equity Life Ins. Co.,* 765 P.2d 550, 555 (Ariz. Ct. App. 1988). Moreover, UD Tech has failed to allege another legal prerequisite to obtaining a constructive trust – the wrongful withholding of property which unjustly enriches the defendant at the expense of the plaintiff.  *Burch & Cracchiolo, P.A. v. Publiani,* 697 P.2d 674, 679 (Ariz. 1985).  There is no allegation in the Complaint that RCT was unjustly enriched at the expense of UD Tech.  Rather, the Complaint alleges that RCT "should have collected certain sums and fees from Phenomenex and other third parties."  D.I. 1 at ¶107.  Therefore, UD Tech's claim for imposition of a constructive trust is legally deficient and must be dismissed.

<u>CONCLUSION</u>

Based on the foregoing, RCT respectfully requests the Court grant its Motion to

Dismiss and award it attorneys' fees and costs pursuant to A.R.S. §12-341.01.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


*/s/  Karen Jacobs Louden*
Karen Jacobs Louden (#2881)
Benjamin Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  Attorneys for defendant Research Corporation
  Technologies

OF COUNSEL:

Donna M. Tanguay
Ronald J. Pabis
MCDERMOTT, WILL & EMERY
600 13th Street, N.W.
Washington, DC  20005-3096
(202) 756-8000

Michael J. Rusing
RUSING & LOPEZ, P.L.L.C.
6262 N. Swan Rd., Ste. 200
Tucson, AZ  85718
520-792-4800

March 3, 2006

509498

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 3, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to Michael P. Kelly and John W. Shaw.

I further certify that true and correct copies of the foregoing were caused to be served on March 3, 2006 upon the following individuals in the manner indicated:

**<u>BY HAND</u>**

Michael P. Kelly
MCCARTER & ENGLISH, LLP
919 North Market Street
Suite 1800
Wilmington, DE  19899

John W. Shaw
Young, Conaway, Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899

*/s/ Karen Jacobs Louden*
Karen Jacobs Louden