# TAB 1

# TAB 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLERGAN, INC., and ALLERGAN SALES, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| ALCON INC., ALCON LABORATORIES, INC., and ALCON RESEARCH, LTD., | ) Civil Action No. 04-968 (GMS) ) ) ) |
| Defendants. | ) ) |

## ORDER

Presently before the court is the defendants' motion to amend its answer to the plaintiffs' complaint. (D.I. 107.) This motion to amend was filed on July 25, 2005, about a week before the close of fact discovery and nearly eight months after the deadline for amended pleadings. The defendant's proposed amended answer contains approximately fourteen pages of new factual allegations in support of four new affirmative defenses and counterclaims: (1) unenforceability of U.S. Patent No. 6,641,834 ("the '834 patent") for inequitable conduct; (2) unenforceability of U.S. Patent No. 6,673,337 ("the '337 patent") for inequitable conduct; (3) unenforceability of the '834 patent and/or the '337 patent for unclean hands; and (4) invalidity of the '834 patent for the misjoinder of an inventor.

The Federal Rules of Civil Procedure provide that "[a] schedule shall not be modified except upon a showing of good cause . . . ." Fed. R. Civ. P. 16(b). A showing of "good cause" requires the movant to demonstrate that a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Rule 16 advisory committee notes (1983 Amend.). Here, the defendants argue that they could not have pleaded these defenses and counterclaims until after the deposition

of the first-named inventor of the patents, and the deposition of the plaintiffs' former in-house counsel because those depositions revealed previously-unknown information. If the defendants are correct, it would seem that their motion should be granted. However, the defendants' opening brief points to no specific deposition testimony to back their argument. In fact, the defendants waited to submit any exhibits (other than the proposed amended answer) until they filed their reply brief – the very definition of sandbagging. And, those exhibits, which are prefaced by seven-page declaration that can only be described as an additional argumentative brief, do not support the defendants' contention that the depositions were a necessary predicate to their amendment. Instead, the exhibits merely demonstrate alleged stonewalling by the plaintiffs – acts which are irrelevant to this motion if the depositions yielded no fruit. From the defendants' submissions, the court is unable to discern exactly what was discovered during the depositions. All the defendants offer are vague representations. (See, e.g., D.I. 123 at 9.) Moreover, the heart of the defendants' amendments, found at paragraphs 70 through 72 of the proposed amended answer, appear to mention nothing material regarding the deposition testimony of either the inventor or the attorney. To the contrary, the defendants cite new drug applications and publicly-available prior art to support their claims that the plaintiffs were not forthright with the patent office. Therefore, the court holds that the defendants have not shown good cause in accordance with Rule 16(b).

IT IS HEREBY ORDERED THAT:

    The defendants' motion to amend (D.I. 107) be DENIED.

Dated: January 17, 2006                    /s/ Gregory M. Sleet
                                                                 UNITED STATES DISTRICT JUDGE

# TAB 2

LEXSEE

AMERICAN ENERGY TECHNOLOGIES, INC., Plaintiff, v. COLLEY & MCCOY CO. AND MCDONALD'S CORPORATION, Defendants.

Civil Action No. 98-398 MMS

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

1999 U.S. Dist. LEXIS 7097

April 6, 1999, Argued
April 15, 1999, Decided

**NOTICE:** [*1] FOR ELECTRONIC PUBLICATION ONLY

**DISPOSITION:** Defendants' motion for summary judgment granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant corporations filed a motion for summary judgment asserting plaintiff electric company's breach of contract claim was barred by the Delaware statute of limitations, Del. Code tit. 10, § 8121.

**OVERVIEW:** Plaintiff electric company agreed to install energy saving equipment in defendant corporations' restaurants. After the equipment was installed, disputes arose between the parties, and defendants failed to make the contractually required payments. More than three years after notifying defendants of their default, plaintiff filed suit for breach of contract. Defendants filed a motion for summary judgment, asserting plaintiff's claim was barred by the Delaware statute of limitations, Del. Code tit. 10, § 8121. Plaintiff argued the Virginia statute of limitations, Va. Code § 8.01-246, applied based on a choice of law provision in the contract. The court found the choice of law clause did not expressly apply to the statute of limitations. The Virginia statute of limitations was thus inapplicable. The court applied the Delaware statute of limitations because Delaware was the forum state and determined plaintiff's suit was untimely. Defendants' motion for summary judgment was granted.

**OUTCOME:** Defendant corporations' motion for summary judgment was granted because the choice of law provision in the parties' contract did not expressly apply to the statute of limitations, and plaintiff electric company's breach of contract suit was barred by the Delaware statute of limitations.

**CORE TERMS:** statute of limitations, choice of law, summary judgment, lawsuit, cause of action arose, cause of action, borrowing statute, nonmoving party, breach of contract, express terms, default, invoice, substantive law, genuine issue, moving party, diversity, shorter, statute of limitation, limitation period, conduct discovery, legal action, energy, dispositive, three-year, five-year, notify

**LexisNexis(R) Headnotes**

*Civil Procedure > Summary Judgment > Standards > Genuine Disputes*
*Civil Procedure > Summary Judgment > Standards > Legal Entitlement*
*Civil Procedure > Summary Judgment > Standards > Materiality*
[HN1] Under Fed. R. Civ. P. 56(c), the court may grant summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. A dispute is genuine only if a reasonable jury could return a verdict for the nonmoving party. When considering a motion for summary judgment, the court must view all facts and inferences in the light most favorable to the

Page 1

party opposing the motion.

