IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UD TECHNOLOGY CORPORATION, a non-profit organization of the UNIVERSITY OF DELAWARE | § § § § | |
| Plaintiff, | § § | C.A. No. 05-842-GMS |
| v. | § § § | **TRIAL BY JURY OF TWELVE DEMANDED** |
| PHENOMENEX, INC., and RESEARCH CORPORATION TECHNOLOGIES | § § § § § | |

**REPLY BRIEF REGARDING PLAINTIFF UD TECHNOLOGY
CORPORATION'S MOTION TO AMEND COMPLAINT**


McCARTER & ENGLISH, LLP


/s/ Michael P. Kelly

Michael P. Kelly, Esq. (#2295)
James J. Freebery, Esq. (#3498)
Christopher A. Selzer, Esq. (#4305)
919 North Market Street, Suite 1800
Wilmington, DE 19899
(302) 984.6300 telephone
**Attorneys for Plaintiff**

September 1, 2006

**TABLE OF CONTENTS**

Page

FACTUAL BACKGROUND ....................................................................................................1

ARGUMENT .................................................................................................................................5

    I.      Phenomenex Has Articulated No Basis For Denying UDTC Leave To Amend Its Complaint – There Is No Prejudice And The Concept Of Futility Is Inapplicable ..............................................................................................5

CONCLUSION ..............................................................................................................................8

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004) .................................................................. 7

*Berkshire Fashions, Inc. v. The M.V. Haqusan II*, 954 F.2d 874 (3d Cir. 1992) ................ 5

*Buckley v. Music Corporation of America*, 2 F.R.D. 328 (D.Del. 1942) ........................... 6

*Conley v. Gibson*, 355 U.S. 41 (1957) ................................................................................ 7

*Filmtec Corp. v. Hydranautics*, 67 F.3d 931 (Fed. Cir. 1995) ........................................... 5

*Foman v. Davis*, 317 U.S. 178 (1962) ................................................................................ 6

*J.E. Mamiye & Sons, Inc. v. Fidelity Bank*, 813 F.2d 610 (3d Cir. 1987) .......................... 6

*Jenn-Air Products Co., v. Penn Ventilator, Inc.*, 283 F. Supp. 591 (D.C. Pa. 1968) .......... 6

*Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000) ................................................................... 7

## FEDERAL STATUTES

Fed.R.Civ.P. 12(b) .............................................................................................................. 3

Fed.R.Civ.P. 15(a) .............................................................................................................. 5

## OTHER AUTHORITIES

3 James Wm. Moore et al., Moore's Federal Practice §15.14[1] (3d Ed.) ......................... 5

3 James Wm. Moore et al., Moore's Federal Practice §15.15[3] (3d Ed.) ......................... 6

ME1\5814554.1

## **FACTUAL BACKGROUND**

This case is about Phenomenex, Inc.'s ("Phenomenex") covert theft and unauthorized use of UD Technology Corporation's ("UDTC") highly valuable patented technology. This latest round of briefing is just another step in Phenomenex's scheme to avoid the day of its reckoning. UDTC in good faith provided Phenomenex significant additional time to identify any prejudice or undue delay which UDTC's proposed Amended Complaint would visit upon it. (*See* Exhibit A, D.I. 40) (Stip. Br. Sch.). Instead, Phenomenex, under cover of an opposition to UDTC's Motion to Amend the Complaint, filed too late on August 22, 2006 a prolix and redundant third brief in support of its still pending Motion to Dismiss UDTC's initial Complaint. UDTC's effort through its Motion to Amend the Complaint to simplify the pleadings for the Court and the parties in no way justifies Phenomenex's improper and calculated 36 page addition to the 60 pages of briefing it already submitted on its Motion to Dismiss. Regardless, none of the issues Phenomenex raises in its proffered Memorandum Of Law In Opposition To Plaintiff's Motion To Amend The Complaint (D.I. 41, "Memorandum") are even germane to the issue at hand – whether Phenomenex would be prejudiced or delayed by the proposed amendment – and none need be considered by the Court.[1]

