**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UD TECHNOLOGY CORPORATION,<br>A non-profit organization of the<br>UNIVERSITY OF DELAWARE | § § § § | |
| Plaintiff, | § | C.A. No. 05-842-GMS |
| v. | § § § § | **TRIAL BY JURY OF TWELVE DEMANDED** |
| PHENOMENEX, INC., and<br>RESEARCH CORPORATION<br>TECHNOLOGIES | § § § § | |

**PLAINTIFF'S MOTION TO RECONSIDER AND AMEND**
**<u>PARAGRAPH 1(a) OF THE ORDER OF JANUARY 4, 2007</u>**

**McCARTER & ENGLISH, LLP**

Michael P. Kelly, Esq. (#2295)
Richard Winchester, Esq. (#2641)
James J. Freebery, Esq. (#3498)
Christopher A. Selzer, Esq. (#4305)
919 North Market Street, Suite 1800
Wilmington, DE 19899
(302) 984.6300 telephone
**Attorneys for Plaintiff**

Dated: January 19, 2007

# TABLE OF CONTENTS

**TITLE** **PAGE**

TABLE OF CITATIONS .......... ii

NATURE AND STAGE OF THE PROCEEDINGS .......... 1

STATEMENT OF FACTS .......... 3

ARGUMENT .......... 5

I. Because A Finding that the Court Lacked Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) Does Not Operate as a Ruling upon the Merits of UDTC's Right to Sue_For Pre-2001 Patent Infringement, UDTC Should Be Permitted To Assert Such Claims .......... 5

CONCLUSION .......... 9



ME1\6101807.1

# TABLE OF CITATIONS

## FEDERAL CASES

**CASE** **PAGE**

***United States Supreme Court***

*Arbaugh v. Y & H Corp.*,
546 U.S. 500, 126 S.Ct. 1234, 163 L. Ed. 2d 1097, (2006) ........ 7

*Bell v Hood*,
327 U.S. 678 (1946) ........ 8

*Conley v. Gibson*,
355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) ........ 6

*Steel Co. v. Citizens For Better Environment*,
523 U.S. 83, S. Ct. 1003, 140 L. Ed. 2d 210, (1998) ........ 8

*Vogelstein v. National Screen Serv. Corp.*,
204 F. Supp. 591 (E.D. Pa. 1962),
*aff'd*, 310 F.2d 738 (3d Cir. 1962),
*cert. denied*, 374 U.S. 840, (1963) ........ 6

***Third Circuit Court***

*Figueroa v. Buccaneer Hotel Inc.*,
188 F.3d 172 (3d Cir. 1999) ........ 7

*Growth Horizons, Inc. v. Delaware County, Pa.*,
983 F.2d 1277 (3d Cir.1993) ........ 7

*Kehr Packages, Inc. v. Fidelcor, Inc.*,
926 F.2d 1406 (3d Cir.), *cert. denied*,
501 U.S. 1222, (1991) ........ 7

*Kiser v. General Electric Corp.*,
831 F.2d 423 (3d Cir. 1987) ........ 6

*Korvettes, Inc. v. Brous*,
617 F.2d 1021 (3d Cir. 1980) ........ 7

*Kulick v. Pocono Downs Racing Association, Inc.*,
816 F.2d 895 (3d Cir.1987) ........ 7

*Malaysia International Shipping Corp. v. Sinochem International Co.*,
436 F.3d 349 (3d Cir. 2006)........................................................................8

*Mortensen v. First Federal Sav. & Loan Association*,
549 F.2d 884 (3d Cir.1977)........................................................................7

*Pipe Liners, Inc. v. Pipelining Products, Inc.*,
2000 WL. 1251907 (D.Del. Aug. 9, 2000) ..........................................................5

*Ray v. Eyster*, (In re: Orthopedic "Bone Screw" Products Liability Litigation),
132 F.3d 152 (3d Cir. 1977)........................................................................7

***Other Circuits***

*Bogosian v. Woloohojian Realty Corp.*,
323 F.3d 55 (1st Cir.2003)........................................................................5

*Cinel v. Connick*,
15 F.3d 1338 (5th Cir. 1994) *cert. denied*
513 U.S. 868 (1994) ................................................................................7

*Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*,
6 F.3d 350, (5th Cir.1993) ........................................................................5, 6

