# EXHIBIT D

# RUSING & LOPEZ, P.L.L.C.

ATTORNEYS AT LAW
6262 NORTH SWAN ROAD
SUITE 200
TUCSON, ARIZONA 85718

VENERANDA J. AGUIRRE
SEAN E. BREARCLIFFE
TODD M. HARDY*
CYNTHIA T. KUHN
OSCAR S. LIZARDI
PAT P. LOPEZ III
REBECCA K. O'BRIEN
MICHAEL J. RUSING
JILL M. SOSIN
CATHERINE M. WOODS
CHRISTINE W. YOUNG*

*ALSO ADMITTED IN CALIFORNIA

TELEPHONE (520) 792-4800
FACSIMILE (520) 529-4262

WRITER'S DIRECT LINE
(520) 529-4268

WRITER'S E-MAIL ADDRESS
mrusing@rusingandlopez.com

June 29, 2006

*Via First Class Mail Only*

Christopher A. Selzer, Esq.
McCarter & English, LLP
Business Litigation Group
Suite 1800
919 North Market Street
Wilmington, DE 19899

Re:   *UD Technology Corp./Research Corporation Technologies, Inc. Settlement Agreement*

Dear Chris:

Enclosed are three original signed Settlement Agreements. Please have one of your folks execute them and return to me a fully-executed version at your convenience.

On another note, to clarify our understanding of the 2001 Assignment of the Invention and related Patent Rights from RTC to UDTC thru the University of Delaware, RCT recognizes that UDTC has succeeded to all rights and liabilities of the University of Delaware in the 2001 Assignment, the Invention, and the Patent Rights. RCT also recognizes that it owed the same duty to make further assurances (found in 2001 Deed of Assignment, Section 3) to UDTC that it had to University of Delaware. Furthermore, RCT fully intended the 2001 Assignment to transfer all (i.e. each and every) of its rights in the Invention and the Patent Rights to the University of Delaware, and in fact did so. If there is any doubt than any rights whatsoever were not transferred through the 2001 Assignment, then RCT now transfers such right to UDTC, including without limitation the right to sue for past theft of the Technology or infringement on the Patents during the period of RCT's ownership.

June 29, 2006
Page 2

Therefore, RCT has no remaining rights of any kind in the Invention or the Patent Rights.

Very truly yours,

Michael J. Rusing

MJR:tes
Enclosures

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (the "Agreement") is hereby made effective as of May 31, 2006 (the "Effective Date") by and between UD Technology Corp. ("UDTC"), a Delaware corporation, the University of Delaware ("UD"), and Research Corporation Technologies, Inc. ("RCT"), a Delaware corporation (collectively the "Parties"), to fully and finally settle all disputes, causes of action or claims, whether legal, equitable, contractual, or otherwise, regarding United States Letters Patent Number 5,599,625 and certain technologies and/or processes identified therein (the "Patent"), including without limitation, patents, trade secrets, know how, and any other intellectual property (whether past, present or future) related to the Patent (collectively the "Technology"), and all royalties, licenses, and assignments related thereto.

## **RECITALS**

WHEREAS, UD is a Delaware educational corporation organized, existing and operating under the laws of the State of Delaware;

WHEREAS, UDTC is a wholly owned subsidiary of the University of Delaware established to, *inter alia*, own and manage the intellectual property of the University;

WHEREAS, RCT is a non-profit corporation in the business of, *inter alia*, prosecuting the Patent and thereafter marketing and commercializing inventions for third parties like the University of Delaware and UDTC;

WHEREAS, UD and RCT agreed that the Technology would be assigned to RCT for potential commercialization under an Agreement for Disclosure, Evaluation and Commercialization of Inventions between UD and RCT effective April 1, 1990 (the "RCT Agreement");

WHEREAS, Under the RCT Agreement, RCT prosecuted, and ultimately obtained, the Patent for the Technology;

WHEREAS, RCT marketed the Technology to Phenomenex, Inc. ("Phenomenex") under the terms of a confidentiality and non-use agreement;

WHEREAS, on or about July 24, 2001, RCT re-assigned its right, title and interest, in the Patent and the Technology, to the University of Delaware through the attached Agreement to Assign and Deed of Assignment (the "Assignment");

WHEREAS, on or about May 27, 2004, the University of Delaware assigned all right, title and interest, past, present and future, in the Patent and the Technology to UDTC;

WHEREAS, UDTC believes that Phenomenex breached the confidentiality and non-use agreement, stole the Technology, and infringed and continues to infringe on the Patent;

WHEREAS, UDTC believes it has been and will continue to be substantially damaged by Phenomenex's illegal acts by, *inter alia*, being unable to collect royalties for use of the Technology and Patent;

WHEREAS, UDTC is pursuing a civil action against Phenomenex for damages and other relief related to its theft of the Technology and infringement on the Patent captioned *UD Technology Corporation v. Phenomenex, Inc.*, C.A. No. 05-842, presently pending in the United States District Court for the District of Delaware (the "Litigation");

WHEREAS, Phenomenex has asserted in defense of the Litigation that UDTC does not possess any right, title or interest in the Technology, or any right to sue for damages for Phenomenex's infringement of the Patent, prior to the Assignment;

WHEREAS, RCT is a Defendant in the Litigation;

WHEREAS, the Parties wish to amicably resolve all disputes between them so that RCT

may be dismissed from the Litigation;

WHEREAS, UDTC has agreed to pay RCT $30,000.00 in connection with this Agreement;

