IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UD TECHNOLOGY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-842-GMS |
| | ) | |
| PHENOMENEX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

On January 19, 2007, UDTC filed a Motion for Reconsideration (D.I. 45) of the court's Memorandum and Order of January 4, 2007. With its motion, UDTC provides, for the first time since filing the above-captioned lawsuit, that it was "[i]n May 2004" that the University assigned all right title and interest in the '625 patent to UDTC. Further, UDTC provides for the first time that "[o]n November 30, 2005, the University of Delaware executed a second assignment which conferred to UDTC all right title and interest in, including the right to sue for past infringement of, the '625 patent. (Ex. D [sic])." Finally, with its motion for reconsideration, UDTC provides the court, for the first time, the details of an assignment *from RCT to UDTC* on June 29, 2006, of a right to sue for past infringement of the patent in suit.

The court finds it difficult to fathom how a represented plaintiff can come to federal court and not be prepared to immediately demonstrate the basis upon which it claims possession of the right to sue; if not in its complaint, certainly in a response to a motion to dismiss for lack of subject matter jurisdiction. Here, UDTC not only passed up those first two opportunities, but filed a motion to amend (D.I. 38), **after the June 29, 2006 assignment**, and failed to specifically allege, or attach any evidence of, when and how it acquired rights from the University of Delaware and RCT to sue for the entire period of alleged patent infringement. The court

correctly and prudentially decided UDTC's motion to amend because of the futility of amendment.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Now, citing the Federal Rules and Third Circuit precedent, UDTC seeks yet another opportunity to fix its complaint, in a motion for reconsideration.  A motion for reconsideration should be granted only "sparingly."  *Tristrata Tech. Inc. v. ICN Pharms., Inc.*, 313 F. Supp. 2d 405, 407 (D. Del. 2004); *Karr v. Castle*, 768 F. Supp. 1087, 1090 (D. Del. 1991).  In this district, motions for reconsideration are granted only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension   *See, e.g.*, *Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) (citing *Above the Belt, Inc. v. Mel Bonhannan Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983); *see also Karr*, 768 F. Supp. at 1090 (citing same).

In its Order of January 4, 2007, the court conditionally dismissed UDTC's claims of patent infringement alleged to have occurred after August 10, 2001.  The court granted UDTC leave to provide a more definite statement, including evidence of an assignment from the University of Delaware to UDTC.  Having reviewed and considered the assignments of May 27, 2004, and November 30, 2005, the court is satisfied that it has subject matter jurisdiction, and UDTC has standing, to proceed with a claim of patent infringement alleged to have occurred after August 10, 2001.

Having now received the "Clarification" alluded to in UDTC's May 15, 2006 letter to the court, the court has reviewed and considered the May 31, 2006 Settlement Agreement and the June 29, 2006 cover letter, which transferred to UDTC the right to sue for past infringement of the '625 patent.  The court's Memorandum of January 4, 2007, set forth the reasons for

concluding that RCT's 2001 transfer of rights did not confer to the University of Delaware the right to sue for past infringement of the patent in suit.  UDTC's subsequent June 2006 grant of this right to sue for past infringement does not constitute a fact that the court patently misunderstood, nor does it transform the court's January 4, 2007 decision into one made outside the adversarial issues presented by the parties.  Given that the June 2006 assignment was executed after this lawsuit was filed and first made known to the court in UDTC's motion for reconsideration, the court did not make an error of apprehension in concluding that UDTC did not have a right to sue for past infringement.  Therefore, UDTC does not present a justifiable basis for the court to reconsider its decision that dismissed a claim for pre-2001 patent infringement.[1]

  Furthermore, this court will not, contrary to Supreme Court precedent, proceed with a claim for which the plaintiff obtained standing after the lawsuit was filed.  *Minneapolis & St. Louis R.R. Co. v. Peoria & Pekin Union Ry. Co.*, 270 U.S. 580, 586 (1926) ("The jurisdiction of the lower court depends upon the state of things existing at the time the suit was brought.").  As Judge Longobardi so aptly stated in *Procter & Gamble Co. v. Paragon Trade Brands, Inc.*, "delay and expense would be the order of the day [where non-owners and licensees are permitted the right to sue, so long as they eventually obtain the rights they seek to have redressed]." *Procter & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305, 310 (D. Del. 1995) (*quoted in Gaia Technologies, Inc. v. Reconversion Technologies, Inc.*, 93 F.3d 774, 780 (Fed. Cir. 1996), *as amended on rehearing*, 104 F.3d 1296 (Fed. Cir. 1996)).  Permitting UDTC to file

---

[1] UDTC correctly points out that the court's accompanying Order should have reflected that the dismissal was "without prejudice," as the court intended.  This correction was made in the subsequent Amended Order, dated January 23, 2007.

another amended complaint to support a claim for pre-2001 patent infringement would not be consistent with this court's Memorandum as UDTC claims. *Compare* D.I. 45, UDTC's Br. at 9 *with* D.I. 44 at 17, note 7 ("Even if the court was in receipt of such a 'Clarification,' the court is not inclined to accept assignments that post-date the civil action upon which the lawsuit relies.").

IT IS HEREBY ORDERED that:

1. UDTC's Motion for Reconsideration (D.I. 45) is DENIED.

2. UDTC may proceed with a claim for patent infringement alleged to have occurred after August 10, 2001, thus VACATING paragraph 1(b) of the court's January 23, 2007 Amended Order (D.I. 46).

Dated: January 26, 2007

/s/ Gregory M. Sleet
UNITED STATES DISTRICT JUDGE