IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UD TECHNOLOGY CORPORATION, A non-profit organization of the UNIVERSITY OF DELAWARE | § § § § | |
| Plaintiff, | § § | C.A. No.  05-842-GMS |
| v. | § § | **TRIAL BY JURY OF** |
| PHENOMENEX, INC., and RESEARCH CORPORATION TECHNOLOGIES | § § § § § | **TWELVE DEMANDED** |

**PLAINTIFF'S RESPONSE TO PHENOMENEX'S MOTION FOR
REARGUMENT OF THE COURT'S JANUARY 26, 2007 ORDER**

McCARTER & ENGLISH, LLP

Michael P. Kelly, Esq. (#2295)
A. Richard Winchester, Esq. (#2641)
James J. Freebery, Esq. (#3498)
Christopher A. Selzer, Esq. (#4305)
919 North Market Street, Suite 1800
Wilmington, DE  19899
(302) 984.6300 telephone
**Attorneys for Plaintiff**

Dated: February 26, 2007

## TABLE OF CONTENTS

**TITLE**                                                                 **PAGE**

TABLE OF CITATIONS ....................................................................................................ii

PRELMINARY STATEMENT ..........................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS ........................................................3

SUMMARY OF ARGUMENTS ........................................................................................5

STATEMENT OF RELEVANT FACTS............................................................................6

ARGUMENT........................................................................................................................8

    I.      Phenomenex Fails to Demonstrate a Right to Relief Under Del.L.R.
             7.1.1 or Fed.R.Civ.P. 59(e)....................................................................8

    II.     UDTC Properly Submitted the Assignment for the Court's Consideration ..............16

CONCLUSION ..................................................................................................................18

ME1 6187709v.1

# TABLE OF CITATIONS

## FEDERAL CASES

<u>CASE</u>                                                                                        <u>PAGE</u>

*American East Indian Corp. v. Ideal Shoe Co.,*
    400 F. Supp. 141 (E.D. Pa. 1975) ........................................................................7

*Arbaugh v. Y & H Corp.,*
    546 U.S. 500 (2006)...............................................................................................9

*Bell v Hood,*
    327 U.S. 678 (1946)...............................................................................................11

*Bogosian v. Woloohojian Realty Corp.,*
    323 F.3d 55 (1st Cir.2003) ....................................................................................8

*Cinel v. Connick,*
    15 F.3d 1338 (5th Cir. 1994)
    *cert. denied* 513 U.S. 868 (1994) .........................................................................10

*E.E.O.C. v. St Francis Xavier Parochial Sch.,*
    117 F.3d 621 (D.C. Cir. 1997) ..............................................................................10

*F.D.I.C. v. World University, Inc.,*
    978 F.2d 10 (1st Cir.1992).....................................................................................8

*Fieldturf, Inc. v. Southwest Recreation Industries, Inc.,*
    357 F.3d 1266 (Fed. Cir. 2004) .............................................................................10

*Figueroa v. Buccaneer Hotel, Inc.,*
    188 F.3d 172 (3d Cir. 1999)..................................................................................9

*Figueroa v. Buccaneer Hotel, Inc.,*
    188 F.3d 172 (3d Cir. 1999)..................................................................................10

*Growth Horizons, Inc. v. Delaware County, Pa.,*
    983 F.2d 1277 (3d Cir.1993).................................................................................11

*H.R. Technologies v. Astechnologies, Inc.,*
    275 F.3d 1378 (Fed. Cir. 2002)......................................................................10, 13

*Holland/Blue Streak v. Barthelemy,*
    849 F.2d 987 (5th Cir.1988) .................................................................................11

ME1 6187709v.1

*Kehr Packages, Inc. v. Fidelcor, Inc.*,
    926 F.2d 1406, 1409 (3d Cir.), *cert. denied*, 501 U.S. 1222, 111 S.Ct.
    2839, 115 L.Ed.2d 1007 (1991) ..........................................................................11

*Korvettes, Inc. v. Brous*,
    617 F.2d 1021 (3d Cir. 1980)...................................................................9, 11

*Kulick v. Pocono Downs Racing Association*,
    816 F.2d 895 (3d Cir.1987).............................................................................11

*Malaysia International Shipping Corp. v. Sinochem International Co.*,
    436 F.3d 349 (3d Cir. 2006)...........................................................................11

*Minco, Inc. v. Combustion Engineering, Inc.*, 95 F.3d 1109 (Fed. Cir. 1996) .................15

*Mortensen v. First Federal Sav. & Loan Association*,
    549 F.2d 884 (3d Cir.1977)............................................................................11

*Oglesby v. Penn Mutual Life Insurance Co.*,
    877 F. Supp. 872 (D. Del. 1994) a'ffd, 127 F.3d 1096 (3d Cir. 1997)....................9

