AO88 (DE Rev. 01/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

UD TECHNOLOGY CORPORATION

V.

PHENOMENEX, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-842-GMS

TO: Dr. Hafeez O. Fatunmbi
518 Dougfield Rd.
Newark, DE 19713

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West St., Wilmington, DE 19801 | 4/20/2007 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Karen E. Keller* | 3/20/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Karen E. Keller, Esquire, Young Conaway Stargatt & Taylor, The Brandywine Building, 1000 West St., 17th Floor, Wilmington, DE 19801. (tel.) 302-571-6600

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

## DOCUMENTS TO BE PRODUCED

1. All documents and things referring or relating to your patent, or the subject matter claimed therein.

2. All documents and things relating to the preparation or prosecution of the patent applications, which led to the issuance of your patents, and any foreign patent applications corresponding in whole or in part to your patent, including but not limited to written descriptions, specifications, invention disclosure statements, for your patents.

3. All documents and things relating to:

   a. the conception of the claimed inventions and subject matter of your patent, including without limitation, the first disclosure by you or another inventor to another person;

   b. the development of the claimed inventions and subject matter of your patent, and any attempts to reduce the claimed invention to practice;

   c. the first manufacture, use, sale or offer for sale and placing on sale of any product covered by or made in accordance with any claim of any of your patents;

   d. all testing, experimentation, research and development conducted during the design and/or development of any part or all of the embodiments described in your patent applications;

   e. the determination of the proper inventor(s) of each claim of your patent.

4. All documents and things that evidence, discuss, mention, refer to, or otherwise relate to any concepts, designs, products, projects, prototypes, demonstrations or proofs-of-concept that is described in your patent.

5. All descriptions of, or actual diagrams of each product or process which utilizes or embodies the alleged invention claimed in your patent.

6. All documents and things created by or at the direction of the other named inventor of your patent including, but not limited to, laboratory notebooks, memos and reports, relating to all or part of any of the embodiments described in your patents.

7. All documents and things created at your direction, including, but not limited to, laboratory notebooks, memos and reports, relating to all or part of any of the embodiments described in your patents.

8. All documents and things that constitute, or refer or relate to, or reflect, in whole or in part, searches (without limitation search requests and results) for prior art to your patent and applications or any subject matter claimed therein.

9. All U.S. and foreign patents given to, received from or identified to or by patent counsel for or during the preparation and prosecution of your patent and its applications.

10. All printed publications given to, received from or identified to or by patent counsel for or during the preparation and prosecution of your patent and its applications

11. All documents referring or relating to any events, facts and documents concerning your knowledge of your patents, Phenomenex or this case.

12. All documents referring or relating to communications between you and Phenomenex.

13. All documents referring or relating to communications between you and RCT.

14. All documents referring or relating to communications between you and UDTC.

15. All documents referring or relating to communications between you and any third party relating to your patent.

16. All documents referring or relating to any potential litigation between UDTC or RCT and Phenomenex.

17. All documents referring or relating to communications between you and any co-inventors, including, but not limited to Mary J. Wirth.

18. All documents referring or relating to any assignments of or transfers of rights under your patent.

19. All documents referring or relating to any license(s) of your patent.

20. All documents referring or relating to the Evaluation License Agreement.

21. All documents referring or relating to the Materials Treatment Agreement.

22. All documents referring or relating to any research grants, research proposals, or requests for funding for research related to the subject matter of your patent.

23. All documents referring to the financing and/or funding of this case.

24. All documents referring or relating to any royalties you or any others received under your patent.

## DEFINITIONS

1. The terms "UDTC" means Plaintiff UD Technology Corporation and includes any parents, predecessors (including specifically all entities acquired by UDTC), subsidiaries, affiliates, divisions, associated organizations, joint ventures, present and former officers, directors, trustees, employees, staff members, agents, or other representatives, including counsel and patent agents, in any country.

2. The term "RCT" means Research Corporation Technologies and includes any parents, predecessors (including specifically all entities acquired by RCT), subsidiaries, affiliates, divisions, associated organizations, joint ventures, present and former officers, directors, trustees, employees, staff members, agents, or other representatives, including counsel and patent agents, in any country.

3. The terms "you" and "your" means Hafeez O. Fatunmbi, and includes without limitation, her past and present partners, associates, agents, representatives, attorneys, employees, others acting or purporting to act on his behalf, and any predecessor in interest.

4. The term "Phenomenex" means Defendant Phenomenex, Inc. or any officer, agent, representative, servant, employee, attorney, or other person or entity acting on its behalf.

