AO88 (DE Rev. 01/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| UD TECHNOLOGY CORPORATION | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| PHENOMENEX, INC. | Case Number:[1] 05-842-GMS |

TO: Scully, Scott, Murphy and Presser PC
400 Garden City Plaza, Suite 300
Garden City, NY 11530

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West St., Wilmington, DE 19801 | 4/20/2007 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature] Karen E. Keller* | 3/20/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Karen E. Keller, Esquire, Young Conaway Stargatt & Taylor, The Brandywine Building, 1000 West St., 17th Floor, Wilmington, DE 19801. (tel.) 302-571-6600

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                     DATE                                    SIGNATURE OF SERVER

                                                             _____
                                                             ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# SCHEDULE A TO SUBPOENA OF SCULLY, SCOTT, MURPHY & PRESSER FOR THE PRODUCTION OF DOCUMENTS AND THINGS

1. All documents and things referring or relating to, in whole or in part, the Named Inventors.

2. Documents sufficient to describe all patent matters for UDTC, RCT or the Named Inventors in which you were involved in any capacity.

3. All documents and things comprising, or referring or relating to, in whole or in part, the '625 Patent, including without limitation:

    a. any applications or drafts thereof; and any documents discussing such drafts;

    b. any foreign applications or patent counterparts thereto, including file histories for such applications;

    c. the documents constituting, discussing or reflecting any history of the prosecution of the '625 Patent;

    d. the '625 Patent file history or file wrapper;

    e. any applications referring to the '625 Patent or '625 Patent Applications, whether for priority or otherwise;

    f. recordings, notes, transcripts or memoranda of any interview or conversation with the United States Patent & Trademark Office (including any Examiner) related to the prosecution of the '625 Patent Applications.

  g. all descriptions of the subject matter of the '625 Patent Applications provided by or sent to the Named Inventors or RCT, UDTC or the University;

  h. all e-mails sent to or by the Named Inventors or RCT, UDTC or the University or Mr. Black related to the '625 Patent; and

  i. the entire contents of any physical folder, file or binder containing of the above documents and things.

4. All documents filed with or received from the United States Patent Office in connection with the prosecution of the '625 Patent or Patent Applications.

5. All documents and things comprising, relating or referring to, in whole or in part, any pending patent application, on which any of the Named Inventors is listed as an inventor and which is related, in whole or in part, to the subject matter of the '625 Patent.

6. All documents and things describing, referring or relating to, in whole or in part, any work performed or billed by Mr. Black in connection with the '625 Patent or Patent Applications.

7. All documents and things describing or referring or relating to, in whole or in part, any work performed or billed by Scully, Scott, Murphy & Presser in connection with the '625 Patent or Patent Applications.

8. All documents and things comprising, or referring or relating to any product, method or process described or identified in the '625 Patent or Patent Applications.

2

9.  All documents and things referring or relating to, in whole or in part, the first use or the first offer for sale in the United States by any Named Inventor, UDTC, RCT or the University described in or claimed by the '625 Patent or the Patent Applications.

10. All documents and things comprising, or referring or relating to, in whole or in part, any evaluation, study, analysis, or review of the patentability, enforceability, infringement, ownership, or inventorship of any aspect of the '625 Patent or the Patent Applications.

11. All documents and things comprising, or referring or relating to, in whole or in part, all prior art searches or requests for such searches in connection with the '625 Patent or Patent Applications.

12. All documents and things comprising, or referring or relating to, in whole or in part, any communication by, to or with any actual or potential licensee under the '625 Patent or Patent Applications.

13. All documents and things comprising, or referring or relating to, in whole or in part, licensing of the '625 Patent, including without limitation, licenses, licensing plans, licensing evaluations, licensing plan agreements, or license plan policy agreements related to the '625 Patent.

14. All documents and things comprising, or referring or relating to, any communication by or to anyone not then a client of Scully, Scott, Murphy & Presser that related to UDTC, RCT, the University or the Named Inventors.

15. All documents and things comprising, or referring or relating to, in whole or in part, any actual or potential bar to patentability under any provision of 35 U.S.C. § 102, to any of the '625 Patent Application claims.

16. All documents and things comprising, or referring or relating to, in whole or in part, any products, publications, documents, things, or references of any kind reviewed or considered during and related to the prosecution of the '625 Patent Application.

17. All documents and things comprising, or referring or relating to, in whole or in part, prior art under any provision of the U.S. Patent Laws to the '625 Patent and Patent Applications.

18. All documents written, drafted or read by Mr. Black between 1992 and 1998 regarding a patent applicant's or patent attorney/agent's duty of disclosure to the Patent Office, Information Disclosure Statements, 37 C.F.R. § 131 or 37 C.F.R. § 56.

19. Documents sufficient to show Mr. Black's technical, legal and patent background and experience.

20. Documents sufficient to explain Scully, Scott, Murphy & Presser's document retention policy or policies from 1992 to the present.

## DEFINITIONS

1. The terms "UDTC" means Plaintiff UD Technology Corporation and includes any parents, predecessors (including specifically all entities acquired by UDTC), subsidiaries, affiliates, divisions, associated organizations, joint ventures, present and former officers, directors, trustees, employees, staff members, agents, or other representatives, including counsel and patent agents, in any country.

2. The term "RCT" means Research Corporation Technologies and includes any parents, predecessors (including specifically all entities acquired by RCT), subsidiaries, affiliates, divisions, associated organizations, joint ventures, present and former officers, directors, trustees, employees, staff members, agents, or other representatives, including counsel and patent agents, in any country.

