IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UD TECHNOLOGY CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-842-GMS |
| ) | |
| PHENOMENEX, INC., ) | |
| ) | |
| Defendant. ) | |

**JOINT STATUS REPORT**

Pursuant to Rule 16, Fed. R. Civ. P., D. Del. L.R. 16.2, and the Court's Notice of Scheduling Conference, the parties, by and through their undersigned counsel, jointly submit this Status Report. Counsel for the parties participated in a telephone conference pursuant to the Notice of Scheduling Conference and as required by Fed. R. Civ. P. 26(f) on March 20, 2007. Christoper A. Selzer and Eric E. Grondahl of McCarter & English LLP participated via telephone on behalf of the Plaintiff, and Karen L. Pascale and Karen E. Keller of Young Conaway Stargatt & Taylor, LLP participated via telephone on behalf of the Defendant.

1.  **Jurisdiction and Service**

Phenomenex has raised a defense of lack of subject matter jurisdiction with respect to claims for patent infringement arising before May 27, 2004 based on lack of standing for the period of August 10, 2001 to May 27, 2004. Plaintiff notes the Court ruled upon such issues and Phenomenex subsequently filed a motion pursuant to Local Rule 7.1.5 for reargument and that the reargument motion has been fully briefed and is pending decision. Phenomenex otherwise does not contest subject matter jurisdiction. As stated in its Answer, Phenomenex contests

personal jurisdiction. UDTC contends that Phenomenex, by its actions, statements and otherwise, including Phenomenex's Answer to the Complaint, its Motion to Stay Discovery, its Motion to Dismiss, and its general entry of appearance, has waived personal jurisdiction and venue challenges. All parties have been served.

2.      **Substance of the Action**

Plaintiff UDTC alleges that Phenomenex willfully infringes, induces others to infringe and contributorily infringes one or more claims of United States Patent No. 5,599,625 (the "'625 patent"), which is directed to high-pressure liquid chromatography (HPLC) materials containing silanes bound to the surface of the HPLC materials. The Complaint alleges that Phenomenex's Jupiter brand HPLC products and other of Phenomenex's HPLC column products infringe one or more claims of the '625 patent. (Complaint ¶ 30.) The inventors of the '625 patent (the "Inventors") are not parties to this lawsuit.

Defendant denies that it has infringed or continues to infringe claims of the '625 patent through the manufacture, use or sale of its Jupiter brand HPLC products or other HPLC column products. Defendant also denies any willful infringement of the '625 patent. Defendant further contends that the claims of the '625 patents are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112. Phenomenex further defends on the bases of failure to state a claim upon which relief can be granted, lack of personal jurisdiction, laches, equitable estoppel, lack of ownership, lack of standing, inequitable conduct and prosecution history estoppel.

3.      **Identification of Issues**

To the extent known and understood at this early stage of the proceedings, the principal factual and legal issues in dispute in the above-captioned case are typical of those in most patent cases and include the following:

    (a)    Infringement of one or more claims of the patent in suit;

    (b)    Willful infringement of one or more claims of the patent in suit;

    (c)    Validity of the claims of the patent in suit;

    (d)    Enforceability of the claims of the patent in suit;

    (e)    The amount of damages, if any, should Phenomenex be found liable;

    (f)    Injunctive relief, if any, should Phenomenex be found liable;

    (g)    The timing and duration of Phenomenex's infringement of the patent in suit;

    (h)    Standing of UDTC to bring patent infringement claims between 2001 and 2004.

### 4. **Narrowing of Issues**

Although Defendant asserts that the issues will be narrowed if its motion for reargument is granted and UDTC is found to lack standing to bring claims for patent infringement between 2001-2004, Plaintiff believes that Defendant's reargument motion relates only to the scope of time for recovery for Phenomenex's alleged infringement of the patent in suit, and will not narrow any substantive issue related to Phenomenex's alleged infringement. The issues will likely be focused after the <u>Markman</u> hearing. The parties contemplate being able to narrow the issues by eliminating claims and/or defenses and by requesting permission to file summary judgment motions consistent with the Court's rules and the schedule set forth by the Court.

### 5. **Relief**

Plaintiff seeks: (1) a judgment declaring that Defendant has infringed, and that the making, using, selling, offering to sell or importing of the Jupiter product infringes the '625 patent; (2) compensatory and consequential damages in an amount according to the proof at trial; (3) an award of exemplary damages as permitted by Federal statute, and attorney fees, costs, and

expenses in this action under 35 U.S.C. § 285; and (4) an award of any further and additional relief as the Court deems just and proper. Plaintiff further states that it is unable to calculate an exact monetary demand without discovery.

Although Defendant did not file a counterclaim and has sought no specific action from this Court, Defendant seeks a judgment (1) that the claims of the '625 patent are invalid; (2) that Defendant has not infringed and that its manufacture, use, or sale of its Jupiter products does not infringe the claims of the '625 patent; (3) that the claims of the '625 patent are unenforceable; (4) that this is an exceptional case under 35 U.S.C. § 285 and awarding Defendant its attorney fees, costs, and expenses in this action; and (5) awarding Defendant any further and additional relief as the Court deems just and proper.

### 6. Amendment of the Pleadings

Plaintiff does not at present anticipate amendment to the pleadings to include additional claims. Defendant believes that amendment of the pleadings may be required to add additional allegations of inequitable conduct, following depositions of the inventors. Plaintiffs reserve the right to amend the pleadings as is necessary pursuant to Fed. R. Civ. P. 15(b), to conform to the evidence; defendant believes the Court's normal rules concerning the disclosure of contentions along with the Federal Rules of Civil Procedure, should govern amendments to conform to the evidence.

