IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UD TECHNOLOGY CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PHENOMENEX, INC.,<br><br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No.: 05-842-GMS<br>)<br>)<br>)<br>)<br>)<br>) |

## SCHEDULING ORDER

　　This _____ day of April, 2007, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on March 28, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

　　IT IS ORDERED that:

　　1.　**Rule 26(a) Initial Disclosures.** Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before April 11, 2007.

　　2.　**Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before July 27, 2007. Defendant may amend the pleadings to assert inequitable conduct on or before October 31, 2007. After October 31, 2007, Defendant must seek leave of Court to amend the pleadings to assert inequitable conduct. Plaintiff reserves the right to oppose Defendant amending the pleadings to add inequitable conduct after October 31, 2007.

3.  **Reliance Upon Advice of Counsel.** Defendant shall inform Plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement no later than ten (10) days after the Court enters its claim construction order. If defendant elects to rely on advice of counsel as a defense to willful infringement, defendant shall produce any such opinions on which defendant intends to rely to plaintiff no later than ten (10) days after the Court enters its claim construction order.

4.  *Markman* **Claim Construction Hearing.** A *Markman* claim construction hearing shall be held on October 22, 2007 at 9:30 a.m. The Markman hearing is scheduled for a total of 3 hours with each side having 1.5 hours. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before August 8, 2007, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence, as well as extrinsic evidence, if the Court requests citations to extrinsic evidence. The plaintiff shall submit to the court, a Joint appendix of Intrinsic and Extrinsic Evidence (the "Joint Appendix") containing all intrinsic and extrinsic evidence relied upon in the claim construction briefing. A sample table of contents of the joint appendix can be located on this court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed on the same day as the answering claim construction briefs. The parties shall file opening claim construction briefs on August 15, 2007, and answering claim construction briefs on September 12, 2007.

5.  **Discovery.** All fact discovery in this case shall be initiated so that it will be completed on or before January 31, 2008. Expert Discovery in this case shall be initiated so that it will be completed on or before April 4, 2008. The parties shall exchange opening expert reports on February 7, 2008 which address the respective issues for which each party has the burden of proof, and answering expert reports on March 7, 2008. The parties may serve fifty

(50) interrogatories per side, including sub-parts. Depositions shall be limited to a total of seventy (70) hours per side, excluding expert depositions.

      a.    **Discovery and Scheduling Matters:** Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference. Should the Court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

    6.    **Confidential Information and Papers filed under Seal**. Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

7.      **Settlement Conference**. Pursuant to 28 U.S.C. §636, this matter is referred to a United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact a United States Magistrate Judge to schedule a settlement conference with counsel and clients.

8.      **Summary Judgment Motions.** Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than April 11, 2008. Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than May 2, 2008. Reply letter briefs shall be no longer than three (3) pages and filed with the Court no later than May 9, 2008. The Court shall hold a Status Conference to hear argument and to determine whether the filing of any motion for summary judgment will be permitted on May 12, 2008 at 10:00 a.m. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9.      **Case Dispositive Motions.** All case dispositive motions and opening brief and affidavits, if any, in support of the motion shall be served and filed on or before May 28, 2008 or two weeks after the Court's ruling on requests for summary judgment motions, whichever is later. Briefing will be presented pursuant to the court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court

4

for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

10. **Applications by Motion**. Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

12. **Daubert Issues**. The Court will address Daubert issues at the Pretrial Conference.

13. **Pretrial Conference.** On October 14 2008, beginning at 10:00 a.m., the Court will hold a Pretrial Conference in Chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order. **Motions *in limine*:** No party shall file more than five (5) motions *in limine*. Briefs (**opening, answering and reply**) on all motions *in limine* shall be filed by September 22, 2008. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3)

pages. The parties shall file with the Court the **joint** proposed final pretrial order with the information required by the form of Final Pretrial Order which can be located on this court's website at www.ded.uscourts.gov no later than 5:00pm on September 15, 2008.

14.    **Trial.** This matter is scheduled for a 7 day jury trial beginning at 9:00 a.m. on November 10, 2008.

15.    **Scheduling.** The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel are on the line for purposes of selecting a new date.

_____
UNITED STATES DISTRICT JUDGE

ME1 6273246v.1