AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UD TECHNOLOGY CORPORATION,

V.

PHENOMENEX, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] DELAWARE-C.A.NO.05-842 GMS

TO: Dr. Faizy Ahmed
10 Fairfield
Foothill Ranch, CA 92610

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Greenberg Traurig, Center Tower, 650 Town Center Drive, Suite 1700 Costa Mesa, CA 92626   (714) 708-6500 | 5/10/2007 9:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Greenberg Traurig, Center Tower, 650 Town Center Drive, Suite 1700 Costa Mesa, CA 92626   (714) 708-6500 | 5/10/2007 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_  Counsel for Plaintiff | 4/18/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher A. Selzer, Esquire  -  McCarter & English, LLP
919 N. Market St., Ste. 1800, Wilmington, DE 19801   (302) 984-6300

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
               DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
        (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
        (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
        (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
        (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
        (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

## DOCUMENTS REQUESTED

1. Any employment agreement between you and Phenomenex.

2. Any compensation agreement between you and Phenomenex.

3. Any settlement or other agreement of any nature between you and Phenomenex.

4. All documents and/or communications between you and Fasha Majhoor, Hafeez Fatunmbi, or Mary Wirth.

5. All documents, reports, data compilations, or records of whatever kind related to your work with or at Phenomenex.

6. All documents, notes, records and/or communications of any kind regarding the '625 Patent and any and all applications related thereto, including foreign applications or patents.

7. All documents, notes, records and/or communications of any kind regarding the technology set forth in the claims of the '625 Patent.

8. All notes, reports, or compilations of any kind made before, at or following any meeting with or regarding any communications, meetings and/or work with Hafeez Fatanmbi and Mary Wirth.

9. All documents, notes, data compilations, or records of any kind regarding Phenomenex's Jupiter brand of HPLC products, Siloxane Monolayer Products, or other Phenomenex products.

10. All documents between you and any other party arising from or related to Phenomenex's Jupiter brand of HPLC products, Siloxane Monolayer Products, or other Phenomenex Products.

## DEFINITIONS

1. The terms "you" or "your" mean you, Dr. Faizy Ahmed.

1

2.    The term "Phenomenex" means and includes Phenomenex, Inc. and any of its subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents, wholly or partially owned entities, present and former officers, directors, trustees, employees, staff members, agents, attorneys, consultants, and/or any other person or entity acting for Phenomenex or on Phenomenex's behalf.

3.    "Patent" means any patent, patent application, patent publication, utility model, or industrial design.

4.    The term "'625 patent" means U.S. Patent No. 5,599,625 and all patent applications to which the '625 patent claims priority.

5.    The term "HPLC" means High Pressure Liquid Chromatography.

6.    The term "Jupiter Product" means any HPLC product manufactured, marketed, sold, offered for sale and/or use by Phenomenex under or associated with the Jupiter™ trade mark.

7.    The term "Phenomenex Product" shall mean any HPLC product manufactured, marketed, sold, offered for sale and/or used for the separation or purification of proteins, peptides, trypic digests, and olignonucleotides.

8.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

9.    The term "Siloxane Monolayer Product" means an HPLC product having a silica gel substrate to which is chemically bonded a monolayer of silicon atoms formed by reacting the hydrated surface of the substrate with a trifunctional silane.

10.    "Document" is synonymous in meaning and equal in scope with the broadest usage of this term in Rule 34, Fed. R. Civ. P., and shall include without limitation, any written,

printed, typed, recorded, filmed or graphic matter, however produced or reproduced, and any written or original, master, duplicate or copy. The term "document" shall include Electronic Data (as defined below), any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, result, impression, occurrence, opinion, report, or other similar matter, and also shall include, without limitation, all correspondence, papers, telegrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, charts, plans, diagrams, sketches or drawings, photographs, reports and/or summaries of investigations, studies, tests, experiments, trials and/or surveys, projections, corporate records, minutes of board of directors or committee meetings, desk calendars, appointment books, diaries, diary entries and notes, newspapers, magazines, or periodical articles and other records of any kind. A draft or non-identical copy is a separate document within the meaning of this term. Included in the definition of documents as used herein are files, file folders, books, and their contents, which should be produced together with the documents they contain.

11. "Electronic Data" means and includes, but is not limited to, originals and all copies of electronic mail ("e-mail"); activity listings of e-mail receipts and/or transmittals; audio or video recordings of any kind; computer programs (whether private, commercial, or a work-in-progress); programming notes or instructions; output resulting from the use of any electronic equipment or software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines; operating systems; source code of all types; batch files; ASCII files; and all miscellaneous electronic files and/or file fragments. Electronic data includes any and all information stored in hard disks, floppy disks, CD-ROM disks, DVD disks, Bernoulli disks and their equivalents, magnetic tapes of all kinds, optical storage media, and computer

ME1 6311693v.1

chips and memory chips. Electronic data also includes the file, folder tabs, containers or labels appended to any storage device containing electronic data.

12. "Things" means any tangible object other than a document and includes objects of every kind and nature, including, but not limited to, prototypes, models, samples and specimens.

13. "Person" or "persons" means any and/or all natural persons, individuals, corporations, partnerships, unincorporated associations, joint ventures, sole proprietorships, or any and/or all other organization of individuals or other legal or business entities.

14. A document or communication "referring to," "related to," "relating to" or "concerning" a given subject means any and all documents or communications that constitute, contain, embody, comprise, reflect, identify, state, refer to, connect with, deal with, comment on, respond to, describe, involve, or are in any way pertinent to that subject.

15. In construing these Requests, the plural shall include the singular, the singular shall include the plural, and a masculine, feminine, or neuter term shall include all other genders. The words "and" and "or" mean "and/or" and should be read both ways so as to encompass both constructions and call for answers to be provided to both constructions. The word "each" includes the word "every," and the word "every" includes the word "each." The word "any" shall be understood to include and encompass "all," and "all" should be interpreted to include and encompass "any."

16. These requests extend to all documents in the possession, custody and/or control of you, or in the possession, custody or control of persons or entities under your control.

17. In the event that more than one copy of a document exists, you shall produce a notarized copy of the original and each non-identical copy of each document or other tangible

4

thing requested herein which is in your possession, custody or control, or that of your agents, attorneys, accountants, employees or representatives.

18. All requested documents produced to UDTC shall be organized either to correspond to the categories in these requests, or as they are kept in the ordinary course of business. In either case:

(a) All documents shall be produced with all associated file labels, file headings, and file folders together with the responsive documents from each file, and each file shall be identified as to its owner or custodian;

(b) If produced in hard copy, all pages now stapled or fastened together shall be produced stapled or fastened together and shall include all attachments currently or previously appended to each document;

(c) If produced electronically, all attachments currently or previously appended to the electronic file shall be produced;

(d) All documents that cannot be legibly copied shall be produced in original form.

19. Pursuant to Fed. R. Civ. P. 26(e), these requests are deemed to be continuing in nature to the full extent required by the Federal Rules of Civil Procedure. If further responsive documents come into your possession or your attention or to the possession or attention of its attorneys at any time during the course of this proceeding, such documents must be produced as required by the Federal Rules of Civil Procedure.

20. To the extent that any document is produced in response to one of the following requests and is also responsive to a subsequent request, an additional copy of the document need not be supplied.

ME1 6311693v.1