AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UD TECHNOLOGY CORPORATION,

V.

PHENOMENEX, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] U.S. District Court of Delaware

C.A. No. 05-842 GMS

TO: Dr. Faizy Ahmed
10 Fairfield
Foothill Ranch, CA 92610

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Greenberg Taurig, 2450 Colorado Avenue, Suite 400E Santa Monica, CA 90404  (310) 586-7700 | 5/10/2007 9:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Greenberg Taurig, 2450 Colorado Avenue, Suite 400E Santa Monica, CA 90404  (310) 586-7700 | 5/10/2007 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] ESQ Counsel for Plaintiff | 4/16/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher A. Selzer, Esquire    McCarter & English LLP
919 North Market Street, Suite 1800, Wilmington, DE 19801    (302) 984-6300

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>Daniel M Silver ESQ<br>McCarter & English, LLP<br>919 North Market Street<br>Suite 1800<br>Wilmington, DE 19801<br>*Telephone No:* 302-984-6331    *FAX No:* 302-691-1260<br>dsilver@mccarter.com<br>*Attorney for:* Plaintiff | *For Court Use Only* |

*Ref. No. or File No.:*

*Insert name of Court, and Judicial District and Branch Court:*
UNITED STATES DISTRICT COURT

*Plaintiff:* UD Technology Corporation
*Defendant:* Phenomenex, Inc

| PROOF OF SERVICE<br>SUBPOENA IN A CIVIL | *Hearing Date:*<br>Thu, May. 10, 2007 | *Time:*<br>9:00AM | *Dept/Div:* | *Case Number:*<br>C.A. No. 05-842 GMS |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA IN A CIVIL CASE

3. a. *Party served:*                          Dr. Faizy Ahmed
   b. *Person served:*                      party in item 3.a.
                                                         ME, M, 50, Blk, Brn, 5'8, 175

4. *Address where the party was served:*   10 Fairfield
                                                                       Foothill Ranch, CA 92610

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Tue., Apr. 17, 2007 (2) at: 7:15PM
   b. *I received this subpena for service on:*    Monday, April 16, 2007

6. *Witness fees were not demanded or paid.*

7. *Person Who Served Papers:*                                                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Surya Von Rosen                                              d. The Fee for Service was:   $85.00
   b. Premier Legal Solutions                                  e. I am: (3) registered California process server
      27 Cerrito                                                              (i) Owner
      Irvine, CA 92612                                                  (ii) Registration No.:   1505
   c. 949-480-1182, FAX 949-480-1217                  (iii) County:   Orange

State of California, County of Orange
Subscribed and sworn to (or affirmed) before me
on this 23rd day of April, 2007
by Surya von Rosen
personally known to me or proved to me on the
basis of satisfactory evidence to be the person(s)
who appeared before me.
Signature: _____


K. HUNTER
Commission # 1632019
Notary Public - California
Orange County
My Comm. Expires Dec 20, 2007

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: Tue, Apr. 17, 2007

Judicial Council Form                                    PROOF OF SERVICE                          (Surya Von Rosen)
Rule 982.9.(a)&(b) Rev January 1, 2007        SUBPOENA IN A CIVIL                                                                english2.4928

## EXHIBIT A

## DOCUMENTS REQUESTED

1. Any employment agreement between you and Phenomenex.

2. Any compensation agreement between you and Phenomenex.

3. Any settlement or other agreement of any nature between you and Phenomenex.

4. All documents and/or communications between you and Fasha Majhoor, Hafeez Fatunmbi, or Mary Wirth.

5. All documents, reports, data compilations, or records of whatever kind related to your work with or at Phenomenex.

6. All documents, notes, records and/or communications of any kind regarding the '625 Patent and any and all applications related thereto, including foreign applications or patents.

7. All documents, notes, records and/or communications of any kind regarding the technology set forth in the claims of the '625 Patent.

8. All notes, reports, or compilations of any kind made before, at or following any meeting with or regarding any communications, meetings and/or work with Hafeez Fatanmbi and Mary Wirth.

9. All documents, notes, data compilations, or records of any kind regarding Phenomenex's Jupiter brand of HPLC products, Siloxane Monolayer Products, or other Phenomenex products.

10. All documents between you and any other party arising from or related to Phenomenex's Jupiter brand of HPLC products, Siloxane Monolayer Products, or other Phenomenex Products.

## DEFINITIONS

1. The terms "you" or "your" mean you, Dr. Faizy Ahmed.

1

ME1 6311693v.1

2. The term "Phenomenex" means and includes Phenomenex, Inc. and any of its subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents, wholly or partially owned entities, present and former officers, directors, trustees, employees, staff members, agents, attorneys, consultants, and/or any other person or entity acting for Phenomenex or on Phenomenex's behalf.

3. "Patent" means any patent, patent application, patent publication, utility model, or industrial design.

