IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UD TECHNOLOGY CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>PHENOMENEX, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 05-842-GMS<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF SUBPOENA

TO:    Michael P. Kelly, Esquire
        McCarter & English, LLP
        919 N. Market Street, Suite 1800
        P.O. Box 111
        Wilmington, DE 19899

PLEASE TAKE NOTICE that Phenomenex, Inc. has served the attached subpoena.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*

John W. Shaw (No. 3362)
Elena C. Norman (No. 4780)
Karen E. Keller (No. 4489)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kkeller@ycst.com
*Attorneys for Defendant Phenomenex, Inc.*

Dated: May 11, 2007

# Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| UD TECHNOLOGY CORPORATION | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | CASE NUMBER:[1]  05-842-GMS (D. Del) |
| PHENOMENEX, INC. | |

TO: University of Arizona
c/o Office of the General Counsel
Administration Building, Room 103
The University of Arizona
Tucson, AZ 85721

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Schedule A attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Young Conaway Stargatt & Taylor<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | 6/4/2007, 12:00 PM |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*/s/ Karen E. Keller* | DATE<br>5/3/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Karen E. Keller
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West St., 17th Floor
Wilmington, DE 19801
(302) 571-6600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

ATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A – University of Arizona
## DOCUMENTS TO BE PRODUCED

1. All documents and things referring or relating to the '625 patent, or the subject matter claimed therein.

2. All documents and things referring to Mary J. Wirth, including but not limited to, personnel files, lab notebooks, research files, research proposals, grant applications and awards, and agreements with the University of Arizona as they relate to the '625 patent or the subject matter of the '625 patent, including but not limited to self-assembled monolayers.

3. All communications between the University of Arizona or Mary J. Wirth and the University of Delaware related to the '625 patent or the subject matter of the '625 patent.

4. All communications between the University of Arizona or Mary J. Wirth and UDTC related to the '625 patent or the subject matter of the '625 patent.

5. All communications between the University of Arizona or Mary J. Wirth and RCT related to the '625 patent or the subject matter of the '625 patent.

6. All communications between the University of Arizona or Mary J. Wirth and any third party related to the '625 patent or the subject matter of the '625 patent.

7. All documents related to any research, development, or production by the University of Arizona of any product that use the subject matter set forth in the '625 patent.

8. All documents related to any licenses between the University of Arizona and any third party related to HPLC technology.

9. All documents related to any income of the University of Arizona or Mary J. Wirth from licenses to any third party related to HPLC technology.

## DEFINITIONS

1. The terms "UDTC" means Plaintiff UD Technology Corporation and includes any parents, predecessors (including specifically all entities acquired by UDTC), subsidiaries, affiliates, divisions, associated organizations, joint ventures, present and former officers, directors, trustees, employees, staff members, agents, or other representatives, including counsel and patent agents, in any country.

2. The term "RCT" means Research Corporation Technologies and includes any parents, predecessors (including specifically all entities acquired by RCT), subsidiaries, affiliates, divisions, associated organizations, joint ventures, present and former officers, directors, trustees, employees, staff members, agents, or other representatives, including counsel and patent agents, in any country.

3. The term "Phenomenex" means Defendant Phenomenex, Inc. or any officer, agent, representative, servant, employee, attorney, or other person or entity acting on its behalf.

4. The term "'625 Patent" means U.S. Patent No. 5,599,625.

5. The term "Document" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item. The term shall include, but not be limited to, all written, electronic, phonic, graphic, and recorded matter of every type and description and every tangible thing that is or has been in your possession, custody, or control, to which you have access, or of which you have knowledge. "Documents" shall also include, but shall not be limited to, the following items, whether printed or recorded or reproduced by hand: agreements,

contracts, leases, communications (including intra-organization communications), electronic mail, data from Personal Digital Assistants (including Palm Pilots, pagers, and other PDAs), correspondence, faxes, telegrams, cables, telexes, teletype messages, memoranda, records, books, diaries, notebooks, calendars (paper, electronic and otherwise), telephone and other logs, telephone and other bills, voicemail and transcriptions thereof, recorded distributions, forecasts, statistical statements, accounts, invoices, purchase orders, receipts, billing records, tapes, expense vouchers, minutes, summaries and other records of meetings, conferences, negotiations, conversations, investigations and interviews, sales brochures and literature, advertisements, price lists, trade letters, press releases, stenographic, handwritten and any other notes, projections, working papers, checks (front and back), check stubs and receipts, models, surveys, devices, pictures, photographs, films, computer records, data compilations, and voice and video recordings. "Documents" shall not be limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other storage device). A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "All Documents" means any and all documents that you can locate through a diligent search of all locations likely to contain documents requested herein and through reasonable inquiry of all persons likely to know of the existence of documents requested herein.