*Civil Procedure > Pleading & Practice > Pleadings > General Overview*
*Civil Procedure > Discovery > Methods > Interrogatories > General Overview*
*Civil Procedure > Summary Judgment > Burdens of Production & Proof > General Overview*
[HN2] The moving party must bear the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. After such a demonstration has been made, however, the nonmoving party must go beyond the pleadings and, based on the same types of evidence, must demonstrate specific facts showing that there is a genuine issue for trial. The nonmoving party cannot rest on his allegations without any significant probative evidence tending to support the complaint.

*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN3] See Va. Code § 8.01-246.

*Civil Procedure > Federal & State Interrelationships > General Overview*
*Contracts Law > Contract Conditions & Provisions > General Overview*
*Governments > Legislation > Statutes of Limitations > General Overview*
[HN4] While the proposition of law that courts are required to give legal effect to choice of law provisions that are the products of arms length bargaining between sophisticated parties is sound, it is only applicable to the statutes of limitations if the choice of law provision states with specificity that it applies to them.

*Contracts Law > Contract Conditions & Provisions > General Overview*
*Contracts Law > Defenses > Statutes of Limitations*
*Governments > Legislation > Statutes of Limitations > General Overview*
[HN5] Statutes of limitations are generally considered to be procedural rather than substantive law. Choice of law provisions in contracts are generally understood to incorporate only substantive law, not procedural law such as statutes of limitation. Choice of law provisions in contracts do not apply to statutes of limitations, unless the reference is express.

*Civil Procedure > Federal & State Interrelationships > Choice of Law > General Overview*
*Civil Procedure > Federal & State Interrelationships > Erie Doctrine*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN6] In determining the applicable limitations period, the court, guided by the Erie doctrine, must apply the statutes of limitations of the forum state in diversity cases. A federal court sitting in diversity is required to apply Delaware's borrowing statute, Del. Code tit. 10, § 8121, when the cause of action arises outside of Delaware.

*Civil Procedure > Federal & State Interrelationships > Choice of Law > General Overview*
*Civil Procedure > Federal & State Interrelationships > Erie Doctrine*
*Governments > Legislation > Statutes of Limitations > General Overview*
[HN7] See Del. Code tit. 10, § 8121.

**COUNSEL:** For plaintiff: Joseph J. Longobardi, III, Esq., Wilmington, Delaware.

For plaintiff: Daniel L. McCaughan, Esq., Of Counsel, Exton, Pennsylvania.

For defendants: Richard K. Herrmann, Esq., Mary B. Matterer, Esq., Blank Rome Comisky & McCauley LLP, Wilmington, Delaware.

**JUDGES:** Murray M. Schwartz, Senior District Judge.

**OPINIONBY:** Murray M. Schwartz

**OPINION:**

MEMORANDUM OPINION

Argued: April 6, 1999
Dated: April 15, 1999
Wilmington, Delaware

SCHWARTZ, Senior District Judge

I. INTRODUCTION

Defendants Colley & McCoy Company ("Colley") and McDonald Corporation ("McDonald) move for summary judgment on the grounds that plaintiff American Energy Technologies, Inc.'s ("American") breach of contract claim is barred by Delaware's statute of limitations. Plaintiff in opposing defendants' motion argues that choice of law provision in the contract agreed to by the parties calls for the contract to be interpreted according to the laws of the Commonwealth of Virginia. Therefore, the plaintiff asserts Virginia and not Delaware's statute of limitations governs the relevant limitation [*2] period. Under the Virginia statute of limitations the lawsuit is timely.

The Court has diversity jurisdiction under 28 U.S.C. § 1332 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. For reasons that follow, the Court will grant defendants' motion for summary judgment.

II. FACTS

The facts are undisputed. Plaintiff American offered to install energy saving equipment in defendant Colley's restaurants, which plaintiff asserted would help reduce energy costs. Colley accepted American's offer and the parties entered into a contract on August 3, 1993 (the "Contract"). The Contract specified that Colley would be in default in the event that it failed to make the required payments within 10 days of receiving an invoice. Soon after the equipment was installed disputes arose between the parties. By letter dated July 19, 1994, Colley returned American's July 12 invoice unpaid, setting forth the reasons for disputing the amounts American claimed to be due.

On June 6, 1995, American's attorneys sent a letter of default to Colley stating in relevant part:

> At this point, my client has instructed me to notify you that you are in default . . . [*3] .
>
> . . . . I have been instructed to offer you a settlement under which you pay to my client the sum of $ 92,000. If you would like to accept this offer, please notify me in writing within 5 business days of receipt of this letter. If I do not receive a written response, I have been instructed to begin litigation at once.

More than three years after sending the notice of default, and almost four years after the July 12 bill was contested, American filed this lawsuit on July 8, 1998, claiming damages for breach of contract and unjust enrichment.

III. STANDARD OF REVIEW

[HN1] Under the Federal Rules of Civil Procedure, the court may grant summary judgment if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). A dispute is genuine only if a reasonable jury could return a verdict for the nonmoving party. *See id.* When considering a motion for summary [*4] judgment, the court must "view all facts and inferences in the light most favorable to the party opposing the motion." *Stephens v. Kerrigan*, 122 F.3d 171, 176-177 (3d Cir. 1997). The Supreme Court has clarified that [HN2] the moving party must "bear the initial responsibility of informing the Court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). After such a demonstration has been made, however, the nonmoving party must go beyond the pleadings and, based on the same types of evidence, must demonstrate "specific facts showing that there is a genuine issue for trial." *Id. at 324.* The nonmoving party cannot rest on his allegations without "any significant probative evidence tending to support the complaint." *Anderson*, 477 U.S. at 249 (1986) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290, 20 L. Ed. 2d 569, 88 S. Ct. 1575 (1968)). See also *Williams* [*5] *v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (stating that a non-moving party must "adduce more than a scintilla of evidence in its favor . . . and cannot simply reassert factually unsupported allegations contained in its

pleadings").