In December 2005, UDTC, assignee of the University of Delaware, filed its Complaint against Phenomenex for, *inter alia*, patent infringement. (D.I. 1). The gravamen of the Complaint is that Phenomenex improperly took and then used UDTC's patented technology, which has a proven worth of millions of dollars. UDTC's Complaint also included contract and

---

[1] Phenomenex has argued, in its first round of briefing and now, that the factual predicate for UDTC's standing is insufficient. UDTC, however, has alleged and pleaded that it possesses all rights under the relevant patents. (Complaint at ¶ 8, 30; Amended Complaint at ¶ ¶ 8-10). Phenomenex's attempt to argue this fact issue is premature; such issues may be considered, if at all, only at the summary judgment stage, after discovery is completed.

1

tort claims against Research Corporation Technologies ("RCT"). RCT, which for a time was assigned the relevant patents for the purpose of commercializing the technology, had disclosed to Phenomenex such technology on confidential terms. It is undisputed that UDTC and RCT are the only two possible owners of the relevant patent rights.

In February 2006, Phenomenex filed its Answer to UDTC's Complaint. (D.I. 21). Despite filing an Answer, Phenomenex also filed a Motion to Dismiss the Complaint ("Motion to Dismiss") (D.I. 22) which, among other things, challenged UDTC's standing to claim pre-2001 patent infringement damages due to some unspecified technical failure in the chain of assignments of the relevant patents from RCT to UDTC. In essence, Phenomenex's Motion to Dismiss argued that UDTC cannot sue for damages arising from Phenomenex's infringement before July 2001, because RCT at that time owned the relevant patent rights. Briefing on Phenomenex's Motion to Dismiss was completed on March 3, 2006.

RCT also filed a Motion to Dismiss UDTC's Complaint, in January 2006. (D.I. 14). RCT maintained that any possible interest it had in the outcome of UDTC's suit would arise solely from a contract between it and UDTC. RCT also maintained it was not an appropriate party in this patent infringement litigation. RCT (1) did not assert that it owned the right to pursue Phenomenex for pre-2001 infringement, (2) never challenged UDTC's claim to sue for such past infringement, and (3) did not in any way signal that it believed claims to pre-2001 patent infringement had been relinquished or abandoned. Notably, RCT also did not file a cross claim against its co-defendant Phenomenex for the patent infringement damages sought by UDTC because it understood that UDTC – not RCT – possessed all the rights to the relevant patents. RCT, which agreed that Phenomenex's claim that RCT retained any right or interest in such patents is spurious, recognizes UDTC as the sole holder of all such rights, including the

2

right to sue Phenomenex for its many years of clandestine infringement. RCT's acknowledgment of that fact obviated any possible dispute between RCT and UDTC which, as noted, are the only possible owners of the relevant patent rights. On July 21, 2006, UDTC dismissed RCT from this action.

That same day, July 21, 2006, UDTC submitted a one-page Motion to File Amended Complaint ("Motion") (D.I. 38). The proposed Amended Complaint presents no new allegations against Phenomenex. The Amended Complaint in fact changes nothing in UDTC's original Complaint, other than removing the allegations against RCT and highlighting RCT's acknowledgment that UDTC owns all the relevant patent rights. The purpose of the proposed amendment is not to raise any new claims, but rather to prevent the inconvenience, burden and expense to the Court and the parties of having to reference, throughout the entire course of this litigation, a Complaint which contained multiple – and no longer necessary – allegations against a dismissed party.

Phenomenex now asserts that "[h]ad UDTC followed Rule 7.1.1," it would have stipulated to UDTC's Amended Complaint. (E.g., Phenomenex Memorandum, D.I. 41, at 1). What Phenomenex fails to disclose, however, are its take-it-or-leave-it conditions for that stipulation – (i) that it would be allowed to withdraw its Answer to the original Complaint (which procedurally destroys, under Fed.R.Civ.P. 12(b), its ability to file a Motion to Dismiss for failure to state a claim); (ii) that it would be allowed to withdraw its previously filed Motion to Dismiss; and (iii) that it would be allowed to file a second – and new – "responsive pleading." UDTC declined this offer, for a simple and compelling reason - the expenditure of yet more time and money on yet another round of briefing of the same issues was burdensome, unnecessary and unduly expensive. UDTC did, however, allow Phenomenex a significant extension of time to

ME1\5814554.1

file its response to the Motion and invited Phenomenex to articulate to it, and to the Court, how Phenomenex might be prejudiced by the proposed Amended Complaint.