*E.E.O.C. v. St Francis Xavier Parochial Sch.*,
117 F.3d 621 (D.C. Cir. 1997)....................................................................7

*F.D.I.C. v. World University Inc.*,
978 F.2d 10 (1st Cir.1992).........................................................................5

*Holland/Blue Streak v. Barthelemy*,
*849* F.2d *987* (5th Cir.1988)........................................................................7

*International Bhd. Of Boilermakers v. Local Lodge*, D354,
897 F.2d 1400 (7th Cir. 1990)......................................................................6

*Miller v. Stanmore*,
636 F.2d 986 (5th Cir. 1981)........................................................................6

*Thompson v. County of Franklin*,
15 F.3d 245 (2d Cir. 1994)..........................................................................7

*Unites States ex rel. Kreindler & Kreindler v. United Techs. Corp.*,
985 F.2d 1148 (2d Cir. 1993)
*cert. denied* 508 U.S. 973 (1993) ..................................................................8

*Venegas-Hernandez v. Sonolux Records*,
370 F.3d 183 (1st Cit. 2004) .......... 5, 6
*Yerret v. Elliot Equipment Corp.*,
734 F.2d 235 (5th Cir. 1984) .......... 7

**FEDERAL STATUTES**

28 U.S.C. §1332 .......... 10

28 U.S.C. §1653 .......... 6

Fed. R. Civ. P. 12(b)(1) .......... 5

Fed. R. Civ. P. 12(b)(1) .......... 8

Fed. R. Civ. P. 59(e) .......... 2

Fed. R. Civ. P. 59(e) .......... 10

**SECONDARY SOURCES**

Wright, Miller & Lane, Federal Practice
and Procedure, § 2810.1 (1995) .......... 5

**NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff UD Technology Corporation ("UDTC") filed its Complaint on December 5, 2005 against Defendants Phenomenex, Inc. ("Phenomenex") and Research Technologies Corporation ("RCT"). Thereafter, both Phenomenex and RCT filed Motions to Dismiss the Complaint. Phenomenex's Motion asserted, *inter alia*, that this Court lacked subject matter jurisdiction because UDTC failed to demonstrate that it possessed the right by assignment from RCT to the University of Delaware ("University") and again by assignment from the University to UDTC, to sue Phenomenex for its past patent infringement. (D.I. 23). Phenomenex's Motion also sought dismissal of all state law claims brought by UDTC upon the basis of ancillary jurisdiction. Briefing on the RCT and Phenomenex Motions closed on March 3, 2006 (D.I.'s 31-32). On May 21, 2006, UDTC and RCT reached an agreement to settle all claims between them and thereafter on July 21, 2006, filed a stipulation of dismissal of RCT, with prejudice. (D.I. 37). Also on July 21, 2006, UDTC filed its Motion to File an Amended Complaint. (D.I.38). On January 4, 2007, this Court issued its Opinion ("Opinion") and Order (the "Order"), resolving both Phenomenex's Motion to Dismiss, and UDTC's Motion to Amend. (D.I.'s 44 and 45).

The Order memorializes the rulings in the Opinion in pertinent part: "(1)...(a) UDTC's claim for patent infringement alleged to have occurred prior to August 10, 2001, is dismissed; (b)UDTC's claim for patent infringement alleged to have occurred after August 10, 2001, is conditionally dismissed, with UDTC having leave to provide a more definite statement, including evidence of an assignment from the University of Delaware to UDTC for alleged patent infringement occurring after August 10, 2001, within 30 days of this Order…". (D.I. 45). UDTC thus has been granted leave by the Court to allege additional facts which support its claim that this Court has jurisdiction over UDTC's claim to sue Phenomenex for infringement of the '625 patent for the period after August 10, 2001.

This is UDTC's Motion pursuant to Fed. R. Civ. P. 59(e), respectfully requesting that this Honorable Court reconsider and amend the Opinion and Order, paragraph 1(a), to bring such ruling in line with its ruling in paragraph 1(b) of the Order and to permit UDTC to present evidence that UDTC possesses the right to pursue, and this Court has subject matter jurisdiction to hear, UDTC's claims against Phenomenex for all of its patent infringement, including that infringement which occurred before August, 2001.