NOW THEREFORE, in consideration of the foregoing and the mutual covenants and consideration set forth herein, the sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. **Covenants of RCT**. As consideration for this Agreement and upon payment of the $30,000.00 from UDTC to RCT, RCT agrees for itself and all its employees, agents, attorneys, representatives, heirs, executors, administrators and assigns to perform the following actions:

    A.    RCT waives and releases any and all rights, interests, causes of action or claims, whether legal, equitable, contractual, or otherwise, that it has or may have had in or with respect to the Technology, the Patent, the RCT Agreement, or the subject matter of the Assignment, including without limitation any rights, interests, claims, or causes of action for royalties, fees, or any other compensation related to the Technology or the Patent, excepting only such compensation that is specifically designated in this Agreement, and reaffirms its previous transfer of all right, title, and interest in the Patent and the Technology to UD.

    B.    RCT shall withdraw its Motion To Dismiss the Litigation.

    C.    RCT shall, to the best of its ability and upon reasonable notice, at UDTC's sole cost and expense and at no cost to RCT (including but not limited to employee time) fully cooperate with and assist UDTC as necessary by providing testimony and factual interviews as required for its prosecution of the Litigation against Phenomenex (or any other party later named in the Litigation or in other Litigations involving infringers with past dealings with RCT), and

3

any other claims arising from or relating to the Technology or the patent and to which RCT was an interested or involved party, and provide testimony or factual interviews by, *inter alia*, making its employees available and providing all records relevant to, the Litigation.

2. **Covenants of UDTC**. In consideration of this Agreement, UDTC agrees for itself and its partners, members, shareholders, employees, agents, attorneys, representatives, heirs, executors, administrators and assigns, to perform the following actions:

   A. UDTC shall dismiss with prejudice RCT from the Litigation.

   B. As to the Parties only, UDTC waives and releases any and all rights, interests, causes of action or claims, whether legal, equitable, contractual, or otherwise, that it has or may have had in or with respect to the Technology, the Patent, the RCT Agreement, or the subject matter of the Assignment.

   C. Within 60 days of the Effective Date of this Agreement, UDTC shall reimburse RCT $30,000.00 for its reasonable costs of prosecuting the Patent.

3. **Covenants of UD**. In consideration of this Agreement, as against only RCT itself and all its employees, agents, attorneys, representatives, heirs, executors, administrators and assigns, UD, for itself and its partners, members, shareholders, employees, agents, attorneys, representatives, heirs, executors, administrators and assigns, waives and releases any and all rights, interests, causes of action or claims, whether legal, equitable, contractual, or otherwise, that it has or may have had in or with respect to the Technology, the Patent, the RCT Agreement, or the subject matter of the Assignment.

4. **No Admission of Liability**. The undersigned acknowledge that all consideration given pursuant to this Agreement is made in settlement of disputed claims and to buy peace and does not constitute an admission of any liability by either party hereto, all such liability being expressly denied by the parties hereto.

5.  **Miscellaneous**.

    A.  <u>No Waiver</u>. Notwithstanding anything contained herein to the contrary, nothing in this Agreement shall constitute a waiver or release by either party hereto of any rights, claims or causes of action which may hereafter arise in favor of either of them involving the enforcement or interpretation of the terms of this Agreement. Further, the waiver by either party of a breach or violation of any provision of this Agreement shall not operate as, or be construed to be, a waiver of any subsequent breach of the same or another provision.

    B.  <u>Choice of Law; Forum</u>. This Agreement shall be governed and construed in accordance with the laws of the State of Delaware without regard to its conflict of laws principles. The Parties agree that any action or proceeding brought to interpret or enforce the terms of this Agreement shall be brought in the state or federal courts of Delaware located in New Castle County.

    C.  <u>Counterparts</u>. This Agreement may be executed in multiple counterparts, each of which shall be considered an original but all of which when taken together shall constitute but one and the same document.

    D.  <u>Successors and Assigns</u>. This Agreement shall inure to the benefit of and be binding upon the Parties hereto and their respective partners, members, shareholders, employees, agents, attorneys, representatives, heirs, executors, administrators and assigns.

    E.  <u>Entire Agreement</u>. This Agreement constitutes the entire agreement in effect between the Parties pertaining to subject matter hereof and supersedes all prior or contemporaneous agreements, understandings, or negotiations of the parties.

    F.  <u>Amendment</u>. This Agreement shall not be modified, amended, or supplemented except in a written instrument executed by all parties hereto.

G.  **Assignment**.  No party shall assign or transfer this Agreement or any of their rights, duties or obligations under this Agreement voluntarily, involuntarily, or by operation of law including any merger or consolidation, substantial change in ownership or control of their business, or by any other means, without the prior written consent of the other parties.

H.  **Severability**.  Should any provisions of this Agreement be held invalid or unconstitutional by any governmental body or court of competent jurisdiction, that holding shall not diminish the validity of any other provision of this Agreement.

I.  **Third Party Beneficiaries**.  The Parties agree that to the extent necessary, the University of Delaware is an intended third party beneficiary of this Agreement and that other than the University of Delaware, there exist no other Third Party Beneficiaries to this Agreement.

J.  **Representations of Authority and Warranty**.  The Parties agree that the persons who have executed this Agreement have the express authority to bind the Parties to its terms.

_____
Research Corporation Technologies, Inc.
Title: CHIEF EXECUTIVE OFFICER

_____
UD Technology Corporation
Title:    President

_____
University of Delaware
Title:    Associate Provost for Research

6