*Pirelli Cable Corp. v. Ciena*,
    988 F. Supp. 424 (D. Del. 1997).......................................................................9

*Ray v. Eysler*,
    132 F.3d 152, 156 (3d Cir. 1977).........................................................9, 10, 14

*Schering Corp. v. Amgen, Inc.*,
    25 F. Supp. 2d, 293 (D. Del. 1998)..................................................................8., 9

*Sicom Systems Ltd. v. Agilent Tech., Inc.*,
    427 F.3d 971, 980 (Fed. Cir. 2005)................................................................13

*Steel Co. v. Citizens For Better Environment*,
    523 U.S. 83 (1998)..........................................................................................11

*Textile Products, Inc. v. Mead Corp.*,
    134 F.3d 1481 (Fed. Cir. 1998)........................................................................10

*Thompson v. County of Franklin*,
    15 F.3d 245 (2d Cir. 1994)................................................................................9

*Unites States ex rel. Kreindler & Kreindler v. United Techs. Corp.*,
    985 F.2d 1148 (2d Cir. 1993) *cert. denied* 508 U.S. 973 (1993)...........................11

MEI 6187709v.1

*Venegas-Hernandez v. Sonolux Records*,
   370 F.3d 183, 191 (1st Cir. 2004)................................................................8, 14

*Vogelstein v. National Screen Serv. Corp.*,
   204 F. Supp. 591 (E.D. Pa.), *aff'd,* 310 F.2d 738 (3d Cir. 1962),
   *cert. denied*, 374 U.S. 840, (1963).........................................................14

*Yerret v. Elliot Equipment Corp.*,
   734 F.2d 235 (5th Cir. 1984) ...................................................................10

## UNREPORTED FEDERAL OPINIONS

(All Unreported Federal Opinions are Attached hereto as Exhibit C.)

*Corning Inc., v. SRU Biosystems*,
   2006 WL. 155255 (D. Del. Jan. 20, 2006).............................................8

*Pipe Liners, Inc. v. Pipelining Products, Inc.*,
   2000 WL. 1251907 (D.Del. Aug. 9, 2000) (*citing North River Ins. Co. v.
   CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995))..................8

## FEDERAL STATUTES

28 U.S.C. §1332...........................................................................1, 10

28 U.S.C. §1653...........................................................................1, 6

Fed. R. Civ. P. 12(b)(1).................................................................1

Fed.R.Civ.P. 59(e) ...................................................................1, 8, 12

MEI 6187709v.1

## PRELIMINARY STATEMENT

Plaintiff UD Technology Corp. ("UDTC"), and its parent, the University of Delaware (the "University"), have long suffered for the drafting imprecision of others which now neither UDTC nor its present counsel can alter or control. This Court has settled all such drafting-related issues, and it now is time for this case to proceed on the merits. The November 2005 assignment between UDTC and the University ("Assignment")(Exhibit A) clearly transfers the right to sue for prior infringement. Phenomenex's last thin reed of hope is to narrowly quote the Assignment out of context, thereby attempting to avoid any testimony or evidence about what Phenomenex prays is a crippling contractual ambiguity. This Court has spoken already on the issue however: "Having considered the assignments of May 27, 2004, and November 30, 2005, the court is satisfied that it has subject matter jurisdiction, and UDTC has standing, to proceed with a claim of patent infringement alleged to have occurred after August 10, 2001." (Amended Order 3, at 2)(D.I.47)(the "Amended Order").

Phenomenex has not stated an appropriate basis for the Court to entertain reargument on the Court's Order. Nevertheless, Phenomenex's argument that it was improper for this Court to exercise its discretion by dismissing, without prejudice, the pre-2001 infringement claim, is unwarranted. Phenomenex's next contention that UDTC made misrepresentations to the Court is unprofessional and founded upon a conflation of the Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Phenomenex itself misapplies the relevant law. Finally, the Court properly considered the Assignment. UDTC presented the Assignment at the Court's direction pursuant to the January 4, 2007, Order ("Order 1")(D.I. 44), that UDTC provide a more definite statement. Phenomenex's attempt to sidestep both the Court's January 4, 2007, Order 1 (D.I. 44) while shoehorning UDTC's exercise of this right into a "newly presented evidence" argument, only highlights

1

Phenomenex's form over substance approach.

UDTC, alone or if necessary joined by the University, has been and continues to be ready, willing and able to present evidence of record beyond the four corners of the Assignment which would succinctly and indisputably confirm the intent of RCT to transfer to the University the right to sue for prior patent infringement. Similarly, if permitted an opportunity, the University at an evidentiary hearing can and will present additional evidence beyond the four corners of the challenged documents which proves the intent of the University to assign to its wholly owned technology management subsidiary, UDTC, the right to sue Defendant Phenomenex, Inc. ("Phenomenex") for past infringement.