5. The term "'625 Patent" means U.S. Patent No. 5,599,625.

6. The term "'215 Patent Application" means U.S. Patent Application 07/900,215.

7. The term "'053 Patent Application" means U.S. Patent Application 08/090,053.

8. The term "'875 Patent Application" means U.S. Patent Application 08/455,875.

9. The term "patent applications" as used herein in connection with the '625 Patent

means (a) any U.S., international, or foreign patent or patent application related to the given patent or its application(s) by way of subject matter or claimed priority date, (b) all parent, child, divisional, continuation, continuation-in-part, Office Actions, reissue, reexamination, extension, and foreign counterpart patents and applications, and/or (c) any patent or patent application filed by one or more of the same applicant(s) (or his or her assignees) that refers to any of the application(s) that led to issuance of the '625 Patent. This term includes, but is not limited to the '625 Patent, '215 Patent Application, '053 Patent Application and '875 Patent Application.

    10.    The term "Document" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item. The term shall include, but not be limited to, all written, electronic, phonic, graphic, and recorded matter of every type and description and every tangible thing that is or has been in your possession, custody, or control, to which you have access, or of which you have knowledge. "Documents" shall also include, but shall not be limited to, the following items, whether printed or recorded or reproduced by hand: agreements, contracts, leases, communications (including intra-organization communications), electronic mail, data from Personal Digital Assistants (including Palm Pilots, pagers, and other PDAs), correspondence, faxes, telegrams, cables, telexes, teletype messages, memoranda, records, books, diaries, notebooks, calendars (paper, electronic and otherwise), telephone and other logs, telephone and other bills, voicemail and transcriptions thereof, recorded distributions, forecasts, statistical statements, accounts, invoices, purchase orders, receipts, billing records, tapes, expense vouchers, minutes, summaries and other records of meetings, conferences, negotiations, conversations, investigations and interviews, sales brochures and literature, advertisements, price lists, trade letters, press releases, stenographic, handwritten and any other notes, projections,

working papers, checks (front and back), check stubs and receipts, models, surveys, devices, pictures, photographs, films, computer records, data compilations, and voice and video recordings. "Documents" shall not be limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other storage device). A draft or non-identical copy is a separate document within the meaning of this term.

11. The term "All Documents" means any and all documents that you can locate through a diligent search of all locations likely to contain documents requested herein and through reasonable inquiry of all persons likely to know of the existence of documents requested herein.

12. The term "Communication" shall refer to all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, press releases, computer mail, e-mail and all other documents evidencing any verbal or nonverbal interaction between persons and/or entities.

13. The terms "Relate To," "Relates To," "Related To," "Relating To," "Referring To" and "Regarding" mean constitute, include, comprise, consist of, refer, reflect, discuss, show, state, explain, contradict, provide context to, evidence, concern or be in any way logically or factually connected with the matter discussed or identified.

14. The terms "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests.

15. The term "any" or "each" should be understood to include and encompass "all."

16. The use of a verb in any tense shall be construed as including the use of the verb

in all other tenses.

17. The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

18. The term "your patent" shall refer to U.S. Patent No. 5,599,625 and all related patent applications.

19. The term "this case" and "this litigation" shall refer to the case *U. D. Technology Corp. v. Phenomenex, Inc.*, Civil Action Number 05-842-GMS, venued in the United States District Court for the District of Delaware.

## INSTRUCTIONS

The following instructions shall apply to each of the document requests herein:

1. In answering the following Document Requests, furnish all available information, including information in the possession, custody, or control of any of your attorneys, employees, representatives, associates, partners and persons under your control, who have the best knowledge, not merely information known to you based on your own personal knowledge.

2. Electronic records and computerized information must be produced in .TIF format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

3. Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

4. File folders with tabs or labels, or directories of files identifying documents, must be produced intact with such documents.

5. Documents attached to each other shall not be separated.

6. If any information requested is claimed to be privileged, immune from discovery or otherwise not discoverable, please provide all information falling within the scope of the Document Request which is discoverable, and for each item of information contained in a document to which a claim of privilege is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

    a. the basis on which the privilege is claimed;

    b. the names and positions of the author of the document and all other persons participating in the preparation of the document;

    c. the name and position of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

    d. the date of the document;

    e. a description of any accompanying material transmitted with or attached to such document;

    f. the number of pages in such document;

    g. the particular Document Request to which such document is responsive; and

    h. whether any business or non-legal matter is contained or discussed in such document.

7. If your response to a particular Document Request is a statement that you lack the ability to comply with that Document Request, you must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in your possession, custody, or

control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that information or category of information must be identified.

8.  If you contend certain requests require disclosure of trade secret or other confidential research, development, or commercial information, please mark them as such. Until a Protective Order is entered in this case, disclosure of any documents so marked "Confidential" will be treated in a confidential manner in accordance with D. Del. L.R. 26.2.