3. The terms "Named Inventors" means and includes without limitation, Mary J. Wirth and/or Hafeez O. Fatunmbi and their past and present partners, associates, agents, representatives, attorneys, employees, others acting or purporting to act on their behalf, and any predecessor in interest.

4. The term "Phenomenex" means Defendant Phenomenex, Inc. or any officer, agent, representative, servant, employee, attorney, or other person or entity acting on its behalf.

5. The term "'625 Patent" means U.S. Patent No. 5,599,625.

6. The term "'215 Patent Application" means U.S. Patent Application 07/900,215.

7. The term "'053 Patent Application" means U.S. Patent Application 08/090,053.

8. The term "'875 Patent Application" means U.S. Patent Application 08/455,875.

9. The term "patent applications" as used herein in connection with the '625 Patent means (a) any U.S., international, or foreign patent or patent application related to the given patent or its application(s) by way of subject matter or claimed priority date, (b) all parent, child, divisional, continuation, continuation-in-part, Office Actions, reissue, reexamination, extension, and foreign counterpart patents and applications, and/or (c) any patent or patent application filed by one or more of the same applicant(s) (or his or her assignees) that refers to any of the application(s) that led to issuance of the '625 Patent. This term includes, but is not limited to the '625 Patent, '215 Patent Application, '053 Patent Application and '875 Patent Application.

10. The term "Document" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item. The term shall include, but not be limited to, all written, electronic, phonic, graphic, and recorded matter of every type and description and every tangible thing that is or has been in your possession, custody, or control, to which you have access, or of which you have knowledge. "Documents" shall also include, but shall not be limited to, the following items, whether printed or recorded or reproduced by hand: agreements, contracts, leases, communications (including intra-organization communications), electronic mail, data from Personal Digital Assistants (including Palm Pilots, pagers, and other PDAs), correspondence, faxes, telegrams, cables, telexes, teletype messages, memoranda, records, books, diaries, notebooks, calendars (paper, electronic and otherwise), telephone and other logs, telephone and other bills, voicemail and transcriptions thereof, recorded distributions, forecasts, statistical statements, accounts, invoices, purchase orders, receipts, billing records, tapes, expense vouchers, minutes, summaries and other records of meetings, conferences, negotiations, conversations, investigations and interviews, sales brochures and literature, advertisements, price lists, trade letters, press releases, stenographic, handwritten and any other notes, projections, working papers, checks (front and back), check stubs and receipts, models, surveys, devices, pictures, photographs, films, computer records, data compilations, and voice and video recordings. "Documents" shall not be limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other storage device). A draft or non-identical copy is a separate document within the meaning of this term.

11. The term "All Documents" means any and all documents that you can locate through a diligent search of all locations likely to contain documents requested herein and

through reasonable inquiry of all persons likely to know of the existence of documents requested herein.

12. The term "Communication" shall refer to all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, press releases, computer mail, e-mail and all other documents evidencing any verbal or nonverbal interaction between persons and/or entities.

13. The terms "Relate To," "Relates To," "Related To," "Relating To," "Referring To" and "Regarding" mean constitute, include, comprise, consist of, refer, reflect, discuss, show, state, explain, contradict, provide context to, evidence, concern or be in any way logically or factually connected with the matter discussed or identified.

14. The terms "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests.

15. The term "any" or "each" should be understood to include and encompass "all."

16. The use of a verb in any tense shall be construed as including the use of the verb in all other tenses.

17. The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

18. The term "Mr. Black" shall mean and include Mr. Donald T. Black.

19. The term Scully, Scott, Murphy & Presser shall mean and include Scully, Scott, Murphy & Presser and any of its members, partners, associates, employees or agents.

20.  The terms "you" and your shall mean and include Scully, Scott, Murphy & Presser

## INSTRUCTIONS

The following instructions shall apply to each of the document requests herein:

1.  In answering the following Document Requests, furnish all available information, including information in the possession, custody, or control of any of your attorneys, employees, representatives, associates, partners and persons under your control, who have the best knowledge, not merely information known to you based on your own personal knowledge.

2.  Electronic records and computerized information must be produced in .TIF format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

3.  Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

4.  File folders with tabs or labels, or directories of files identifying documents, must be produced intact with such documents.

5.  Documents attached to each other shall not be separated.

6.  If any information requested is claimed to be privileged, immune from discovery or otherwise not discoverable, please provide all information falling within the scope of the Document Request which is discoverable, and for each item of information contained in a document to which a claim of privilege is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

8

    a.    the basis on which the privilege is claimed;

    b.    the names and positions of the author of the document and all other persons participating in the preparation of the document;

    c.    the name and position of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

    d.    the date of the document;

    e.    a description of any accompanying material transmitted with or attached to such document;

    f.    the number of pages in such document;

    g.    the particular Document Request to which such document is responsive; and

    h.    whether any business or non-legal matter is contained or discussed in such document.

7. If your response to a particular Document Request is a statement that you lack the ability to comply with that Document Request, you must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in your possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that information or category of information must be identified.

8. If you contend certain requests require disclosure of trade secret or other confidential research, development, or commercial information, please mark them as such. Until a Protective Order is entered in this case, disclosure of any documents so marked "Confidential"

will be treated in a confidential manner in accordance with D. Del. L.R. 26.2.