### 7. Joinder of Parties

Although the parties do not anticipate joinder of any additional parties at this time, dependant upon the success of Phenomenex's pending reargument motion, the University of Delaware and the inventors may elect to join this action as a party plaintiff pursuant to Fed. R.

Civ. P. 18, 19, 20 and 24. Phenomenex reserves the right to oppose such joinder when and if necessary.

8.  **Discovery**

Discovery Contemplated by the Parties:

The parties anticipate a need for discovery prior to any hearing on claims interpretation and that the discovery necessary for the Markman hearing is likely narrower in scope than that required for proof in the balance of Plaintiff's case. In addition, Defendant's specific defenses are highly fact intensive and encompass many aspects of the conduct of both parties.

Discovery related to the infringement issues in this case will likely be directed to the manufacture, design, specifications, structures, and other physical properties of Phenomenex's HPLC products to include the Jupiter column. Defendant contends that such discovery will likely be directed solely to Phenomenex, however, Plaintiff anticipates discovery also from Phenomenex's materials suppliers, third party contract manufacturers, and discovery from a number of Phenomenex's former HLPC scientists and employees.

Discovery related to claim construction in this case will likely be directed to identification of any claim terms in dispute, an exchange of the parties' position on the meaning of the claim terms, and production of any evidence supporting each of the parties' proposed construction. Although the Federal Circuit has limited the use of expert testimony in claim construction, it may be necessary for the parties to identify and exchange expert information and depose experts on the claim construction issues. Discovery on these issues will likely be directed to Phenomenex, to UDTC, to third parties and to the inventors.

Discovery related to the damages issues in this case will likely be directed to the manufacture, use, sales and offers for sale of Phenomenex's Jupiter products, and according to

Plaintiff, other allegedly infringing products, if any, marketing and sales data for Phenomenex's Jupiter products, Phenomenex's revenues and profits from the sales of its Jupiter and according to Plaintiff, other products, the parties' licensing experience, practices, strategies and interactions between the parties. Discovery on these issues will likely be directed to Phenomenex, to UDTC, the University of Delaware, RCT and to third parties who may have licenses in the field.

Discovery related to patent validity and enforceability issues in the case will likely be directed to conception and reduction to practice of the alleged invention by the inventors, prosecution of the patent at issue before the U.S. Patent and Trademark Office and the inventor's and/or third party prior art activities, research conducted by and known to the inventors before issuance of the patent in suit and the transfers of ownership. Such discovery will be directed at UDTC, the inventors, RCT, the University of Delaware, the prosecuting firm and other third parties.

The inventors are third parties, which may complicate the discovery. Discovery will also need to be obtained from third parties RCT and the University of Delaware. Because the Jupiter products are available for purchase by the general public, early identification of the claims at issue by UDTC should be possible. Early identification of the claims will narrow the efforts for claim construction and prior art discovery.

Finally, the parties propose that the limits on discovery imposed by the Federal Rules of Civil Procedure are adequate for this case, except for depositions of the inventors, which the parties agree should be permitted for up to two days per inventor. Plaintiff also seeks two days of deposition for Phenomenex's present and past employees. Please see the attached proposed scheduling order for the parties' proposed deadlines in the case.

9. **Estimated Trial Length**

Because the trial will include patent infringement, invalidity, unenforceability claims and damages the parties agree that the case will take approximately 10 days to try. Defendant believes that bifurcation of willful infringement is appropriate if the Federal Circuit determines that the scope of waiver of attorney-client privilege is broad for reliance on opinions of counsel in defense of a charge of willful infringement in the *en banc* In re Seagate Technology, LLC matter. See Novartis Pharms. Corp. v. Eon Labs Mfg., 206 F.R.D. 396 (D. Del. 2002) ("The Court recognizes that an alleged infringer could incur undue prejudice as a result of the scope of discovery required. Accordingly, in the future, the Court will consider separating the issues of willfulness and damages from the other patent issues."). Although Defendant believes that the jury may benefit from bifurcation of the infringement and invalidity issues as well as the willfulness and damages issues, Plaintiff contends that such issues are not complicated, will not unduly distract the jury from the issues and that bifurcation will require unnecessary expenditure of time and judicial resources.

10. **Jury**

The parties have demanded a trial by jury on all issues so triable.

11. **Settlement**

The parties have not engaged in formal or informal settlement discussions. The parties agree that referral to a Magistrate for settlement would be productive.

12. **Statement of Counsel**

Counsel for the parties has conferred regarding each of the above matters.

| */s/ Christopher A. Selzer* | */s/ Karen E. Keller* |
|---|---|
| Michael P. Kelly (No. 2295) <br> A. Richard Winchester (No. 2641) <br> Christopher A. Selzer (No. 4305) <br> McCARTER & ENGLISH, LLP <br> 919 North Market Street, Suite 1800 <br> Wilmington, DE 19801 <br> (302) 984-6300 <br> mkelly@mccarter.com <br><br> *Attorneys for Plaintiff UD Technology Corp.* | John W. Shaw (No. 3362) <br> Karen L. Pascale (No. 2903) <br> Elena C. Norman (No. 4780) <br> Karen E. Keller (No. 4489) <br> YOUNG CONAWAY STARGATT & TAYLOR, LLP <br> 1000 West Street <br> The Brandywine Building, 17th Floor <br> Wilmington, DE 19801 <br> (302) 571-6600 <br> kkeller@ycst.com <br><br> *Attorneys for Defendant Phenomenex, Inc.* |