4. The term "'625 patent" means U.S. Patent No. 5,599,625 and all patent applications to which the '625 patent claims priority.

5. The term "HPLC" means High Pressure Liquid Chromatography.

6. The term "Jupiter Product" means any HPLC product manufactured, marketed, sold, offered for sale and/or use by Phenomenex under or associated with the Jupiter™ trade mark.

7. The term "Phenomenex Product" shall mean any HPLC product manufactured, marketed, sold, offered for sale and/or used for the separation or purification of proteins, peptides, trypic digests, and olignonucleotides.

8. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

9. The term "Siloxane Monolayer Product" means an HPLC product having a silica gel substrate to which is chemically bonded a monolayer of silicon atoms formed by reacting the hydrated surface of the substrate with a trifunctional silane.

10. "Document" is synonymous in meaning and equal in scope with the broadest usage of this term in Rule 34, Fed. R. Civ. P., and shall include without limitation, any written,

2

printed, typed, recorded, filmed or graphic matter, however produced or reproduced, and any written or original, master, duplicate or copy. The term "document" shall include Electronic Data (as defined below), any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, result, impression, occurrence, opinion, report, or other similar matter, and also shall include, without limitation, all correspondence, papers, telegrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, charts, plans, diagrams, sketches or drawings, photographs, reports and/or summaries of investigations, studies, tests, experiments, trials and/or surveys, projections, corporate records, minutes of board of directors or committee meetings, desk calendars, appointment books, diaries, diary entries and notes, newspapers, magazines, or periodical articles and other records of any kind. A draft or non-identical copy is a separate document within the meaning of this term. Included in the definition of documents as used herein are files, file folders, books, and their contents, which should be produced together with the documents they contain.

11. "Electronic Data" means and includes, but is not limited to, originals and all copies of electronic mail ("e-mail"); activity listings of e-mail receipts and/or transmittals; audio or video recordings of any kind; computer programs (whether private, commercial, or a work-in-progress); programming notes or instructions; output resulting from the use of any electronic equipment or software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines; operating systems; source code of all types; batch files; ASCII files; and all miscellaneous electronic files and/or file fragments. Electronic data includes any and all information stored in hard disks, floppy disks, CD-ROM disks, DVD disks, Bernoulli disks and their equivalents, magnetic tapes of all kinds, optical storage media, and computer

chips and memory chips. Electronic data also includes the file, folder tabs, containers or labels appended to any storage device containing electronic data.

12. "Things" means any tangible object other than a document and includes objects of every kind and nature, including, but not limited to, prototypes, models, samples and specimens.

13. "Person" or "persons" means any and/or all natural persons, individuals, corporations, partnerships, unincorporated associations, joint ventures, sole proprietorships, or any and/or all other organization of individuals or other legal or business entities.

14. A document or communication "referring to," "related to," "relating to" or "concerning" a given subject means any and all documents or communications that constitute, contain, embody, comprise, reflect, identify, state, refer to, connect with, deal with, comment on, respond to, describe, involve, or are in any way pertinent to that subject.

15. In construing these Requests, the plural shall include the singular, the singular shall include the plural, and a masculine, feminine, or neuter term shall include all other genders. The words "and" and "or" mean "and/or" and should be read both ways so as to encompass both constructions and call for answers to be provided to both constructions. The word "each" includes the word "every," and the word "every" includes the word "each." The word "any" shall be understood to include and encompass "all," and "all" should be interpreted to include and encompass "any."

16. These requests extend to all documents in the possession, custody and/or control of you, or in the possession, custody or control of persons or entities under your control.

17. In the event that more than one copy of a document exists, you shall produce a notarized copy of the original and each non-identical copy of each document or other tangible

4

thing requested herein which is in your possession, custody or control, or that of your agents, attorneys, accountants, employees or representatives.

18. All requested documents produced to UDTC shall be organized either to correspond to the categories in these requests, or as they are kept in the ordinary course of business. In either case:

(a) All documents shall be produced with all associated file labels, file headings, and file folders together with the responsive documents from each file, and each file shall be identified as to its owner or custodian;

(b) If produced in hard copy, all pages now stapled or fastened together shall be produced stapled or fastened together and shall include all attachments currently or previously appended to each document;

(c) If produced electronically, all attachments currently or previously appended to the electronic file shall be produced;

(d) All documents that cannot be legibly copied shall be produced in original form.

19. Pursuant to Fed. R. Civ. P. 26(e), these requests are deemed to be continuing in nature to the full extent required by the Federal Rules of Civil Procedure. If further responsive documents come into your possession or your attention or to the possession or attention of its attorneys at any time during the course of this proceeding, such documents must be produced as required by the Federal Rules of Civil Procedure.

20. To the extent that any document is produced in response to one of the following requests and is also responsive to a subsequent request, an additional copy of the document need not be supplied.