7. The term "Communication" shall refer to all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, press releases, computer mail, e-mail and all other documents evidencing any verbal or nonverbal interaction between persons and/or entities.

8. The terms "Relate To," "Relates To," "Related To," "Relating To," "Referring To" and "Regarding" mean constitute, include, comprise, consist of, refer, reflect, discuss, show, state, explain, contradict, provide context to, evidence, concern or be in any way logically or factually connected with the matter discussed or identified.

9. The terms "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests.

10. The term "any" or "each" should be understood to include and encompass "all."

11. The use of a verb in any tense shall be construed as including the use of the verb in all other tenses.

12. The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

## INSTRUCTIONS

The following instructions shall apply to each of the document requests herein:

1. In answering the following Document Requests, furnish all available information, including information in the possession, custody, or control of any of your attorneys, employees, representatives, associates, partners and persons under your control, who have the best knowledge, not merely information known to you based on your own personal knowledge.

2. Electronic records and computerized information must be produced in .TIF format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

3. Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each

document may be determined, if necessary.

4. File folders with tabs or labels, or directories of files identifying documents, must be produced intact with such documents.

5. Documents attached to each other shall not be separated.

6. If any information requested is claimed to be privileged, immune from discovery or otherwise not discoverable, please provide all information falling within the scope of the Document Request which is discoverable, and for each item of information contained in a document to which a claim of privilege is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

    a. the basis on which the privilege is claimed;

    b. the names and positions of the author of the document and all other persons participating in the preparation of the document;

    c. the name and position of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

    d. the date of the document;

    e. a description of any accompanying material transmitted with or attached to such document;

    f. the number of pages in such document;

    g. the particular Document Request to which such document is responsive; and

    h. whether any business or non-legal matter is contained or discussed in such document.

7.  If your response to a particular Document Request is a statement that you lack the ability to comply with that Document Request, you must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in your possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that information or category of information must be identified.

8.  If you contend certain requests require disclosure of trade secret or other confidential research, development, or commercial information, please mark them as such. Until a Protective Order is entered in this case, disclosure of any documents so marked "Confidential" will be treated in a confidential manner in accordance with D. Del. L.R. 26.2.

IN THE UNITED STATES DISTRICT COURT

STATE OF ARIZONA
UD TECHNOLOGY CORPORATION
vs
PHENOMENEX, INC.

CASE NO. 05-842-GMS
JUDGE (D. DEL)
HEARING DATE: 06/04/07 @ 12:00 pm

STATE OF ARIZONA          )
PIMA COUNTY               )

AFFIDAVIT OF SERVICE

THE AFFIANT, being sworn, states: That I am a private process server registered in PIMA COUNTY and an Officer of the Court. On 05/04/07 I received the SUBPOENA IN A CIVIL CASE; SCHEDULE A

from ATTORNEY'S PROCESS SERVICE, INT'L INC. and by ALESHA A. WALKER in each instance I personally served a copy of each document listed above upon: UNIVERISTY OF ARIZONA, BY SERVICE UPON OFFICE OF THE GENERAL COUNSEL on 05/04/07 at 12:17 pm at 1403 E. University #103 Tucson AZ PIMA COUNTY in the manner shown below:

by leaving true copy(ies) of the above documents with LYNN WOOD, DEPUTY GENERAL COUNSEL, STATED AUTHORIZED TO ACCEPT.

Description: WHITE, Female, Approx. 58 yrs. of age, 5' 7" tall, Weighing 160lbs., BROWN Eyes, BROWN Hair.

/s/STEVEN HIERATH, ACPS
Affiant
Sworn to before me the  May 7, 2007

/s/Patricia Cervantez
Notary

My Commission expires: 11/05/2007

INV. # 1157909 1654
CLIENT COPY

**CERTIFICATE OF SERVICE**

I, Karen E. Keller, Esquire, hereby certify that on May 11, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Michael P. Kelly, Esquire
> Christopher A. Selzer, Esquire
> McCarter & English, LLP
> 919 N. Market Street, Suite 1800
> P.O. Box 111
> Wilmington, DE 19899

I further certify that I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following counsel in the manner indicated below:

> BY FEDERAL EXPRESS
>
> Eric E. Grondahl, Esquire
> McCarter & English LLP
> CityPlace 1
> 185 Asylum Street
> Hartford, CT 06103

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/ Karen E. Keller
> _____
> John W. Shaw (No. 3362)
> Elena C. Norman (No. 4780)
> Karen E. Keller (No. 4489)
> Monté T. Squire (No. 4764)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE 19801
> (302) 571-6600
> kkeller@ycst.com