## IV. DISCUSSION

The dispositive legal issue before the Court is which state's statute of limitations to apply: Delaware or Virginia. American asserts that the Court is required to apply the Virginia statute of limitations. In support of its assertion, American points to the choice of law provision in the contract that states in relevant part:

> VENUE: The agreement shall be interpreted according to the laws of the Commonwealth of Virginia. It is further agreed that should legal action be filed to enforce any part of the agreement, the parties hereto expressly agree that the jurisdiction shall be in the Commonwealth of Virginia for Federal purposes, and Henrico County for State purposes and the venu [sic] for state purposes shall be exclusively [the] Commonwealth of Virginia.

American decided to initiate legal action to enforce the agreement in a federal court in Delaware rather than in Virginia, as the terms of the [*6] choice of law provision that it relies upon calls for. Notwithstanding this dichotomy, American argues this Court should apply Virginia's five-year statute of limitation in contract disputes, because the choice of law provision calls for the contract to be interpreted in accordance with the laws of the Commonwealth of Virginia. n1 American cites to numerous cases in support of its assertion that courts are required to give legal effect to choice of law provisions that are the products of arms length bargaining between sophisticated parties. n2

> n1 The relevant portion of applicable Virginia law relating to statutes of limitations states the following:
>
> > [HN3] In action on any contract which is not otherwise specified and which is in writing signed by the party to be charged thereby, or by his agent, action must be brought within five years whether such writing be under seal or not.
>
> Code of Virginia, Chapter IV - Section 8.01-246.

> n2 The Court notes that American is barred from bringing this lawsuit in Delaware by the express terms of the choice of law provision. American asserted during oral argument that it brought suit in Delaware because it no longer resided in Virginia. Inconvenience to American is not reason enough to excuse its noncompliance with the express terms of the choice of law provision.

[*7]

While this [HN4] proposition of law is sound, it is only applicable to the statutes of limitations if the choice of law provision states with specificity that it applies to them. [HN5] Statutes of limitations are generally considered to be procedural rather than substantive law. *Kalmich v. Bruno*, 553 F.2d 549, 553, (7th Cir. 1977), cert. denied 434 U.S. 940, 54 L. Ed. 2d 300, 98 S. Ct. 432 (1977). Choice of law provisions in contracts are generally understood to incorporate only substantive law, not procedural law such as statutes of limitation. *Des Brisay v. Goldfield Corp.*, 637 F.2d 680, 682 (9th Cir. 1981). The United States Court of Appeals for the Third Circuit in *Gluck v. Unisys Corp.*, 960 F.2d 1168, 1179 (3d Cir. 1991), has held that "choice of law provisions in contracts do not apply to statutes of limitations, unless the reference is express." See also *Federal Deposit Ins. Corp. v. Petersen*, 770 F.2d 141, 142 (10th Cir. 1985) (absent an express statement of intent, a choice of law provision will not be interpreted as covering a statute of limitations); *Des Brisay*, 637 F.2d at 682 (the intention of the parties to contractually agree upon a limitation period must [*8] be clearly expressed if a court has to give it effect). The choice of law provision does not expressly provide for the laws of the Commonwealth of Virginia to apply to the statute of limitations. n3 Therefore, the Court holds that Virginia's five-year statute of limitations for contract cases to be inapplicable.

> n3 American wants to conduct discovery so that it can ascertain the implicit understanding of the parties with

Page 4

respect to the choice of law provision vis-a-vis the statute of limitations. American's discovery request will be denied. The relevant inquiry is whether the choice of law provision expressly states that it applies to the statute of limitations. Moreover, American wants to conduct discovery in order to determine the implicit understanding of the parties, when at the same time it is breaching the express terms of the choice of law provision that bars it from bringing suit in Delaware.

Further, [HN6] in determining the applicable limitations period, this Court, guided by the Erie doctrine, must apply [*9] the statutes of limitations of the forum state in diversity cases. *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S. Ct. 1464, 89 L. Ed. 2079 (1945); *see Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). A federal court sitting in diversity is required to apply Delaware's borrowing statute, 10 Del.C. § 8121, when the cause of action arises outside of Delaware. *See Ontario Hydro v. Zallea Systems, Inc.*, 569 F. Supp. 1261, 1264 (D. Del. 1983). Since the litigants agree the breach of Contract occurred outside of Delaware, the Court is required to apply the Delaware borrowing statute, which states in pertinent part:

[HN7]
Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such a cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action.

10 Del.C. § 8121.

The borrowing statute by its terms requires the Court to apply the shorter of Delaware's statute of limitations n4 or the statute of limitations [*10] of the state where the cause of action arose. The parties are not in agreement as to whether the cause of action arose in Virginia or New Hampshire. The Court need not decide whether the cause of action arose in Virginia or New Hampshire because in either case this lawsuit had to be filed, at the most, within a period of three years from the time American learned of the Contract breach, so as too not run afoul of Delaware's three-year statute of limitations.

   n4 Delaware's three-year statute of limitations set forth in 10 Del.C. § 8106 applies as this a breach of contract claim.

Whether the statute of limitation began to run when Colley refused to pay the invoice on July 19, 1994 or when American's letter dated June 6, 1995 was received is not dispositive. It is clear that at least as of June 6, 1995, American had notice that Colley had breached the Contract. Either date is more than three years before American filed this lawsuit on July 8, 1998. Therefore, the Court holds that this lawsuit is time barred. [*11]

V. CONCLUSION

For the reasons stated above, defendants' motion for summary judgment will be granted.