Instead, on August 22, 2006 – one day late – Phenomenex filed its Memorandum. (D.I. 41). Phenomenex's Memorandum is a wolf in sheep's clothing. In the guise of an opposition to UDTC's simple one page Motion, Phenomenex has filed a 36 page tome which rehashes the arguments for dismissal already made in the 60 pages of briefing it previously submitted. Phenomenex's Memorandum does not identify **a single instance** of prejudice or delay occasioned by UDTC's proposed Amended Complaint and indeed, none exists. In fact, Phenomenex's Memorandum both expressly and tacitly acknowledges that no allegations against it were changed in the Amended Complaint, and that nothing in the proposed Amended Complaint affects the arguments made in its still pending Motion to Dismiss. Phenomenex simply wanted to re-brief its Motion to Dismiss.

Neither UDTC's proposed Amended Complaint nor the inapplicable concept of futility justifies Phenomenex's unprecedented attempt to supplement its already voluminous briefing on its Motion to Dismiss. Plaintiff respectfully submits that Phenomenex's transparent effort to reargue the very same dismissal issues it already briefed, and which have been and remain ripe for decision, should be rejected, unconsidered, by this Court.

## ARGUMENT

### PHENOMENEX HAS ARTICULATED NO BASIS FOR DENYING UDTC LEAVE TO AMEND ITS COMPLAINT – THERE IS NO PREJUDICE AND THE CONCEPT OF FUTILITY IS INAPPLICABLE.

Rule 15(a) of the F.R.Civ.P. directs that leave to amend "shall be freely given..." When considering whether to grant leave to amend a complaint, the Court's discretion should be guided by the underlying liberal purpose of allowing such amendments to facilitate a decision on the merits. *Filmtec Corp. v. Hydranautics,* 67 F.3d 931, 935 (Fed. Cir. 1995), (*cert. denied*), 519 U.S. 814 (1996); *Berkshire Fashions, Inc. v. The M.V. Haqusan II,* 954 F.2d 874, 887 (3d Cir. 1992). This "liberal, pro-amendment ethos [which] dominates the intent and judicial construction of Rule 15(a)," mandates that without some very substantial reason to deny leave to amend – typically prejudice or undue delay – such leave should, as the Rule itself states, be freely given. 3 Moore's Federal Practice §15.14[1] (3d Ed.), at 15.

UDTC's proposed amendment – intended solely to promote judicial economy, efficiency and docket management – manifestly is appropriate under this standard. The Amended Complaint presents no new allegations against Phenomenex. All UDTC has proposed is an Amended Complaint which (1) removes all allegations against RCT, a settling party, and (2) highlights RCT's acknowledgment – as the only other possible owner of rights under the patent other than UDTC – that UDTC in fact owns all such patent rights. Phenomenex by its Memorandum concedes the Amended Complaint will cause it no prejudice or delay, because it identifies none. The only prejudice or undue delay is this needless briefing exercise occasioned by Phenomenex's gamesmanship.

Phenomenex's attempted reliance on certain case law concerning futility of amendments does not breathe new life into its doomed argument for dismissal. Such dismissal indeed would

fly in the face of the fundamental doctrine which underlies "[t]he Federal Rules...the principle that the purpose of pleading is to facilitate a proper decision on the merits...If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be allowed to test his claim on the merits." *Foman v. Davis,* 317 U.S. 178, 182 (1962) (citations omitted). Not surprisingly, Phenomenex's position also is inconsistent with the policy of this Court, which has long recognized the basic procedural distinction between the liberal basis for allowance of an amended pleading, and those standards applicable under other procedural rules. *See, e.g., Buckley v. Music Corporation of America*, 2 F.R.D. 328, 331-332 (D.Del. 1942). In keeping with this rationale, the courts typically have held that a denial of leave to amend on the basis of the merits of the proposed amendment is strongly disfavored and have denied such leave only upon proof of the undue prejudice or delay such a request would cause an opponent. *See e.g. J.E. Mamiye & Sons, Inc. v. Fidelity Bank,* 813 F.2d 610, 613 (3d Cir. 1987); *Jenn-Air Products Co., v. Penn Ventilator, Inc., 283 F.Supp. 591* (D.C. Pa. 1968).