**STATEMENT OF FACTS**

The Complaint asserts claims for damages arising from Phenomenex's infringement of the '625 patent. UDTC not only alleged it possessed, but in fact possesses, all right, title and interest in the '625 patent, including the right to sue for past infringement of the '625 patent. On August 10, 2001, effective July 24, 2001, RCT assigned to the University, all right title, and interest in the '625 patent, including the right to sue for its past infringement. (Ex. A, attached hereto). In May 2004, the University assigned all right title and interest in the '625 patent to UDTC. (Ex. B.). On November 30, 2005, the University of Delaware executed a second assignment which conferred to UDTC all right title and interest in, including the right to sue for past infringement of, the '625 patent. (Ex. D).[1] Finally, in an effort to remove any doubt about what RCT actually assigned to the University of Delaware and thus what UDTC possessed by means of the assignment(s), RCT on June 29, 2006 by letter accompanying the executed settlement agreement – after briefing on the Motions to Dismiss was closed – re-affirmed the scope of its July 2001 assignment to the University of Delaware to make it clear that it assigned to UDTC and UDTC now possess all right, title and interest in, including the right to sue for past infringement of, the '625 patent. (Ex. C).[2]

The Opinion and Order

The Opinion's factual recitation does not need to be revisited for purposes of this Motion. The Opinion began by addressing Phenomenex's claim that the Court lacked subject matter

---

[1] UDTC also claims in its Complaint that the University of Delaware merely granted RCT certain rights to market and promote the technology, and that RCT was at all times relevant acting as the University's agent only. (Compl. ¶¶ 7, 15, 33, 34, )(D.I. 1). Thus, the Complaint articulated (in the alternative) that the University was at all times relevant the owner of the right to pursue Phenomenex for past infringement and that UDTC, the intellectual property management arm of the University, now possesses such rights by virtue of assignment. (Ex. C). The Opinion does not address whether UDTC adequately alleged ownership to the pre-2001 rights to sue for past patent infringement of the '625 patent as alternatively alleged in the Complaint.

[2] The Settlement between UDTC and RCT also resolved many other issues not present before this Court.

jurisdiction: "Phenomenex argues that UDTC lacks standing to assert a claim for patent infringement arising prior to 2001 because UDTC does not allege that UDTC was transferred the right to sue for past infringement, and its right to sue for post-2001 patent infringement is insufficiently pled." (Op., D.I. 44, at 5). In accepting Phenomenex's contentions the Court concluded:

> The Court agrees with Phenomenex that UDTC cannot pursue its claim for past infringement of the '625 patent before this forum...[and] the court also finds proof of subject-matter jurisdiction lacking for UDTC's post-2001 patent infringement claims.
> (Op., D.I. 44, at 9).

The Opinion stated UDTC did not present sufficient written evidence to demonstrate to the Court subject matter jurisdiction over the pre-2001 patent infringement claims, (Op., D.I. 44, at 17), and then concluded that as a result, any attempt by UDTC to supplement the written record would be unavailing.

## ARGUMENT

**I. Because A Finding that the Court Lacked Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) Does Not Operate as a Ruling upon the Merits of UDTC's Right to Sue For Pre-2001 Patent Infringement, UDTC Should Be Permitted To Assert Such Claims.**

In Delaware, to obtain relief under Federal Rule of Civil Procedure 59(e), one of three threshold requirements must be established: (1) there is an intervening change in controlling law; (2) new evidence has become available; or (3) there is a need to correct the Court's clear error of law or prevent manifest injustice. *Pipe Liners, Inc. v. Pipelining Products, Inc.*, 2000 WL 1251907 (D.Del. Aug. 9, 2000) (Robinson, J.)(*attached*) (*citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)). Rule 59(e) therefore permits a party to seek an amended judgment on the ground that the judgment is based on a manifest error of law or works a manifest injustice. *See Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 190 (1st Cit. 2004); *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 72 (1st Cir.2003); *F.D.I.C. v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir.1992); 11 Wright, Miller & Kane, Federal Practice and Procedure, § 2810.1 (West 1995). The Court's discretion when considering any motion to amend an order, "requires a balancing of the need for finality of judgments with the need to render a just decision." *Venegas-Hernandez*, 370 F.3d at 191 (*quoting Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir.1993)). UDTC submits such discretion should in this case be exercised.