While Phenomenex proceeds with its only defense to patent infringement, this procedural gamesmanship, UDTC, pursuant to the Court's Order is ready to move forward to prove the merits of its claims in the Complaint. Respectfully, for the reasons stated herein Phenomenex's motion should be denied and a scheduling conference should immediately be ordered.

2

## NATURE AND STAGE OF THE PROCEEDINGS

The present procedural posture of this matter is well know to the Court and will not be recited in detail here.  On January 4, 2007 the Court issued a Memorandum Opinion and Order which in relevant part (i) dismissed UDTC's pre August 10, 2001, and (ii) conditionally dismissed UDTC's post August 10, 2001 patent infringement claims with "leave to provide a more definite statement, including evidence of an assignment form the University of Delaware to UDTC for alleged patent infringement occurring after August 10, 2001, within 30 days of this Order." (Order 1)(D.I. 44).  On January 19, 2007, UDTC moved, by Motion to Reconsider, for the Court to clarify the January 4, 2007 Order to read that UDTC's pre-2001 claims were dismissed, without prejudice.  UDTC attached the Assignment, as permitted by the Court pursuant to Order 1, to its Motion to Reconsider.

On January 23, 2007 the Court issued a new order, clarifying that UDTC's pre-2001 claims had been previously dismissed, without prejudice.  Counsel for UDTC then contacted Phenomenex's counsel to discuss whether it would be necessary for UDTC to file an Amended Complaint in order to simplify the record, or whether Phenomenex would agree to proceed without further procedural imposition upon the Court.  Before the parties could further discuss a prospective amended complaint, the Court issued the on January 26, 2007, the Amended Order.  (D.I. 46).  The Amended Order (D.I. 46) accepted for review the Assignment as was expressly permitted by Order 1 of January 4, 2007.[1] (D.I. 44).

---

[1] Much has been made by Phenomenex regarding UDTC's decision to attach the Assignment to its Motion to Reconsider (D.I. 45).  As discussed *infra*, whether UDTC presented the Assignment for the Court's review with its Motion to Reconsider, under cover of letter or otherwise, is in this instance, a distinction which makes no difference. UDTC was granted leave to submit a more definite statement and evidence, and did not ask the Court to consider the Assignment as a part of the relief requested in the Motion to Reconsider (to clarify the dismissal of the pre-2001 claims as, without prejudice).  Nor did the Court consider the Assignment in its decision on reconsideration.  The Court simply entered a single order addressing two separate and discrete issues.

Thereafter, counsel for UDTC again contacted counsel for Phenomenex to arrange a scheduling conference before Your Honor.  On February 6 and 7, 2007, Phenomenex represented that it was willing to discuss a joint scheduling request and notified UDTC that discussions would continue on Monday, February 12, 2007.  At 9:00 p.m. on the night of Friday, February 9, 2007, however, Phenomenex filed its Motion for Reargument (the "Motion") (D.I. 48).

Phenomenex's Motion (D.I. 48) ostensibly argues that "UDTC inaccurately represented to the Court that the [assignments] transferred the right to sue for past infringement." (D.I. 48, at 6), that UDTC made intentional misrepresentations of law regarding a dismissal with prejudice and that the Court's exercise of its discretion was wholly inapt (D.I. 48, at 10-11), and that Your Honor's consideration of the Assignment was improper.

This is UDTC's Response to Phenomenex's Motion (D.I. 48).

4

## SUMMARY OF ARGUMENTS

1.      Phenomenex has not demonstrated an intervening change in the controlling law, the discovery of new evidence, a need to correct clear legal error or that the Court's decision was outside the adversarial issues presented by the Parties and therefore no reason for reargument or an amended order has been justified.  The Amended Order should not be rewritten as Phenomenex demands.

      a.      A dismissal for lack of subject matter jurisdiction is presumed without prejudice, and the Court may opt (which was not done by Your Honor) to exercise its sound discretion to enter a dismissal otherwise.

      b.      Phenomenex attempts to masquerade its contract law argument by conflating it with the Court's authority to determine subject matter jurisdiction and thus Phenomenex demands on reargument an order from this Court that improperly reflects an adjudication upon the merits.

2.      The Court properly considered, pursuant to its own request that UDTC provide "a more definite statement, including evidence of assignment..." from the University to UDTC, the assignment documentation considered and ruled upon in the Amended Order.  The Amended Order should not be rewritten as Phenomenex demands.