ORDER

At Wilmington this 15th day of April, 1999, for the reasons set forth in the Memorandum Opinion issued this date,

IT IS ORDERED THAT defendants' motion for summary judgment is granted.

Murray M. Schwartz

United States District Judge

# TAB 3

LEXSEE

PAUL BOERGER t/a CANBY PARK APARTMENTS, Plaintiff, v. COMMERCE INSURANCE SERVICES and VINCENT PANARELLO, Defendants/Cross-Defendants Third-Party Plaintiffs, v. MT. HAWLEY INSURANCE COMPANY, a subsidiary of RLI INSURANCE GROUP, Third-Party Defendant, AMERICAN MARKETING CENTER, INC., a division of CRC INSURANCE SERVICES, INC., Third-Party Defendant Cross-Claimant.

Civil Action No. 04-1337

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

2005 U.S. Dist. LEXIS 30239

November 28, 2005, Decided
November 28, 2005, Filed

NOTICE: [*1] NOT FOR PUBLICATION

SUBSEQUENT HISTORY: Motion granted by, in part, Motion denied by, in part, Claim dismissed by Boerger v. Commerce Ins. Servs., 2005 U.S. Dist. LEXIS 35024 (D.N.J., Dec. 8, 2005)

PRIOR HISTORY: Boerger v. Commerce Ins. Servs., 2005 U.S. Dist. LEXIS 26350 (D.N.J., Nov. 1, 2005)

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff insured filed an action against defendants, an insurance services company and an individual, alleging breach of contract and negligence. Defendants filed a third-party action against third-party defendant insurance company, and after defendants filed that action, the insured filed a motion, pursuant to Fed. R. Civ. P. 15, seeking leave to assert his claims directly against the insurance company and to add a claim for bad faith.

OVERVIEW: The insured sought reimbursement from the insurance company after an apartment building he owned was damaged in a fire. After the insurance company paid the insured $ 450,000, he sued an insurance services company and an individual, claiming that he was underinsured because of their conduct. He filed that suit in March 2004, and the insurance services company and individual filed a third-party action against the insurance company in November 2004. On September 20, 2005, the insured sought leave to amend his complaint to add the insurance company as a defendant and to add a claim of bad faith against all defendants. The court held that (1) a provision in the insurance policy the insured purchased gave him one year to file an action against the insurance company on any claim which arose under the policy, and the provision was valid; (2) claims which the insured wanted to assert against the insurance company were time-barred under the policy, and neither Fed. R. Civ. P. 14 nor Fed. R. Civ. P. 15 permitted him to amend his complaint; but (3) the insured could amend his complaint to add a claim alleging that the insurance services company and the individual acted in bad faith.

OUTCOME: The court denied the insured's motion for leave to amend his complaint to assert claims directly against the insurance company, but granted the insured's motion for leave to amend his complaint to add a claim of bad faith against the insurance services company and the individual.

CORE TERMS: third-party, motion to amend, notice, amend, limitation period, one-year, new party, occurrence, futility, futile, dilatory, motive, two-year, statute of limitations, proposed amendment, period provided, undue prejudice, involvement, prejudiced, freely, insurance coverage, insurance policy, statute of limitation, legally insufficient, constructive notice, breach of contract, opposing party, timely notice, third party, set forth

Page 1

LexisNexis(R) Headnotes

*Contracts Law > Remedies*
*Insurance Law > Claims & Contracts > Claims Made Policies > Coverage*
[HN1] The New Jersey Supreme Court has routinely upheld contract provisions that create a one-year time limitation in which claimants may bring suit. The Delaware Supreme Court has also held that a one-year period of limitation of suit contained in an insurance policy is reasonable and binding upon the insured.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings*
[HN2] Fed. R. Civ. P. 15 encourages and provides for a liberal policy for amending pleadings. Under Rule 15(a), leave to amend pleadings shall be freely given when justice so requires. In Froman v. Davis, the United States Supreme Court articulated the liberal policy of allowing amendments underlying Rule 15(a) as follows: if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or undeclared reasons, such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., the leave sought should, as the rules require, be freely given.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings*
[HN3] A trial court's discretion under Fed. R. Civ. P. 15 must be tempered by considerations of prejudice to the nonmoving party, for undue prejudice is the touchstone for the denial of leave to amend. In the absence of substantial or undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed, or futility of amendment.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings*
[HN4] Although courts place a heavy burden on opponents of motions to amend, it is well established that futility of amendment is one of the factors that may be considered by a federal district court in denying a motion to amend. "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing futility, a district court must apply the same standard of legal sufficiency that applies under Fed. R. Civ. P. 12(b)(6). Thus, if the proposed amendment is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend. If a proposed amendment is not clearly futile, then denial of leave to amend is improper. The United States Court of Appeals for the Third Circuit has held that an amendment is futile when the claims asserted by the plaintiff are time-barred under the state of limitations.

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss*
*Civil Procedure > Pleading & Practice > Pleadings*
[HN5] To demonstrate that a claim is legally insufficient on its face, and that it could not withstand a motion to dismiss, the opposing party must be able to demonstrate that it appears beyond doubt that the party who filed the claim can prove no set of facts in support of the claim which would entitle him or her to relief.

*Civil Procedure > Pleading & Practice > Pleadings > Impleader*
[HN6] See Fed. R. Civ. 14(a).