Phenomenex, in its rush to urge futility, gives serious consideration to not one of these salutary principles. It overlooks the liberal policy favoring amendment, the fact that UDTC's proposed amendments are not substantive, and its own concession that the proposed amendments will not cause it any prejudice or delay. Even more fundamentally, it also wholly ignores that in those rare cases where a finding of futility has been made, such finding still usually was premised on demonstrated prejudice or undue delay, for example where the amended complaint merely restates the same facts as the original dismissed complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss. 3 Moore's Federal Practice §15.15[3] (3d Ed.), at 15. The essential problem with Phenomenex's claim of futility is that none of these factors are operative.

First of all, Phenomenex has not given this Court a chance to rule on its long-perfected Motion to Dismiss, which asserts that UDTC's *initial* Complaint is insufficient. Indeed, that Motion – fully briefed – still is pending. There is, therefore, absolutely no basis for concluding the proposed Amended Complaint merely restates the same facts as an original dismissed complaint in different terms, reasserts a claim on which this Court previously ruled, or relies upon legal theories already found to be invalid. Phenomenex's position also founders on the elemental principle that no complaint ever should be dismissed unless it is beyond any doubt that there are no facts whatsoever to support relief. *Conley v. Gibson*, 355 US 41, 45-46 (1957). Here, that standard cannot possibly be met. UDTC has explicitly alleged it possesses all rights in the relevant patents, a fact which the only other potential owner of such rights – RCT – concedes. (Complaint, D.I. 1, at ¶ 8, 30; Amended Complaint, D.I. 38, at ¶¶ 8-10). Indeed, even Phenomenex's Memorandum acknowledges that UDTC has claimed full ownership of the patents and all rights therein. Finally, Phenomenex ignores the rule in this Circuit that precludes dismissal of a pleading without first allowing a curative amendment. *See, Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Shane v. Fauver*, 213 F3d 113, 115-116 (3d Cir. 2000). Not only has UDTC not filed a curative amendment; UDTC's proposed Amended Complaint is not even intended to be curative. It was filed only as a courtesy, and to streamline and simplify these proceedings.

Phenomenex's Memorandum is a ruse which should be disregarded. None of the substantive allegations against Phenomenex are changed. Phenomenex's Motion to Dismiss the Complaint remains pending. The causes of action asserted in the Complaint are more than sufficiently pleaded. Phenomenex's Motion to Dismiss therefore should be denied.

7

## **CONCLUSION**

Phenomenex admits the proposed Amended Complaint makes no substantive changes to the allegations against it. Phenomenex acknowledges the Amended Complaint does not affect any of the arguments for dismissal it already has made. The *sine qua non* of that acknowledgment is that another round of briefing on the same issues is wholly unnecessary; Phenomenex already has had 60 pages to present its grounds for dismissal.

Phenomenex's Memorandum is a bald attempt at using counsel's good faith effort to simplify this case, to try to secure an unwarranted second bite at the apple and to further delay the day it must answer for its transgressions. All of the arguments in its new Memorandum were made in the 60 pages of briefing it already submitted. Respectfully, those arguments hold no water. UDTC therefore respectfully requests that the Court (1) reject Phenomenex's unprecedented and improper Memorandum, (2) consider and then deny Phenomenex's Motion to Dismiss, and (3) allow this case to begin to proceed on the merits.

Respectfully submitted,

**McCARTER & ENGLISH, LLP**

/s/ Michael P. Kelly
_____
Michael P. Kelly, Esq. (#2295)
James J. Freebery, Esq. (#3498)
Christopher A. Selzer, Esq. (#4305)
919 North Market Street, Suite 1800
Wilmington, DE 19899
(302) 984.6300 telephone
**Attorneys for Plaintiff**

ME1\5814554.1