The Court's Order appears to finally dismiss UDTC's pre-2001 patent infringement claims against Phenomenex on the ground it lacked subject matter jurisdiction. Respectfully, this was clear legal error. Once the Court found it lacked subject matter jurisdiction to entertain such claims, it was precluded from entering anything other than a dismissal without prejudice. Respectfully, such error was exacerbated by the Court's declining UDTC an opportunity to present all relevant factual evidence of the assignment(s) to it of such right, despite UDTC's

allegation on the face of its pleadings that it in fact had all right, title and interest in the '625 patent, including the right to sue Phenomenex for its past infringement. This clear legal error resulted in manifest injustice to UDTC. The Court's apparent intended final dismissal of UDTC's pre-2001 patent claims, of which the Federal Courts have sole and original jurisdiction, would work to deny UDTC any opportunity to replead and prosecute such claims in any other forum. Such an outcome would be wholly inconsistent with the Federal Rules of Civil Procedure and established precedent.

Courts must be cautious in assessing motions to dismiss, particularly where granting such a motion would terminate the litigation before the parties have had their day in court. *Venegas-Hernandez*, 370 F.3d at 191; *see also*, *Vogelstein v. National Screen Serv. Corp.*, 204 F.Supp. 591, 595 (E.D. Pa.), *aff'd*, 310 F.2d 738 (3d Cir. 1962), *cert. denied*, 374 U.S. 840, (1963). For this reason, Federal practice expressly permits amendments to cure inadequate jurisdictional allegations. 28 U.S.C. §1653; *also*, *Miller v. Stanmore*, 636 F.2d 986, 990 (5th Cir. 1981); *International Bhd. Of Boilermakers v. Local Lodge* D354, 897 F.2d 1400, 1402 n.3 (§1653 should be liberally construed). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Kiser v. General Electric Corp.*, 831 F.2d 423, 427 (3d Cir. 1987) (*quoting*) *Conley v. Gibson*, 355 U.S. 41, 48, (1957)). "Accordingly, it is not only within the power, but it is a duty, of a federal court to consider on the merits a proposed amendment of a defective allegation once the court's attention is called to the defect." *Id.* (*citing*) *Howard v. De Cordova*, 177 U.S. 609, 614, (1900)).

Subject matter jurisdiction can never be forfeited or waived. *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006). A dismissal for lack of subject matter jurisdiction does not constitute a dismissal upon the merits and has no claim preclusion or *res judicata* effect. *See e.g. Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994). The Federal Courts repeatedly have

recognized that any decision regarding subject matter jurisdiction must not be confused with the substantive validity of the federal claims asserted. *See e.g. E.E.O.C. v. St Francis Xavier Parochial Sch.*, 117 F.3d 621, 622-624 (D.C. Cir. 1997)(clear error for District Court to include as basis for dismissal on subject matter grounds that defendant was not, as a matter of fact, subject to the ADA). As a result, a dismissal for lack of subject matter jurisdiction is always without prejudice. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994) *cert. denied* 513 U.S. 868 (1994); *Yerret v. Elliot Equipment Corp.*, 734 F.2d 235, 238 (5th Cir. 1984). The Third Circuit has repeatedly directed the district courts to amend orders dismissing cases on the grounds of subject matter jurisdiction, to reflect that such orders are "without prejudice." *Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172 (3d Cir. 1999); *Ray v. Eyster (In re: Orthopedic "Bone Screw" Products Liability Litigation*), 132 F.3d 152, 155 (3d Cir. 1977); *Korvettes, Inc. v. Brous*, 617 F.2d 1021, 1024 (3d Cir. 1980)(such a dismissal should be "without prejudice.").