5

## STATEMENT OF RELEVANT FACTS

The Complaint asserts claims for damages arising from Phenomenex's infringement of the '625 patent. UDTC not only alleged it possessed, but in fact possesses, all right, title and interest in the '625 patent, including the right to sue for past infringement of the '625 patent.[2] On August 10, 2001, effective July 24, 2001, RTC assigned to the University, all right title, and interest in the '625 patent, including the right to sue for its past infringement. In May 2004, the University assigned all right title and interest in the '625 patent to UDTC. (Ex. B). On November 30, 2005, in order to remove any conceivable doubt about what it assigned in May 2004, the University executed the Assignment which conferred upon UDTC all right title and interest in, including the right to sue for past infringement of, the '625 patent. (Ex. A.).

The Assignment recites the intent of the parties and states that "WHEREAS, the University and [UDTC] each desire that [UDTC] shall possess, without limitation, the exclusive right to any and all benefits accruing to the University pursuant to the DECA including but not limited to any and *all rights, past present or future, arising from or relating to the Patent, the Technology and the Royalty obligation.*" (Ex. A, at 1)(*emphasis added*). Further, the Agreement states "the University and the Corporation each desire that the Corporation shall possess, without limitations, the exclusive right to any and all benefits accruing to the University pursuant to the DECA including but not limited to any and all rights, past, present or future, arising from or relating to the Patent ... ." (Ex. A. 1). Section 1.1 of the Assignment, cited in Phenomenex's brief (D.I. 48, at 5), grants UDTC all rights whatsoever arising from or accruing as a result of the DECA, the Technology and anything resulting from commercialization. (Ex. A, §1.1). Further, Section 1.2 of the Assignment requires that UDTC "undertakes, assumes and agrees to perform,

---

[2] UDTC does not here seek reconsideration of the Court's January 23, 2007 or January 26, 2007 Orders (D.I.'s 46 and 47, respectively).

pay or discharge all obligations of the University arising from or related to the DECA." (Ex. A, §1.2). Thus, UDTC assumed all obligations and responsibilities, past, present and future, for everything related to any right which existed or which comes into existence now or in the future as a result of the Patent DECA and the Technology. Section 2.1 of the Assignment (which Phenomenex fails to mention), also states that "the University hereby assigns, transfers, and conveys to [UDTC] all of the University's *past, present and future* right, title and interest in and to the Technology not otherwise [already] assigned and conveyed..." (Ex. A, §2.1)(*emphasis added*). The parties intended that the only right retained by the University was use of the Patent, royalty free, for research. The Assignment clearly evidences the intent of the University to transfer all rights, past, present and future related to the '625 patent, including the right to sue for past infringement, to its wholly owned subsidiary and patent manager, UDTC.[3] The Assignment clearly demonstrates that the University intended to assign all rights related to the Technology and the '625 patent, past, present and future, to UDTC, its wholly owned technology control arm.

Following review of the Assignment, on January 26, 2007, the Court concluded that it has subject matter jurisdiction to entertain UDTC's proof regarding post-2001 patent infringement claims against Phenomenex. (Amended Order, at 2).

---

[3] Phenomenex, for the first time, argues that the University did not possess any rights at any time relevant to the Assignments made to UDTC. (O.B. at 5, n.2)(D.I. 48). Assuming *arguendo* that the May 2004 assignment did not convey to UDTC the right to sue for past infringement (and assuming *arguendo* that RCT did not assign past infringement rights until its July 2006 settlement agreement), the Assignment still expressly provides for the transfer of "all right, past present or future..." (Ex. A, §1.1). Thus, to the extent that such rights arose post assignment, they are still in the possession of UDTC now either by contract, law and/or equity. *See generally American East Indian Corp. v. Ideal Shoe Co.*, 400 F. Supp. 141, 163 (E.D. Pa. 1975).

MEI 6187709v.1

**ARGUMENT**

I.     **Phenomenex Fails To Demonstrate A Right To Relief Under Del.L.R. 7.1.1 or Fed.R.Civ.P. 59(e).**

i.     *Standard for Reargument and an Amended Order*

In order for Phenomenex to obtain relief under Federal Rule of Civil Procedure 59(e)[4], it must establish that there is an intervening change in controlling law, that new evidence has become available, or that there is a need to correct the Court's clear error of law or prevent manifest injustice. *Pipe Liners, Inc. v. Pipelining Products, Inc.*, 2000 WL 1251907 (D.Del. Aug. 9, 2000) (Robinson, J.)(*attached*) (*citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)). Reargument may also be considered if the Court "has made a decision outside the adversarial issues presented to the Court by the parties..." *Schering Corp. v. Amgen, Inc.*, 25 F.Supp. 2d, 293, 295 (D. Del. 1998). Rule 59(e) therefore permits a party to seek an amended judgment on the ground that the judgment is based on a manifest error of law or works a manifest injustice. *See Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 190 (1st Cir. 2004); *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 72 (1st Cir.2003); *F.D.I.C. v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir.1992); 11 Wright, Miller & Kane, Federal Practice and Procedure, § 2810.1 (West 1995).