*Civil Procedure > Pleading & Practice > Pleadings > Impleader*
*Governments > Legislation > Statutes of Limitations > Tolling*
[HN7] The joinder of a third-party defendant in and of itself does not assert a claim by the plaintiff against the third-party defendant, but is merely an assertion of a right by the original defendant against someone not a party to the action. In Frankel v. Back, the United States District Court for the Eastern District of Pennsylvania found that it was well-established that the filing of a third-party complaint by the original defendant does not toll the running of the statute of limitations on a cause of action between the plaintiff and the third-party defendant.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > Relation Back*

*Governments > Legislation > Statutes of Limitations > General Overview*
[HN8] Fed. R. Civ. P. 15(c) provides three different scenarios where relation back will permit a plaintiff to overcome an expired statute of limitation.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > Relation Back*
[HN9] Fed. R. Civ. P. 15(c)(1) provides that relation back is proper when it is permitted by the law that provides the statute of limitations applicable to the action.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > Relation Back*
[HN10] Fed. R. Civ. P. 15(c)(2) provides that relation back is proper when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. The United States Court of Appeals for the Third Circuit has held that Rule 15(c)(2) only applies to amendments asserting new claims or defenses against an existing defendant.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > Relation Back*
[HN11] Fed. R. Civ. P. 15(c)(3) provides that relation back is proper when an amendment changes the party or the naming of the party against whom a claim is asserted if Fed. R. Civ. P. 15(c)(2) is satisfied and, within the period provided by Fed. R. Civ. P. 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. The United States Court of Appeals for the Third Circuit has held that when a proposed amendment changes the party or the naming of the party against whom the claim is asserted, Fed. R. Civ. P. 15(c)(3) must be satisfied. To determine if a party is a new party, the court must consider whether the party had timely notice of the original complaint and was an intended defendant of the original complaint. The court of appeals has held that where a party is neither named in the complaint nor named as a "John Doe" defendant, and has no reason to know he is an intended party, the relation back inquiry is governed under the new party standard of Rule 15(c)(3).

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > Relation Back*
[HN12] Fed. R. Civ. P. 15(c)(3) requires that (1) a claim against a newly named party have arisen out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; (2) the party receive such notice that the party will not be prejudiced in maintaining a defense on the merits, and (3) the party knew or should have known that, but for a mistake by the plaintiff, the action would have been brought against the newly named party. Moreover, the notice requirements outlined in Rule 15(c)(2) and (3) must be met within the 120-day period provided by Fed. R. Civ. P. 4(m). Notice may be deemed to have occurred when a party, having some reason to expect its potential involvement as a defendant, hears of the commencement of the action through either formal or informal means.

**COUNSEL:** Robin J. Gray, Esquire, Law Offices of Robin J. Gray, Esquire, Reading, PA, for Paul Boerger t/a Canby Park Apartments.

Christopher P. Leise, Esquire, Robert E. Campbell, Esquire, White and Williams, LLP, Cherry Hill, NJ, for Commerce Insurance Services and Vincent Panarello.

Michael F. Henry, Esquire, Cozen O'Connor, Philadelphia, PA, for Mt. Hawley Insurance Co., a subsidiary of RLI Insurance Group.

**JUDGES:** Rodriguez, Senior District Judge.

**OPINIONBY:** Joseph H. Rodriguez

**OPINION:**

OPINION

**Rodriguez, Senior District Judge:**

This matter comes before the Court on Plaintiff Paul Boerger, t/a Canby Park Apartment's Motion to Amend Plaintiff's Complaint [33], pursuant to Fed. R. Civ. P. 15. Plaintiff seeks to add claims against Mt. Hawley Insurance Co. ("Mt. Hawley") for breach of contract and against Mt. Hawley, Commerce Insurance Services and Vincent Panarello for bad faith. For the reasons discussed below, Plaintiff's motion will be granted in part and

denied in part.

## I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiff Paul Boerger ("Plaintiff"), owner of Canby Park Apartments ("Canby Park"), [*2] originally brought breach of contract and negligence claims against Defendants Commerce Insurance Services ("CIS") and Vincent Panarello ("Panarello") (collectively referred to as "Defendants") on March 31, 2004. See Compl. The claims derive from a December 23, 2002 fire that caused substantial loss to one of the Canby Park buildings. (Compl. P 12.) The property was insured by Mt. Hawley, (Compl. P 11), and procured by Defendants, (Compl. P 10).

Theses issues arose when Plaintiff discovered that the insurance coverage was less than what he believed it to be. Mt. Hawley's insurance adjuster determined the cost of repair to be approximately $ 700,000. (Compl. P 14.) Plaintiff later received the proof of loss from Mt. Hawley's adjuster, showing the policy limit on the building to be $ 450,000. Boerger accepted a "partial claim" from Mt. Hawley on June 12, 2003. (Mt. Hawley Mot. to Dismiss Third-Party Compl., Exh. J.) In his original Complaint, Plaintiff sought the difference in the repair costs and amount received from Mt. Hawley. Defendants filed a third-party complaint against Mt. Hawley on November 18, 2004 for their responsibility in the transaction.

Plaintiff now wishes to [*3] add Mt. Hawley as a direct defendant for those claims as well as a claim of bad faith against each defendant. Plaintiff filed this Motion to Amend on September 20, 2005 claiming that because information was limited at the time of the original filing, it was previously unclear whether Mt. Hawley could be liable for the insurance coverage error that occurred. Plaintiff claims that at the time the original Complaint was filed, he was under the belief that Defendants provided Mt. Hawley with inaccurate information. However, Plaintiff has recently come to understand that Mt. Hawley may also be liable for incorrect policy provisions as well as failing to properly adjust the claim. Plaintiff seeks to add bad faith claims against all Defendants because they were not and are not willing to acknowledge that there are blatant errors between the insurance binder and the insurance policy.