The Third Circuit also has cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits under Rule 12(b)(6). *See e.g., Growth Horizons, Inc. v. Delaware County*, Pa., 983 F.2d 1277, 1280-81 (3d Cir.1993); *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1408-09 (3d Cir.), *cert. denied*, 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991); *Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895 (3d Cir.1987); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir.1977); *see also Holland/Blue Streak v. Barthelemy, 849 F.2d 987, 988-89* (5th Cir.1988). In particular, "a plaintiff may be prejudiced if what is, in essence, a Rule 12(b)(6) challenge to the complaint is treated as a Rule 12(b)(1) motion." *Kehr Packages, Inc.*, 926 F.2d at 1409. Therefore, in any review pursuant to 12(b)(1), the District Court is charged with first determining questions of subject matter jurisdiction before engaging in any other analysis. *See Steel Co. v. Citizens For Better Envt.*, 523 U.S. 83, 94 (1998); *Bell v Hood*, 327 U.S. 678, 682 (1946)("[w]hether the complaint states a cause of action upon which relief can be granted is a

question of law...which must be stated after and not before the court has assumed jurisdiction over the controversy."); *see also Unites States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155 (2d Cir. 1993) *cert. denied* 508 U.S. 973 (1993). The Third Circuit, in *Malaysia Int'l Shipping Corp. v. Sinochem Int'l Co.*, 436 F.3d 349, 361-363 (3d Cir. 2006), held that before any other single consideration, even including review of other matters that do not touch the merits, jurisdiction must be considered first: "jurisdiction—both subject matter and personal jurisdiction—is a *sine qua non* for forum non-conveniens." *Id.*[3]

This Court concluded, based on the pleadings before it, that it lacked subject matter jurisdiction to entertain UDTC's claims for Phenomenex's pre-August 10, 2001 infringement of the '625 patent. Its Order therefore dismisses such claims. That dismissal was not one based on the merits, and necessarily was without prejudice. Respectfully, the chain of assignments attached to this pleading (Exs. A through D), particularly the June 29, 2006 confirmation from RCT which post dates the close of briefing on the Motions to Dismiss, makes it clear that UDTC does as a matter of fact posses the right to sue for past infringement of the '625 patent, i.e. for the infringement by Phenomenex which took place before August 10, 2001.

---

[3] In the case at bar, UDTC alleged two separate and distinct bases for subject matter jurisdiction: both federal question jurisdiction based upon the underlying patent infringement claims, and diversity jurisdiction. The Opinion was entirely predicated upon the Court's finding that it lacked subject matter jurisdiction pursuant to the federal question arising under the federal patent statutes. The Court did not consider diversity jurisdiction. The Opinion, therefore, treated all non-patent claims in UDTC's complaint as ancillary to federal question jurisdiction, and as such, the remaining claims in UDTC's complaint were dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Respectfully, UDTC submits that the Court's finding that it lacked subject matter jurisdiction, divested the Court from making any ruling upon the merits of the remaining claims in UDTC's complaint.

**CONCLUSION**

Respectfully, the Court's determination that UDTC did not present evidence sufficient for it to determine whether subject matter jurisdiction over UDTC's 2001 patent infringement claims existed, divested it of all jurisdiction to rule on the merits of UDTC's right to pursue such claims. That decision was not one made on the merits. Therefore, to the extent that the Opinion and Order attempt to preclude, on the merits, UDTC from amending its Complaint to more clearly demonstrate that it in fact possesses the right to pursue Phenomenex for its pre-2001 infringement of the '625 patent, the Order and Opinion are in conflict with the Federal Rules of Civil Procedure and established precedent. UDTC respectfully submits that permitting it to file an amended complaint which includes additional factual evidence and averments in support of its claims against Phenomenex for its pre-2001 patent infringement, is both consistent with this Court's Opinion and with applicable Third Circuit law.[4] UDTC therefore respectfully requests that the Court amend or alter the Opinion and Order to allow UDTC to file an amended pleading which will clarify that it in fact possesses the rights to pursue damages for Phenomenex's past infringement of the '625 patent, and thereby demonstrate the requisite subject matter jurisdiction over the controversy upon which the Court can rule.

**McCARTER & ENGLISH, LLP**

/s/ A. Richard Winchester
Michael P. Kelly (#2295)
A. Richard Winchester (#2641)
James J. Freebery (#3498)
Christopher A. Selzer (#4305)
919 North Market Street, Suite 1800
Wilmington, DE 19801
Phone: (302) 984.6300
Facsimile: (302) 984-6399
**Attorneys for Plaintiff**

Dated: January 19, 2007

---

[4] UDTC also plead that this Court had subject matter jurisdiction over the claims stated in Counts II though VIII, and XI-XII pursuant to 28 U.S.C. §1332. UDTC does not presently seek review of the Opinion and Order as they pertain to the aforementioned pursuant to Fed. R. Civ. P. 59(e).