However, "reargument should be granted only when the merits clearly warrant and should never be afforded a litigant if reargument would not result in an amendment of an order..." *Schering Corp. v. Amgen, Inc.*, 25 F.Supp. 2d, 293, 295 (D. Del. 1998) (internal citations and quotations omitted). "A guiding principle in applying the limitations on reargument under Local Rule 7.1.5 is that [it] can never be allowed to encourage a never ending

---

[4] In the District of Delaware, motions for reconsideration filed under Local Rule 7.1.5 are considered the "'functional equivalent' of a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e)." *Corning Inc., v. SRU Biosystems*, 2006 WL 155255, at * 1 (D. Del. Jan. 20, 2006) (citations omitted).

polemic between litigants and the Court." *Schering Corp.*, 25 F.Supp. 2d at 295 (citing *Pirelli Cable Corp. v. Ciena*, 988 F.Supp. 424 (D. Del. 1997); *Oglesby v. Penn Mutual Life Insurance Co.*, 877 F.Supp. 872, 892 (D. Del. 1994) a'ffd, 127 F.3d 1096 (3d Cir. 1997) (internal citations, quotations omitted). Thus, given that "the purpose of reargument is to permit the Court to correct error without unduly sacrificing finality... *Schering Corp.*, 25 F.Supp.2d, at 295, "[i]t follows that grant of reargument should be denied where the proponent simply rehashes materials and theories already briefed, argued and decided." *Id.*

   ii.    *A Dismissal, Without Prejudice, For Lack of Subject Matter Jurisdiction is Appropriate absent the Intervention of Judicial Discretion*

   Subject matter jurisdiction can never be forfeited or waived. *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006). A dismissal for lack of subject matter jurisdiction does not constitute a dismissal upon the merits and has no claim preclusion or *res judicata* effect. *See e.g. Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994). The Third Circuit has repeatedly directed the district courts to amend orders dismissing cases on the grounds of subject matter jurisdiction, to reflect that such orders are "without prejudice." *Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172 (3d Cir. 1999); *Ray v. Eyster (In re: Orthopedic "Bone Screw" Products Liability Litigation)*, 132 F.3d 152, 155 (3d Cir. 1977); *Korvettes, Inc. v. Brous*, 617 F.2d 1021, 1024 (3d Cir. 1980)(such a dismissal should be "without prejudice."). In *Ray v. Eyster (In re: Orthopedic "Bone Screw" Products Liability Litigation)*, 132 F.3d 152 (3d Cir. 1997)[5] the Third Circuit explicitly stated:

>    If a court then determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits. It has no authority to do so. A federal court can only exercise that

---

[5] The District Court in Ray had dismissed with prejudice a pro se plaintiff's case for failure to comply with the district court's order by failing to move to remand his case back to state court after the court had determined that it did not have subject matter jurisdiction. The Court of Appeals, while recognizing that such a dismissal with prejudice could be proper under the Court's inherent authority to police those who appear before it, held that the District Court abused its discretion by dismissing the case with prejudice.

power granted to it by Article III of the Constitution and by the statutes enacted pursuant to Article III.

*Id.* at 155.

Thus, any dismissal for lack of subject matter jurisdiction is necessarily a dismissal without prejudice. However, it is also clear that while an Article III court cannot decide on the merits a case over which it never had jurisdiction, such courts do have the inherent authority to manage their dockets. *Ray v. Eyster*, 132 F.3d at 156; *see e.g. Fieldturf, Inc. v. Southwest Recreation Industries, Inc.*, 357 F.3d 1266 (Fed. Cir. 2004). *H.R. Technologies v. Astechnologies, Inc.*, 275 F.3d 1378, 1384 (Fed. Cir. 2002); *Textile Products, Inc. v. Mead Corp.*, 134 F.3d 1481, 1485 (Fed. Cir. 1998). A court's decision to dismiss for lack of subject matter jurisdiction, with prejudice, is a matter of judicial discretion, not *metered* law.

   iii.    *A Dismissal Without Prejudice was also Correct because The Court did not Reach the Merits.*

The Federal Courts repeatedly have recognized that any decision regarding subject matter jurisdiction must not be confused with the substantive validity of the federal claims asserted. *See e.g. E.E.O.C. v. St Francis Xavier Parochial Sch.*, 117 F.3d 621, 622-624 (D.C. Cir. 1997)(clear error for District Court to include as basis for dismissal on subject matter grounds that defendant was not, as a matter of fact, subject to the ADA). As a result, a dismissal for lack of subject matter jurisdiction is always without prejudice. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994) *cert. denied* 513 U.S. 868 (1994); *Yerret v. Elliot Equipment Corp.*, 734 F.2d 235, 238 (5th Cir. 1984). Again, the Third Circuit has repeatedly directed the district courts to amend orders dismissing cases on the grounds of subject matter jurisdiction, to reflect that such orders are "without prejudice." *Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172 (3d Cir. 1999); *Ray v. Eyster (In re: Orthopedic "Bone Screw" Products Liability Litigation)*, 132 F.3d 152, 155 (3d

10

Cir. 1977); *Korvettes, Inc. v. Brous*, 617 F.2d 1021, 1024 (3d Cir. 1980)(such a dismissal should be "without prejudice.").