## II. DISCUSSION

Plaintiff argues that his motion to amend should be granted because none of the current or proposed defendants will be prejudiced. In addition, Plaintiff argues that Mt. Hawley was on notice of his Complaint when Defendants filed the third-party action against it. Finally, Plaintiff [*4] argues that the statute of limitations does not prevent his amendment because the "relation back" principle allows him to use the filing date of the original Complaint. Defendants join in Plaintiff's motion to amend the Complaint to include claims against Mt. Hawley. Mt. Hawley argues that the motion should be denied as futile because the claims Plaintiff seeks to add are barred by the suit limitation period and are not saved by the "relation back" principle codified in Fed. R. Civ. P. 15.

### A. Policy Suit Limitation Clause

As an initial matter, the Court must determine whether the one-year or two-year suit limitation periods apply to this litigation. Mt. Hawley argues that the one-year suit limitation period applies because the suit arises as a result of a fire. Although Plaintiff does not explicitly argue that the two-year suit limitations period applies, the Court will assume that the argument is impliedly made.

[HN1] The New Jersey Supreme Court has "routinely upheld contract provisions that create a one-year time limitation in which claimants may bring suit." Eagle Fire Prot. Corp. v. First Indem. of America Ins. Co., 145 N.J. 345, 678 A.2d 699, 704 (N.J. 1996). [*5] In addition, even if Delaware law were to apply, the Delaware Supreme Court has held that "a one-year period of limitation of suit contained in an insurance policy is reasonable and binding upon the insured." Ottendorfer v. Aetna Ins. Co., 231 A.2d 263, 265 (Del. 1967).

There are two different suit limitation periods potentially applicable to this case. The first is located in section D of the "Commercial Property Conditions," which states that no legal action may be brought against the provider unless, inter alia, "the action is brought within two (sic) years after the date on which the direct physical loss or damage occurred." (Mt. Hawley Mot. to Dismiss, Exh. F.) The second is located in the "Suit" section of the "Standard Fire Provisions," which provides that no suit or action on the policy for recovery of a claim will be sustainable in a court of law or equity, if action is not commenced within twelve months after inception of the loss. Because this action arises as a result of a fire at a

covered building, and because the courts of New Jersey and Delaware have held one-year suit limitation periods reasonable and binding, the Court finds that the one-year [*6] suit limitation period applies to the issues before the Court.

**B. Amending the Pleadings Under Fed. R. Civ. P. 15(a)**

[HN2] Federal Rule of Civil Procedure 15 ("Rule 15") encourages and provides for a liberal policy for amending pleadings. Under Rule 15(a), leave to amend pleadings "shall be freely given when justice so requires." In Foman v. Davis, the Supreme court articulated the liberal policy of allowing amendments underlying Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or undeclared reasons--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). [*7] The Third Circuit has elaborated on the proper analysis to apply:

> [HN3] The trial court's discretion under Rule 15, however, must be tempered by considerations of prejudice to the non-moving party, for undue prejudice is the "touchstone for the denial of leave to amend." . . . In the absence of substantial or undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.

Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, 663 F.2d 419, 425 (3d Cir. 1981) (citing Cornell & Co. v. Occupational Safety and Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978); see also Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989).

[HN4] Although courts place a heavy burden on opponents of motions to amend, it is well established that the futility of amendment is one of the factors that may be considered by the Court in denying a motion to amend. Foman, 371 U.S. at 182; see also Fed. Deposit Ins. Corp. v. Bathgate, 27 F.3d 850, 874 (3d Cir. 1994); [*8] Averbach v. Rival Mfg. Co., 879 F.2d 1196, 1203 (3d Cir. 1989). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane, 213 F.3d at 115. In assessing futility, a district court must apply the same standard of legal sufficiency that applies under Fed. R. Civ. P. 12(b)(6). Id. (citing 3 Moore's Federal Practice, P 15.15[3], at 15-47 to -48 (3d ed. 2000)). n1 Thus, if the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend. If a proposed amendment is not clearly futile, then denial of leave to amend is improper." Wright, Miller & Kane, Federal Practice and Procedure § 1487 at 637-642 (2d ed. 1990) (footnote omitted). n2 Finally, the Third Circuit has held that an amendment is futile when the claims asserted by the plaintiffs are time-barred under the state of limitations. In re NAHC, Inc., Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

---

n1 In addition, the court is "not permitted to go beyond the facts alleged in the Complaint and the documents on which the claims made therein were based." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1425 (3d Cir. 1997).

[*9]

n2 [HN5] To demonstrate that a claim is "legally insufficient on its face," and that it could not withstand a motion to dismiss, the opposing party must be able to demonstrate that "it appears beyond

doubt that the [party] can prove no set of facts in support of [the] claim which would entitle [the party] to relief." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).

### 1. Adding Mt. Hawley as Direct Defendant

Mt. Hawley challenges Plaintiff's motion to amend on the basis that the action is futile because the claims are time-barred by the one-year suit limitation under the fire policy. Plaintiff suffered a loss from the fire on December 23, 2002. He asserted a direct claim against Mt. Hawley for the first time September 20, 2005, the date of his motion to amend. This represents a lapse of time of approximately two years and nine months. Therefore, it is clear that Plaintiff failed to file suit against Mt. Hawley within the one-year suit limitation period. n3 Accordingly, Plaintiff's motion to amend the complaint should be denied as futile, unless the suit limitations has been tolled. [*10]

> n3 It should also be noted that Plaintiff also failed to bring his suit against Mt. Hawley within even the two-year suit limitation period.