The Third Circuit also has cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits under Rule 12(b)(6). *See e.g., Growth Horizons, Inc. v. Delaware County*, Pa., 983 F.2d 1277, 1280-81 (3d Cir.1993); *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1408-09 (3d Cir.), *cert. denied,* 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991); *Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895 (3d Cir.1987); *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884 (3d Cir.1977); *see also Holland/Blue Streak v. Barthelemy, 849 F.2d 987, 988-89* (5th Cir.1988). In particular, "a plaintiff may be prejudiced if what is, in essence, a Rule 12(b)(6) challenge to the complaint is treated as a Rule 12(b)(1) motion." *Kehr Packages, Inc.*, 926 F.2d at 1409. Therefore, in any review pursuant to 12(b)(1), the District Court is charged with first determining questions of subject matter jurisdiction before engaging in any other analysis. *See Steel Co. v. Citizens For Better Envt.*, 523 U.S. 83, 94 (1998); *Bell v Hood*, 327 U.S. 678, 682 (1946)("[w]hether the complaint states a cause of action upon which relief can be granted is a question of law...which must be stated after and not before the court has assumed jurisdiction over the controversy."); *see also Unites States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155 (2d Cir. 1993) *cert. denied* 508 U.S. 973 (1993). The Third Circuit, in *Malaysia Int'l Shipping Corp. v. Sinochem Int'l Co.*, 436 F.3d 349, 361-363 (3d Cir. 2006), held that before any other single consideration, even including review of other matters that do not touch the merits, jurisdiction must be considered first: "jurisdiction—both subject matter and personal jurisdiction—is a *sine qua non* for forum non-conveniens." *Id.*

11

At all times relevant Phenomenex has contended that the assignment language does not properly evidence UDTC's standing. Phenomenex's argument that the Court's review of the assignment UDTC presented by leave of Court actually is a subterfuge to avoid the conclusion that the Court's findings on subject matter jurisdiction, as a discretionary matter is not reviewable. Phenomenex's ongoing argument regarding the Court's interpretation of the assignment from the University to UDTC is simply a second bite at arguments it previously presented to the Court. Further reargument would only serve here to continue Phenomenex's never ending polemic and gamesmanship and its effort to avoid an adjudication on the merits.

   *iv. Phenomenex Has No Basis for Reargument and An Amended Order Is Not Warranted*

Phenomenex has failed to demonstrate any of the requirements necessary for a grant of reargument. Rather, it has resorted to allegations that UDTC has misguided the Court and prayers that the Court reconsider the exercise of its discretion. Phenomenex has not identified a single error or misapprehension of controlling law or any intervening change in controlling authority. Nor does Phenomenex cite manifest injustice. Instead, Phenomenex argues for five pages (D.I. 48, at 10-15) that under various circumstances, the court can exercise its discretion and dismiss for lack of subject matter jurisdiction, with prejudice, and that the Court erred by not doing so. Phenomenex misses the mark.

That this Honorable Court declined to exercise its discretion does not create the intervening change in controlling law, new evidence[6], or clear error which is necessary for reargument and an amended order under Fed. R. Civ. P. 59(e). Further, UDTC made no

---

[6] Phenomenex's argument that the Court erroneously considered the Assignment is a red herring. The Assignment had nothing to do with, and was unnecessary to, the Court's designating the dismissal of UDTC's pre-2001 claims, as one without prejudice.

misrepresentations of law to the Court, nor did this Court misapprehended the law or its duties in this instance when entering an order founded upon law the Court applies daily.