There are two methods that would allow Plaintiff to claim that the filing of his original complaint tolled the suit limitation period. The first is under Fed. R. Civ. P. 14(a), which applies when a defendant has filed a third-party complaint against the party the plaintiff seeks to add. The second is under Fed. R. Civ. P. 15(c), which allows the plaintiff to add a defendant or a claim upon satisfaction of certain requirements. Both situations are implicated here.

#### a. Bringing a Direct Claim Under Fed. R. Civ. P. 14(a)

Fed. R. Civ. 14(a) states, in pertinent part, that:

> [HN6] The Plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject [*11] matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert any defenses as provided in Rule 12 and any counterclaims and cross-claims as provided in Rule 13.

Fed. R. Civ. P. 14(a) (2000) ("Rule 14(a)"). [HN7] The joinder of a third-party defendant in and of itself does not assert a claim by the plaintiff against the third-party defendant, but is merely an assertion of a right by the original defendant against someone not a party to the action. Frankel v. Back, 37 F.R.D. 545, 547 (E.D.Pa. 1965). In Frankel, the district court found that it was "well established that the filing of a third party complaint by the original defendant does not toll the running of the Statute of Limitations on a cause of action between the plaintiff and the third party defendant." Id. (citing Hankinson v. Pennsylvania R.R. Co., 160 F. Supp. 709 (E.D.Pa. 1958)).

Mt. Hawley contends that Plaintiff could have filed direct claims without leave of the Court when the third-party amended complaint was filed in November 2004. At that time, Plaintiff would have been within [*12] the two-year suit limitation of the commercial property policy. However, at the present time, both suit limitation periods have expired and because joinder of a third-party defendant does not toll the suit limitations period, Rule 14(a) does not operate to effectuate Plaintiff's goal.

#### b. Relating Back to Original Complaint Under Fed R. Civ. Pro. 15(c)

[HN8] Fed. R. Civ. P. 15(c) provides three different scenarios where relation back will permit a plaintiff to overcome an expired statute of limitation. Mt. Hawley contends that none of the provisions in Rule 15(c) are applicable in this case. Mt. Hawley argues that Rule 15(c)(1) and (2) govern the situation where a party seeks to amend its pleading to add additional claims against an existing defendant. Mt. Hawley suggests that these provisions are not applicable to this case because Plaintiff is trying to add a new party to the suit. Moreover, Mt. Hawley argues that Rule 15(c)(3) only applies where a party is changed or added due to a technicality or deficient original complaint. Each provision will be taken in turn.

##### 1. Fed. R. Civ. P. 15(c)(1) [*13]

[HN9] Fed. R. Civ. P. 15(c)(1) provides that relation

Page 6

back is proper when "[it] is permitted by the law that provides the statute of limitations applicable to the action." Fed. R. Civ. P. 15(c)(1) (1993) ("Rule 15(c)(1)"). Here, the suit limitation period, rather than the statute of limitation under state law, governs the situation facing the Court. The suit limitation period in the insurance policy does not have any language regarding relation back. Therefore, Rule 15(c)(1) is not applicable.

### 2. Fed. R. Civ. P. 15(c)(2)

[HN10] Fed. R. Civ. P. 15(c)(2) provides that relation back is proper when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2) (1993) ("Rule 15(c)(2)"). The Third Circuit has held that Rule 15(c)(2) only applies to amendments asserting new claims or defenses against an existing defendant. Green v. Robinson, 112 Fed. Appx. 165, 168 (3d Cir. 2004). [*14] Mt. Hawley is not an existing defendant because Plaintiff does not have, currently, any claims against it. Therefore, relation back under Rule 15(c)(2) is not proper.

### 3. Fed. R. Civ. P. 15(c)(3)

[HN11] Fed. R. Civ. P. 15(c)(3) provides that relation back is proper when:

> the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(3) (1993) ("Rule 15(c)(3)").

The Third Circuit has held that when a proposed amendment changes "the party or the naming of the party against whom [the] claim is asserted," Rule 15(c)(3) [*15] must be satisfied.. Garvin v. City of Phila., 354 F.3d 215, 222 (3d Cir. 2003); see also Green, 112 Fed. Appx. at 168 (holding that "Rule 15(c)(3) applies to amendments which add claims against a new party"). To determine if a party is a "new party," the Court must consider whether the party had timely notice of the original complaint and was an intended defendant of the original complaint. Id. at 169. The Third Circuit has held that where a party is neither named in the complaint nor named as a "John Doe" defendant, and has no reason to know he is an intended party, the relation back inquiry is governed under the new party standard of Rule 15(c)(3). n4

> n4 The Third Circuit has held that a party may be on either actual or constructive notice. Garvin, 354 F.3d at 223. Constructive notice can be imputed under two circumstances: (1) the "shared attorney" method; and (2) the "identity of interests" method. Id. "The relevant inquiry under [the shared attorney] method is whether notice of the institution of this action can be imputed to [the defendant sought to be named] within the relevant 120 day period . . . by virtue of representation [he] shared with a defendant originally named in the lawsuit." Id. Under the identity of interests method, the Court will "impute notice if the parties are so closely related in their business operations or other activities that filing suit against one serves to provide notice to the other of the pending litigation." Id. Neither Plaintiff nor Defendants argue that either of these methods apply to this case. Therefore, the Court finds that there is no constructive notice of the suit imputable to Mt. Hawley.