Phenomenex, citing *H.R. Technologies v. Astechnologies, Inc.*, 275 F.3d 1378 (Fed. Cir. 2002), for its rebuttal of UDTC's contention that the dismissal for lack of subject matter jurisdiction is always without prejudice, argues that UDTC intentionally misled the Court.  (Op. Br. at 10).  In so doing, Phenomenex attempts to improperly invert the state of the law on this matter by asserting that a Court, as a matter of law, must dismiss for lack of subject matter jurisdiction with prejudice, unless one of the two exceptions does not apply.  (O.B. at 10-11). Phenomenex then points out that federal circuit case law controls patent claims (O.B. at 1), and suggests that UDTC missed critical and controlling law.  Simply, the very law Phenomenex cites, *H.R. Technologies,* states the long known rule in the Federal Circuit that "[i]n determining whether a dismissal should have been with or without prejudice, this court [the Federal Circuit] applies the law of the pertinent regional circuit." 275 F.3d at 1384.  Thus, as previously argued by UDTC under basic principles of routine federal practice before this Court, the law of the Third Circuit and not the Federal Circuit as Phenomenex incorrectly asserts, controls whether the dismissal should be with or without prejudice.  *H.R. Technologies* in fact undermines further Phenomenex's version of the law by recognizing that a dismissal for lack of standing does not go to the "merits of the underlying patent issues, [and therefore] a dismissal of a complaint for lack of standing would not normally be expected to be made with prejudice." 275 F.3d at 1384.

Phenomenex also attempts to rely on *Sicom Systems Ltd. v. Agilent Tech., Inc.*, 427 F.3d 971 (Fed. Cir. 2005), for the proposition that a dismissal with prejudice is an appropriate exercise of this Court's discretion where a plaintiff has twice attempted and twice failed to demonstrate standing to bring a patent infringement action. Phenomenex ignores that in *Sicom*, the plaintiff

13

failed to object to a dismissal with prejudice before the District Court, (*Id.* at 980), before raising

for the first time on appeal that a dismissal with prejudice was improper. That is clearly not the

procedural posture here.

Thus, although in certain limited circumstances such a dismissal can be with prejudice as

Phenomenex suggests, more accurately, a dismissal for lack of subject matter jurisdiction is first

without prejudice, absent a discretionary intervention from the court under the two narrow

exceptions Phenomenex attempts to transmute into a general rule.[7]  *Ray v. Eysler*, 132 F.3d 156,

previously cited reinforces this principle that when there are no issues of docket management or

the propriety of the parties before the Court, the Court is constrained by Article III of the

Constitution and cannot dismiss a case on the merits, over which it does not have jurisdiction.

UDTC's Motion to Reconsider therefore correctly suggested that a dismissal for lack of subject

matter jurisdiction must always be without prejudice, unless the Court determines in its

discretion that in the interest of judicial economy and as an equitable sanction the Court *could*

enter a dismissal otherwise.  The Court, both in its January 23, 2007 and January 26, 2007

orders, declined to exercised its discretion and dismissed UDTC's pre-2001 claims, properly

without prejudice.

Sadly, Phenomenex's argument boils down to a single, unavoidable truth; it asserts that

the Court erred as a matter of law by refusing to exercise its discretion and dismiss UDTC's pre-

2001 claims for lack of subject matter jurisdiction, with prejudice.  This assertion falls woefully

short of the governing legal standard for reargument.

---

[7]  Courts, in their sound discretion should carefully exercise their power to terminate permanently a right to litigation before a party has had its day in court. *Venegas-Hernandez*, 370 F.3d at 191; *see also, Vogelstein v. National Screen Serv. Corp.*, 204 F.Supp. 591, 595 (E.D. Pa.), *aff'd*, 310 F.2d 738 (3d Cir. 1962), *cert. denied*, 374 U.S. 840, (1963).

14

Nor was dismissal *with prejudice* appropriate based upon any conclusion that the Court reached the merits of any ambiguity in the Assignment. Phenomenex claims that ""[t]here is no language anywhere--in any assignment--that expressly transfers the right to sue for past infringement to UDTC." (O.B. at 8). As well it asserts that because the University "retained a non-exclusive license under the 2004 Patent Assignment and the [Agreement]...," the University's retention of such right would be meaningless "if all rights were in fact transferred to UDTC, including the right to sue for past infringement." (O.B. at 8)(*citing Intellectual Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333 (Fed. Cir. 2001). Phenomenex also points out that "this Court has already held, an assignment that merely transfers all of the 'right, title and interest' in a patent... will not give a party standing to sue for infringement prior to the assignment." (O.B. at 7). Phenomenex's argument that absent an "express transfer" of the right to sue for past infringement, such right cannot be inferred from the terms of the Assignment holds no water in this case.[8] Phenomenex blatantly ignores, even misquotes, the terms of the Assignment which state that such transfer includes all rights "past, present and future." (Ex. A, §1.1, 1.2).

The Court's exercise of discretion is not a matter sufficient to warrant reconsideration. Respectfully, Phenomenex's Motion therefore should be denied.