[*16]

Here, there is no question as to whether Plaintiff was aware of Mt. Hawley's identity because he had been in contact with Mt. Hawley after the fire, as evidenced by the "partial claim" dated June 12, 2003. Yet, Plaintiff did not seek to file a claim against Mt. Hawley until September 20, 2005, the date it filed the motion to amend, and more than two years after learning that there

Page 7

was an issue with the insurance coverage. It is reasonable to believe that Mt. Hawley was not on notice that it was an "intended defendant" of the original Complaint, because Plaintiff did not file a direct claim against Mt. Hawley during that period. Therefore, the Court finds that Mt. Hawley is a "new party" for purposes of Rule 15(c)(3). Accordingly, Plaintiff must satisfy the requirements of Rule 15(c)(3) in order to be successful.

[HN12] Rule 15(c)(3) requires that: (1) the claim against the newly named party have arisen "out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading"; (2) the party receive such notice that the party will not be prejudiced in maintaining a defense on the merits, and (3) the party knew or should have known that "but for a mistake" [*17] by Plaintiff, "the action would have been brought against [the newly named party]. Singletary v. Penn. Dept. of Corr., 266 F.3d 186, 193-94 (3d Cir. 2001) (citing Fed. R. Civ. P. 15(c)(3), 15(c)(3)(A), 15(c)(3)(B). Moreover, the notice requirements outlined in (2) and (3) above must be met within the 120-day period provided by Fed. R. Civ. P. 4(m). Id. Notice may be deemed to have occurred when a party, having some reason to expect its potential involvement as a defendant, hears of the commencement of the action through either formal or informal means. Id. at 195.

The parties do not dispute that the additional claims against Mt. Hawley arise out of the conduct, transaction or occurrence in the original complaint. Where the parties do disagree is whether Mt. Hawley received timely notice, as required by the remaining two conditions of Rule 15(c)(3). However, Mt. Hawley was not notified, either formally or informally, of its potential involvement as a direct defendant of Plaintiff within [*18] the requisite 120 days. Plaintiff claims in his reply brief that Mt. Hawley was on notice of possible direct claims when Defendants filed the third-party complaint against Mt. Hawley. However, the third-party complaint was not filed until November 2004, approximately seven months after the original complaint had been filed and well beyond the 120-day period provided for under Rule 4(m).

Moreover, Plaintiff knew Mt. Hawley's identity and role in the transaction at issue soon after, if not before, the fire. Plaintiff also was aware that the Defendants had filed a third-party action against Mt. Hawley and yet did not decide to file a direct claim until September 20, 2005. In addition, Plaintiff has not argued that a mistake occurred concerning the identity of Mt. Hawley, as required by Rule 15(c)(3)(B). Therefore, Plaintiff has failed to meet the requirements of Rule 15(c)(3) because Mt. Hawley was not on notice of its potential involvement as a direct defendant within the applicable 120-day time period required under Rule 4(m). n5 Accordingly, Plaintiff's motion to amend the Complaint to add direct claims against Mt. Hawley will be denied.

> n5 Even if the new claims could "relate back" to the filing of the original complaint, the suit limitation would preclude amendment. The building at Canby Park was damaged by fire on December 23, 2002. Under the fire policy provisions, suit or action on the policy must be commenced within 12 months after the loss. Because the original complaint was not filed until March 31, 2004, approximately one year and three months after the loss, the suit would be time barred.

[*19]

**2. Adding Bad Faith Claim Against All Defendants**

Plaintiff also seeks to amend the complaint to include bad faith claims against CIS, Panarello and Mt. Hawley. In their brief supporting Plaintiff's motion to amend the complaint, Defendants do not challenge the addition of the bad faith claims against them.

However, even if Defendants had challenged the additional claims, Plaintiff would be allowed to amend the complaint under the liberal standard that leave should be "freely given" barring any prejudice, bad faith or dilatory motives. On the arguments and record presented, the Court is unable to find any prejudice, bad faith or dilatory motives with regard to Plaintiffs motion to amend as it relates to Defendants. n6 However, for the reasons stated above, Plaintiff's arguments to amend the complaint to add a claim of bad faith against Mt. Hawley must be rejected. Accordingly, Plaintiff's motion to amend will be granted in part and denied in part. As to Defendants, the motion will be granted; as to Mt. Hawley, the motion will be denied.

n6 Moreover, if Defendants argued that the statute of limitations on the proposed claims had run, the amendment would relate back under 15(c)(2) because the bad faith claim arises out of the "conduct, transaction or occurrence" referred to in the original complaint.

[*20]

## III. CONCLUSION

Based on the foregoing, Plaintiff's motion to amend his original Complaint pursuant to Fed. R. Civ. P. 15 will be granted in part and denied in part. The motion will be granted in so far as it seeks to add bad faith claims against Defendants CIS and Panarello, but will be denied in so far as it seeks to add Mt. Hawley as a direct defendant.

An appropriate Order will issue this date.

/S/ Joseph H. Rodriguez

Joseph H. Rodriguez, U.S.D.J.

Dated: November 28th, 2005

**ORDER**

This matter having come before the Court on motion of Plaintiff Paul Boerger t/a Canby Park Apartments to amend the original complaint [33], pursuant to Fed. R. Civ. P. 15; and the Court having considered the parties' submissions; and for good cause shown;

**IT IS** this 28th day of November 2005 hereby

**ORDERED** that Plaintiff's Motion to Amend [33] is **GRANTED IN PART AND DENIED IN PART.** Plaintiff's motion will be granted in so far as it seeks to add bad faith claims against Defendants Commerce Insurance Services and Vincent Panarello, but will be denied [*21] in so far as it seeks to add Mt. Hawley as a direct defendant.

/S/ Joseph H. Rodriguez

JOSEPH H. RODRIGUEZ

United States District Judge