---

[8] To implore the Court to refuse to entertain any evidence from the two parties who actually have anything constructive to say about the intent of the Agreement--the University and UDTC--which rebuts Phenomenex's self-serving, uninformed and inaccurate rantings, Phenomenex, without citation, offers a twist on *Minco, Inc. v. Combustion Engineering, Inc.*, 95 F.3d 1109 (Fed. Cir. 1996) by stating that "[t]he requirement of an express assignment serves the important policy... of avoiding the expenditure of precious judicial resources on claims that are doubtful..." (O.B. at 7, n. 5). This statement represents a shift from Phenomenex's previous position that absent an express provision to the contrary, only a glaring ambiguity might warrant evidence of intent between the parties. Phenomenex also--in keeping with this new approach--by ignoring the express terms of the Agreement granting all "past, present and future" rights, hopes that this Court will ignore the critical distinction.

## II.    UDTC Properly Submitted the Assignment for the Court's Consideration

On January 4, 2007 by order of the court granted UDTC leave to provide a more definite statement evidencing UDTC's right to pursue alleged patent infringement occurring after August 10, 2007. Thus, Phenomenex's contention that the Court in the January 26, 2007 Amended Order decided something outside the adversarial issues raised by the parties when the Court granted UDTC the opportunity to provide a more definite statement, is incorrect. When the Court issued the January 26 Amended Order it rendered a decision on the issue left outstanding by its January 4, 2007 Order 1. Thus, there is nothing outside of the issues raised by the parties in the Court's Amended Order.

The Court has not made any decision outside the adversarial issues presented by the parties. On January 19, 2007, UDTC filed its Motion to Reconsider seeking an amended order adding to Paragraph 1(a) of the Court's Order of January 4, 2007 ("Motion to Reconsider") (D.I. 45), the words "without prejudice." UDTC also attached to its Motion to Reconsider, the Assignment. The Assignment was reviewed by the Court, and the Court included in its January 26, 2007 Amended Order, disposing of UDTC's Motion to Reconsider stating that "[h]aving reviewed and considered the assignments of May 27, 2004 and November 30, 2005, the court is satisfied that it has subject matter jurisdiction, and UDTC has standing to proceed with a claim of patent infringement alleged to have occurred after August 10, 2001," and ordered that "UDTC may proceed with a claim for patent infringement alleged to have occurred after August 10, 2001, thus VACATING paragraph 1(b) of the court's January 23, 2007 Amended Order." (Amended Order, at 2) (D.I. 47). Thus, by the January 26, 2007 Amended Order, the Court clarified that its dismissal of UDTC's pre-2001 claims for lack of subject matter jurisdiction was without prejudice, and that ancillary review of the Assignment demonstrated that the Court had

16

subject matter jurisdiction over UDTC's post-2001 patent infringement claims such that UDTC could proceed. In sum, this Court, in the interest of judicial economy, disposed of two matters in the single January 26, 2007 Amended Order. That is no justification for Phenomenex to file yet another procedural motion. Phenomenex should not be permitted to delay, yet again, the inevitable day of reckoning on the merits.

Thus, Phenomenex's allegation that "UDTC use[d] its Motion for Reconsideration as a stealth method to get new evidence before the Court..." (O.B. at 9), flies in the face of the Court's January 4, 2007 Order 1 which permitted UDTC to present "a more definite statement" to the Court. It also ignores the fact that the evidence presented by UDTC in its Motion for Reargument was not related to the underlying issue of whether the Court should designate its dismissal of the pre-2001 claims, without prejudice, and had no bearing upon the Court's substantive decision. Phenomenex's Complaint really is that the Court, upon review of the assignment between the University and UDTC it directed UDTC to provide, found subject matter jurisdiction existed before Phenomenex had an opportunity to rehash once again old arguments related to the Assignment. Respectfully, Phenomenex's only ripe issue regarding the Court's January 26, 2007 Order is whether it was clear legal error for the Court to dismiss the pre-2001 claims, without prejudice. It was not. Any further factual challenge of the Assignment therefore must be made, if at all, at the summary judgment stage.

The Court's consideration of the Assignment as attached to UDTC's Motion to Reconsider was not improper, nor did it constitute a consideration of matters outside those presented by the parties. Respectfully, Phenomenex's Motion for Reargument should be denied.

17

## CONCLUSION

WHEREFORE, for the all of the foregoing reasons, Phenomenex's Motion to Reconsider should be Denied, and UDTC respectfully requests that this Court enter an Order setting a scheduling conference.

Respectfully submitted,

**McCARTER & ENGLISH, LLP**

/s/ Michael P. Kelly
Michael P. Kelly (#2295)
A. Richard Winchester (#2641)
James J. Freebery (#3498)
Christopher A. Selzer (#4305)
919 North Market Street, Suite 1800
Wilmington, DE  19801
Phone:  (302) 984.6300
Facsimile:  (302) 984-6399
**Attorneys for Plaintiff**

Dated: February 26, 2007

18

ME1 6187709v.1